**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

KI SAU CHAN,
Plaintiff-Appellant,
v.
VALLEY HEALTH SYSTEM, INC.; VALLEY HOSPITAL; VALLEY MEDICAL GROUP; HOSPITAL FOR SPECIAL SURGERY; PRISM VISION GROUP; DR. ANDREW ELLIOTT, M.D.; DR. KYRA BERNSTEIN, M.D.; DR. HARRY OWUSU-DAPAAH, M.D.; DR. CARL WINKLER, M.D.; DR. JUXHESTA CAKRANI, M.D.; DR. ELENA NG, M.D.; JULIE ZAVADENKO, APN; ELIZABETH SATTELY, RN; GIZEM AKKUS, RN; TELISHA CALASSE, RN; and JOHN/JANE DOES 1–50.,
Defendants-Appellees.

Case No.: 26-3345

On Appeal from the United States District Court for the District of New Jersey Case No.: 2:26-cv-03358-MCA-AME

On behalf of defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, APN, Elizabeth Sattely, RN, Gizem Akkus, RN, and Carl Winkler, MD., (hereinafter "The Valley defendants") please accept the following letter brief requesting summary action of appellant's emergency motion for injunction pending appeal and appellant's appeal of the order dated August 28, 2026. Pursuant to Order dated October 15, 2026, the parties are permitted to submit written arguments regarding the possibility of summary action, which is appropriate in this case requiring dismissal of appellant's applications.

Pursuant to Chapter 10.6 of the Internal Operating Procedures of the United States Court of Appeals for the Third Circuit, the court, sua sponte, may take summary action if it clearly appears that no substantial question is presented or that subsequent precedent or a change in

circumstances warrants such action. A substantial question requires that the issues are debatable among jurists of reason or the questions are adequate to deserve encouragement to proceed further. United States v. Smith, 793 F. 2d 85, 89 (3d. Cir. 1986). Both appellant's appeal and emergency motion are ripe for summary action, and both should be dismissed as there is no substantial question presented or change in circumstances.

By way of background, appellant sought a preliminary injunction to restrain the defendants from disseminating behavioral flags or alerts contained within their medical records and to preserve all medical records. On July 6, 2026, an order was entered ruling that a motion for a preliminary injunction is an extraordinary remedy designed to maintain the status quo. not a mechanism to bypass the standard framework of the Federal Rules of Civil Procedure. "Plaintiff's request for the immediate disclosure, production, and restriction on the use of these entries involves matters properly categorized as prejudgment discovery. Accordingly, the request for production is DEFERRED to the discovery process." See Exhibit A. Appellant did not seek reconsideration of that order and is barred from doing so because more than 14 days have passed since the order was entered. F.R.C.P.7.1(i) Nevertheless, plaintiff ignored that order and filed another motion seeking the same relief. On August 28, 2026 appellant's second motion for a preliminary injunction was denied. See Exhibit B. Appellant appealed that order and recently filed a motion for an emergency injunction pending the disposition of the appeal.

Appellant requests an order that the defendants: (1) shall not rely upon, use or disseminate any behavioral, psychiatric or patient conduct flags or alerts; and (2) defendants shall continue to preserve their electronically stored information.

The District Court by way of order dated July 6, 2026 reminded counsel of their strict ongoing ethical and professional obligation to ensure the preservation of all potentially relevant

documents and electronically stored information. See Exhibit A. Similarly, on August 28, 2026, the Court reinforced that obligation. See Exhibit B. Even before these orders were entered, however, The Valley defendants agreed to maintain all records consistent with statutory and regulatory requirements. See Exhibit C. Therefore, this prong of the appeal and emergent application are moot and certainly does not rise to the level of a substantial question.

Next, appellant seeks an order prohibiting the defendants from relying upon or disseminating any behavioral flags or alerts. This too does not rise to the level of a substantial question. In the underlying District Court action and in the state court action where appellant previously sought a preliminary injunction, appellant was advised by counsel for The Valley defendants and by the Risk Manager of The Valley Hospital that no behavioral flags or alerts exist in her medical records. See Exhibit C. To that end, appellant was provided with a signed Certification of The Valley Hospital Risk Manager stating, "There are no flags or alerts in plaintiff's electronic medical chart", "There are no undisclosed behavioral, psychiatric or similar flag or alert entries contained within plaintiff's electronic medical record." See Exhibit C. The sole basis for appellant's claim is that she believes that a separate institution, Hospital for Special Surgery, inserted flags or alerts into their records which were somehow carried over to The Valley Hospital records. Despite being advised that there are no flags or alerts in The Valley Hospital records, appellant continues to seek inappropriate relief. This relief and this lawsuit are premised on nothing more than appellant's belief that flags exist. Even if appellant does not accept the Cortication from The Valley Hospital, she has copies of The Valley Hospital medical records which do not contain any flags or alerts. The Valley defendants cannot be ordered to disclose and produce information which does not exist. The Valley Hospital has certified that all records have been produced, and the records do not contain any behavioral flags or alerts.

Simply because appellant believes that flags or alerts exist, does not mean that they do exist in The Valley records. This point is moot as there is nothing for defendants to rely upon or disseminate.

Appellant cannot meet the standards required for emergent relief or for an injunction. To obtain a preliminary injunction, the moving party must show as a prerequisite: (1) a reasonable probability of eventual success in the litigation (2) that it will be irreparably injured if relief is not granted, (3) the possibility of harm to other interested persons from the grant or denial of the injunction and (4) the public interest. Reilly v. City of Harrisburg, 858 F. 3d 173, 175 (3d Cir., 2017). A preliminary injunction is an extraordinary remedy never awarded as of right. Id. A preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. Id.

First, from the multiple filings from appellant as well as the motions to dismiss filed by numerous codefendants it is evident that appellant's likely success on the merits is weak. Appellant cannot establish success on the merits where a signed Certification from The Valley Hospital and response from counsel for The Valley defendants have confirmed that no flags or alerts exist in her medical records and her records will be preserved in accordance with New Jersey laws. See Exhibit C.

Appellant admits that she has the records but has not and cannot produce any documentation supporting her allegations. Rather, she baselessly makes incorrect statements that the flags exist, and the medical providers relied upon them. On the contrary, a sworn Certification from The Valley Hospital Risk Manager confirmed there are no undisclosed behavioral flags, and counsel has confirmed this as well[1].

[1] Despite plaintiff's arguments, the statements from Valley are not contradictory on this issue but are clear and concise that no such records exist

Second, appellant will not suffer irreparable injury. Appellant's allegations cannot be speculative or based on a remote future injury. Eads v. Federal Bureau of Prisons, 2021 U.S. District Lexis 53217 (D.N.J. March 22, 2021). While many future events are conceivable, plaintiff must show more to meet his burden as to immediate irreparable harm. Id at 9. "A showing of irreparable harm is insufficient if the harm will occur only in the indefinite future." Id. Injunctive force may be unleashed only against conditions generating a presently existing actual threat, it may not be based simply to eliminate a possibility of a remote future injury or a future invasion of rights. Holiday Inns of America, Inc. v. B.B. Corp, 409 F. 2d 614. 618 (3d. Circ. 1969). As case law states, a potential or possible remote future injury does not suffice. Appellant argues that in the future, she may require medical care and in the future that medical care may be compromised because of the flags. Because the flags don't exist, compromised future medical care is not a possibility. But future, unknown, speculative injury cannot be the basis to support an irreparable harm claim.

Third, appellant does not even attempt to argue that there is the possibility of harm to other interested persons from the grant or denial of the injunction. Finally, the public interest must be affected by the injunction. Here the public will be affected if the preliminary injunction is granted. The balancing of equities weighs in favor of the defendants. A terrible precedent would be set if patients were entitled to come to court anytime, they disagreed with their interpretation of the medical records and sought judicial intervention under baseless circumstances. Also, every time appellant submits motions and appeals in this case, the defendants, including the practicing nurses and doctors as well as the administration of The Valley Hospital, is affected which ultimately can alter overall patient care. These endless motion requests from appellant are extremely time-consuming and expensive for the defendants to

oppose. Instead of focusing on patient care, the focus will have to be responding to limitless litigation requests which is truly unfortunate because the records speak for themselves and concretely show that there are no behavioral flags or alerts, which is the sole basis of appellant's claim.

Appellant's arguments present little more than her disagreement with the District Court's prior orders but does not present a substantial question for review. On the contrary, this matter is ripe for summary action and for dismissal of the appeal and motion for emergent relief.

Respectfully submitted,

/s/ Evelyn C. Farkas
Evelyn C. Farkas, Esq.

cc: All Counsel of Record (via e-filing)
Pro Se Plaintiff (via Certified Mail-RRR)

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

KI SAU CHAN,
Plaintiff-Appellant,
v.
VALLEY HEALTH SYSTEM, INC.; VALLEY HOSPITAL; VALLEY MEDICAL GROUP; HOSPITAL FOR SPECIAL SURGERY; PRISM VISION GROUP; DR. ANDREW ELLIOTT, M.D.; DR. KYRA BERNSTEIN, M.D.; DR. HARRY OWUSU-DAPAAH, M.D.; DR. CARL WINKLER, M.D.; DR. JUXHESTA CAKRANI, M.D.; DR. ELENA NG, M.D.; JULIE ZAVADENKO, APN; ELIZABETH SATTELY, RN; GIZEM AKKUS, RN; TELISHA CALASSE, RN; and JOHN/JANE DOES 1–50.,
Defendants-Appellees.

Case No.: 26-3345

On Appeal from the United States District Court for the District of New Jersey Case No.: 2:26-cv-03358-MCA-AME

**CERTIFICATION OF COUNSEL**

Evelyn C. Farkas, Esq., of full age, by way of Certification in lieu of oath or affidavit, says:

1. I am a partner with Farkas & Donohue, LLC, attorneys for defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, APN, Elizabeth Sattely, RN, Gizem Akkus, RN, and Carl Winkler, MD. As such, I am fully and personally familiar with the facts of this medical malpractice matter.

2. I am admitted or otherwise authorized to practice in this Court.

3. Attached hereto as Exhibit A is the District Court Order dated July 6, 2026.

4. Attached hereto as Exhibit B is the District Court Order dated August 28, 2026.

5. Attached hereto as Exhibit C is the Certification of Janet Zicarelli, RN, Esq. Dated February 25, 2026

I certify that the foregoing statements made by me at true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**FARKAS & DONOHUE, LLC**
Attorneys for Defendants,
The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, APN, Elizabeth Sattely, RN, Gizem Akkus, RN, and Carl Winkler, MD

/s/ Evelyn C. Farkas
By: ______________________________
Evelyn C. Farkas, Esq.

Dated: October 21, 2026

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KI SAU CHAN,**<br>***Plaintiff,***<br>**v.**<br>**VALLEY HEALTH SYSTEM, INC., *et al.*,**<br>***Defendants.*** | **Civil Action No. 26-3358**<br>**ORDER** |

**THIS MATTER** having come before the Court upon pro se Plaintiff Ki Sau Chan's ("Plaintiff") Motion for Preliminary Injunction ("Motion") pursuant to Federal Rule of Civil Procedure 65(a) seeking an order compelling Defendants to preserve and produce certain "flag" and "alert" entries, behavioral notations, audit trails, and access logs, and to enjoin Defendants from relying upon or disseminating the same, see ECF No. 51;

and the Court having considered the submission;

and for good cause shown;

**IT IS** on this 6th day of July, 2026,

**ORDERED** that, as to the request for preservation, all counsel are reminded of their strict, ongoing ethical and professional obligations to ensure the preservation of all potentially relevant documents, electronically stored information ("ESI"), and physical evidence during the pendency of this litigation..[1] This obligation encompasses—but is not limited to—the specific flag and alert entries, behavioral notations, audit trails, access logs, and records relating to the haloperidol administration

[1] The Court notes that a formal preservation order from this Court at this juncture would be largely cumulative. In the parallel state court action involving purportedly these same underlying events, the presiding state court judge appears to have already entered an order compelling the preservation of all documents and records. See ECF No. 51, Ex A. Counsel are expected to maintain the highest standards of professional conduct across both jurisdictions to ensure the integrity of the evidentiary record.

and Foley catheter insertion identified in Plaintiff's Motion. While the law already imposes a self-executing duty to preserve evidence once litigation is reasonably anticipated, counsel are reminded that a failure to meet these ethical duties may result in sanctions. Counsel shall take all necessary proactive steps to ensure no alteration, deletion, or overwriting of metadata occurs; and it is further

**ORDERED** that, as to the request for production and disclosure, a motion for a preliminary injunction is an extraordinary remedy designed to maintain the status quo, not a mechanism to bypass the standard framework of the Federal Rules of Civil Procedure. Plaintiff's request for the immediate disclosure, production, and restriction on the use of these entries involves matters properly categorized as pre-judgment discovery. Accordingly, the request for production is **DEFERRED** to the discovery process; and it is further

**ORDERED** that, to ensure these critical discovery issues are addressed with the utmost efficiency and speed, this matter is hereby referred to the assigned Magistrate Judge, who shall promptly schedule a Rule 16 initial scheduling conference so that the parties may use that conference to discuss the scope, protocol, and targeted timeline for the production of the requested ESI, audit trails, and associated metadata; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff via certified mail.

**SO ORDERED.**

***s/ Madeline Cox Arleo***

**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 4066
NEWARK, NJ 07101
973-297-4903

August 28, 2026

VIA ECF
All Counsel of Record
Ki Sau Chan, pro se
403 Mcguigan Place
Harrison, NJ 07029
ki.chan@alumni.stanford.edu

**LETTER ORDER**

**Re: Chan v. Valley Health System, Inc. et al.**
**Civil Action No. 26-3358**

Dear Litigants:

Before the Court is pro se Plaintiff Ki Sau Chan's ("Plaintiff") Renewed Motion for a Preliminary Injunction ("Renewed Motion") pursuant to Federal Rule of Civil Procedure 65. See ECF No. 81. For the reasons set forth below, Plaintiff's Renewed Motion is **DENIED**.

On June 26, 2026, Plaintiff filed a motion for a preliminary injunction pursuant to Rule 65(a) seeking an order compelling Defendants to preserve and produce certain "flag" and "alert" entries, behavioral notations, audit trails, and access logs, and to enjoin Defendants from relying upon or disseminating the same. See ECF No. 51. On July 6, 2026, this Court issued an order on Plaintiff's request for preservation, production, and disclosure. See ECF No. 56.

As to the request for preservation, the Court reminded all counsel of their strict, ongoing ethical and professional obligations to ensure the preservation of all potentially relevant documents, electronically stored information, and physical evidence during the pendency of this litigation. See id. at 1–2. The Court further noted that federal law already imposes a self-executing duty to preserve evidence once litigation is reasonably anticipated, and counsel shall take all necessary proactive steps to ensure no alteration, deletion, or overwriting of metadata occurs. See id. at 2. The Court also stated that a formal preservation order would be largely cumulative, as there existed a parallel state court action involving these same underlying events, and the presiding state court judge appeared to have already entered an order compelling the preservation of all documents and records. See ECF No. 51, Ex A.

Plaintiff's Renewed Motion claims that the parallel state court action has been dismissed without prejudice. See ECF No. 81, at 1. Plaintiff argues that, because the state action is no longer

in effect, the "circumstance on which this Court's deferral rested has ceased to exist." See id. at 4. Thus, in Plaintiff's eyes, "no order now bars Defendants from relying upon or disseminating the flag entries." See id.

The dismissal of the state court action does not warrant an additional order here. The federal obligation to preserve evidence is absolute, independent, and attaches automatically by operation of law, meaning the absence of a parallel state court order does not diminish Defendants' ethical obligations and obligations under the Federal Rules of Civil Procedure. All counsel and parties are again reminded of their preservation duties as per the Court's July 6 Order.

Plaintiff also seek a preliminary order barring Defendants from disseminating any "red flag" issues, and other documents related to his healthcare. But Plaintiff has failed to demonstrate reasonable probability of success on a claim that would provide such relief; or how the denial of such relief would cause irreparable harm, since such allegations are hypothetical and speculative. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (citations and quotations omitted) (stating "[e]stablishing a risk of irreparable harm is not enough" and emphasizing the "requisite feared injury or harm must be irreparable—not merely serious or substantial"). Subjective fear or anxiety regarding future medical encounters does not constitute objective, imminent, and non-speculative legal injury under the federal rules. See Fed. R. Civ. P. 65(b)(1)(A) (requiring "immediate and irreparable injury, loss, or damage").

For the foregoing reasons, Plaintiff's Renewed Motion, ECF No. 81, is **DENIED**. The Clerk of the Court is **ORDERED** to serve a copy of this Order upon Plaintiff via certified mail.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT C

Case: 26-3345 Document: 15 Page: 16 Date Filed: 10/21/2026

**FARKAS & DONOHUE, LLC**
Eileen M. Kavanagh, Esq. – 031901994
25 A Hanover Road, Suite 320
Florham Park, New Jersey 07932
973-443-9400
973-443-4330 – Fax
Attorneys for Defendants, Valley Health System, Valley Hospital, and Valley Medical Group
Our File No: VH-349

| | |
|---|---|
| KI SAU CHAN,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM; VALLEY HOSPITAL; VALLEY MEDICAL GROUP; and JOHN/JANE DOES 1-50,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br>DOCKET NO.: BER-L-3-26<br><br>Civil Action<br><br>**CERTIFICATION OF JANET M. ZICARELLI, R.N., ESQ.** |

I, Janet M. Zicarelli, Esq., R.N., CPHRM, CPPS, by way of supplemental Certification in lieu of oath or affidavit, says:

1. It is unclear what "flag" or "alert" entries plaintiff is referring to but all electronic medical records have been produced to the plaintiff.

2. There are no "flags" or "alerts" in plaintiff's electronic medical record.

3. Upon information and belief, there are no undisclosed "flag or alert entries, behavioral notations, psychiatric designation or similar alerts in plaintiff's electronic medical record maintained by the defendants".

4. The Valley Hospital provided plaintiff with a complete copy of her electronic medical record.

5. There is no other separate electronic medical record maintained by The Valley Hospital which has not been produced to the plaintiff.

6. There are no "undisclosed behavioral, psychiatric or similar 'flag' or 'alert' entries" contained within plaintiff's electronic medical record.

7. The Valley Hospital has complied with plaintiff's record request.

8. The Valley Hospital will maintain plaintiff's electronic medical records in compliance with the statutory and regulatory guidelines established by the State of New Jersey.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 25, 2026

By: [signature]
Janet M. Zicarelli, Esq., R.N., CPHRM, CPPS.