**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

**No. 26-3345**

KI SAU CHAN, Plaintiff-Appellant,
v.
VALLEY HEALTH SYSTEM, INC., et al., Defendants-Appellees.

On Appeal from the United States District Court for the District of New Jersey,
No. 2:26-cv-03358-MCA-AME

# APPELLANT'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL (DOC 8) AND IN OPPOSITION TO SUMMARY ACTION

Appellant Ki Sau Chan replies to the Valley defendants' letter brief (Doc 15), which opposes her Emergency Motion for Injunction Pending Appeal (Doc 8) and asks for summary action. Valley's entire argument rests on one premise: that "no behavioral flags or alerts exist." Valley's own sworn record says otherwise. On February 5, 2026, its Director of Risk/Claims Management certified under penalty of punishment that "any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient." Twenty days later, after counsel asked her to draft a supplemental certification "to specifically combat plaintiff's statements," the same declarant certified that no flags exist at all. Valley filed only the later certification in this Court and withheld the earlier one. The two cannot both be true. A party that asks for summary disposition on a disputed fact is not entitled to present half the record.

Appellant/Plaintiff has no diagnosis of any psychiatric condition, and no psychiatric evaluation, treatment, or even a psychiatric referral, in her entire life — particularly not one warranting antipsychotics. Moreover, to date, defendants have produced NO document whatsoever to the contrary since litigation began almost a year ago.

**I. Valley Withheld Its Own Sworn Admission of the Flags From This Court.**

For more than six months after Appellant's August 12, 2025 surgery, Valley acknowledged that the flags exist, while using HIPAA as a shield not to produce them to Appellant. Three Valley representatives made that acknowledgment in writing. On November 12, 2025, Privacy Officer Connie Wright wrote that "any such tools or logs are not part of your or any other patient's designated record set." (**Ex. B**.) On February 5, 2026, Janet M. Zicarelli, Valley's Director of Risk/Claims Management **and herself an attorney,** certified under penalty of punishment that "any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient." (**Ex. A** ¶ 5.) On February 6, 2026, Valley's counsel, Robert G. Veech III, told the state court the same. (**Ex. C** at 3.) None of them denied the flags existed. Each used HIPAA's "designated record set" definition as a shield against producing them.

Ms. Zicarelli did not merely mention "potential flags." She took Ms. Wright's November 12, 2025 statement and swore to it as her own. Ms. Wright had written that the flag and alert entries "are not part of your or any other

patient's designated record set" and are "not "records" used, whether in whole or in part, to make decisions about individuals." (**Ex. B**.) Ms. Zicarelli swore to the identical position: the items Appellant requested were "not a part of the designated medical record," and "any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient." (**Ex. A** ¶ 5.) That is a sworn admission that the flags exist. Valley never said they did not exist. It said only that they sat outside the designated record set, and used HIPAA as a shield to keep them from Appellant. Then, twenty days later, Valley's same Director of Risk/Claims Management swore they do not exist at all.

On February 24, 2026, Eileen M. Kavanagh entered an appearance for Valley in the state court. The next day, February 25, 2026, Ms. Zicarelli reversed her own sworn statement: "It is unclear what "flag" or "alert" entries plaintiff is referring to but all electronic medical records have been produced to the plaintiff." (Doc 15, **Ex. C** ¶ 1.) She then certified: "There are no "flags" or "alerts" in plaintiff's electronic medical record." (Id. ¶ 2.) Ms. Kavanagh later wrote that she asked Ms. Zicarelli to draft that certification "to specifically combat plaintiff's statements." (**Ex. D** at 2.) Both certifications were sworn under penalty of punishment for willfully false statements. They cannot both be true. **The February 25 certification is false.**

Ms. Kavanagh, who obtained the February 25 certification, has not appeared in this Court. Evelyn C. Farkas, co-founder of Farkas & Donohue, now

files Doc 15, which attaches the February 25 certification and omits Ms. Zicarelli's February 5 certification. It is attached here as **Exhibit A**.

Valley attaches only the February 25, 2026 supplemental certification of its Director of Risk/Claims Management, Janet M. Zicarelli (Doc 15, **Ex. C**). **It omits her February 5 certification, which states:**

> "In fact, on November 12, 2025, our HIPAA compliance Manager and Privacy Officer, Connie Wright, advised plaintiff that the items she was requesting was not a part of the designated medical record. She was also advised that any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient." (**Ex. A**, Zicarelli Cert., Feb. 5, 2026, ¶ 5).

The next day, Valley's counsel, Robert G. Veech III, who has now appeared in this Court (Doc 13), told the state court:

> "Specifically, defendants advised plaintiff that such "flags" and "alerts" are **not used for purposes of rendering medical judgment/decisions as to the care and treatment of the patient.**" (**Ex. C**, Valley Opp'n Br., Feb. 6, 2026, at 3 (emphasis in original)).

In the same brief, counsel argued that "defendants are not legally obligated to maintain such notations as part of the designated record set, pursuant to HIPAA." (Id. at 3.) A party does not explain how it uses, and where it keeps, entries that do not exist.

The February 25 supplemental certification does not retract these statements. It is limited to "plaintiff's electronic medical record" (¶¶ 2, 3, 6), which is the designated record set that Valley had already said the flags are kept outside of. Its broadest denial is made only "[u]pon information and belief" (¶ 3),

not on personal knowledge. And Valley's counsel, Eileen M. Kavanagh, later told the state court why it was written:

> "Because plaintiff repeatedly stated in her prior papers that Valley inferred that flags or alerts existed, **I asked Janet Zicarelli to draft a supplemental Certification to specifically combat plaintiff's statements** and put this matter to rest, which it did." (**Ex. D**, Valley Reply Ltr., Mar. 23, 2026, at 2 (emphasis added)).

Valley's footnote asserts that its statements "are not contradictory on this issue but are clear and concise that no such records exist." (Doc 15 at 4 n.1.) The Court can compare the documents. A certification drafted by litigation counsel "to specifically combat" the opposing party, contradicting the same declarant's earlier sworn statement, does not end a factual dispute. It creates one. Valley's footnote does not quote the February 5 certification, because the two cannot be reconciled. At a minimum, a party that asks this Court to dispose of an appeal summarily on a disputed fact owes the Court the complete record on that fact. Valley did not provide it. The Court should give the February 25 certification no weight.

Valley's counsel also wrote: "Plaintiff cannot be allowed to make slanderous statements against Janet Zicareeli [sic], an officer of the Court as well as defense counsel, with utterly baseless assertions." (**Ex. D** at 2.) Ms. Kavanagh's accusation is ludicrous, baseless, groundless, meritless and utterly false. **Appellant has every right to point out that two sworn certifications by the same declarant are mutually exclusive.** In her first certification, Ms. Zicarelli addressed the flags directly: she swore that "the items she was

requesting was not a part of the designated medical record," and that "any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient." (**Ex. A** ¶ 5.) Valley used that position, with HIPAA as a shield, to avoid producing the flags. Twenty days later, in her second certification, she swore the opposite: "It is unclear what "flag" or "alert" entries plaintiff is referring to but all electronic medical records have been produced to the plaintiff," and "There are no "flags" or "alerts" in plaintiff's electronic medical record." (Doc 15, **Ex. C** ¶¶ 1–2.) A declarant cannot swear how flags were used and then swear she does not know what the flags are. If that is not perjury, Appellant does not know what is. By Valley's own description, the declarant is a lawyer and "an officer of the Court." So is Valley's counsel, who by her own account directed the second certification "to specifically combat plaintiff's statements." Both swore an oath to uphold the Constitution and the law. That is not slander. It is the record.

Appellant declares under penalty of perjury, 28 U.S.C. § 1746, that based on **Exhibits A through D**, she believes Ms. Zicarelli's February 25, 2026 certification is perjury, and that Ms. Kavanagh suborned that perjury by directing it "to specifically combat plaintiff's statements."

For the same reason, Valley's point that Appellant "has copies of The Valley Hospital medical records which do not contain any flags or alerts" (Doc 15 at 3) proves nothing. Valley itself said the flags are kept outside the designated record set it produced. The records Valley chose to produce would not

be expected to show them.

**II. Valley Hides Behind the Discovery Deferral While Blocking Discovery.**

Valley quotes the July 6, 2026 Order (Dkt. 56): “the request for production is DEFERRED to the discovery process.” (Doc 15 at 2.) **Valley leaves out the next paragraph of that Order,** which referred the matter to the Magistrate Judge, who “shall promptly schedule a Rule 16 initial scheduling conference so that the parties may use that conference to discuss the scope, protocol, and targeted timeline for the production of the requested ESI, audit trails, and associated metadata.” (Dkt. 56 at 2.) No conference has ever been held. No scheduling order has ever entered.

When Appellant asked all counsel for a Rule 26(f) conference on October 19, 2026, Valley’s counsel, Eileen M. Kavanagh, replied: “I am willing to meet and confer next Tuesday, October 27th at 1 pm However, I will not commit to a discovery schedule until the Court orders one.” (**Ex. E**, Kavanagh Email, Oct. 20, 2026.) Valley cannot rely on a deferral to “the discovery process” while declining to take part in that process, and then tell this Court there is no evidence. Valley controls every flag, audit trail, and access log at issue. It has produced none of them in over a year, and it now argues that Appellant cannot prove what Valley alone holds.

Valley also says Appellant was barred from renewing her motion because she did not seek reconsideration within 14 days, citing “F.R.C.P. 7.1(i).” (Doc 15 at 2.) There is no such Federal Rule; Local Civil Rule 7.1(i) governs

reconsideration. The renewed motion (Dkt. 81) did not seek reconsideration. It rested on a changed circumstance: Dkt. 56 declined a preservation order as "largely cumulative" because the state court "appears to have already entered an order compelling the preservation of all documents and records" (Dkt. 56 at 1 n.1), and that state action was dismissed on June 23, 2026, extinguishing that order. Dkt. 86 itself reached the renewed motion on the merits.

**III. The Preservation Prong Is Not Moot.**

Valley says preservation is moot because it "agreed to maintain all records consistent with statutory and regulatory requirements." (Doc 15 at 3.) The certification it cites promises only to maintain "electronic medical records in compliance with the statutory and regulatory guidelines established by the State of New Jersey." (**Ex. C** ¶ 8.) That is a records-retention schedule for the designated record set. It is not a litigation hold on the flag and alert entries, audit trails, access logs, and metadata that Valley says sit outside that record, and that Dkt. 56 specifically identified. A defendant claiming mootness through its own voluntary conduct bears a "heavy burden." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000). A reminder of counsel's general duties (Dkts. 56, 86) is not an enforceable order, and Valley offers no binding commitment.

**IV. Valley Applies the Wrong Standard and Ignores Completed Harm.**

Valley's own authority defeats it. Under Reilly v. City of Harrisburg, 858 F.3d 173 (3d Cir. 2017), likelihood of success means a showing "significantly

better than negligible but not necessarily more likely than not." Id. at 179. Valley's sworn admissions alone clear that bar.

Valley repeats the error in Dkt. 86, treating the harm as "future, unknown, speculative injury." (Doc 15 at 5.) The harm has already occurred. As set out in Doc 8 and Doc 6 ¶ 7, Appellant's acute appendicitis was downgraded to "chronic," emergency imaging was repeatedly canceled while she was still hospitalized in severe pain, her appendectomy was delayed four days, and her appendix perforated and became gangrenous with septic complications. Haloperidol was given and a Foley catheter was inserted into her genitals while she was unconscious, without consent. Valley's counsel told the state court the haloperidol was given "as needed for nausea" (Valley Opp'n Br., Feb. 6, 2026, at 4), but the anesthesia record documents no nausea. The same pattern has repeated at linked institutions each time her chart is accessed (Doc 6 ¶¶ 8–9). That is a "presently existing actual threat," Holiday Inns of Am., Inc. v. B.B. Corp., 409 F.2d 614, 618 (3d Cir. 1969), not a remote possibility. Dkt. 86 required "immediate and irreparable injury, loss, or damage" under Fed. R. Civ. P. 65(b)(1)(A), the standard for an ex parte temporary restraining order, though Appellant's motion was noticed under Rule 65(a). Valley does not respond to any of these facts. It does not address the delayed appendectomy, the perforation, the haloperidol, or the Foley catheter. It does not address the evidence in **Exhibits A**–AK to Doc 8. Its silence concedes them.

**V. The Balance of Harms and the Public Interest Favor Relief.**

If, as Valley insists, no flags exist, an order barring reliance on them costs Valley nothing. Valley identifies no burden from the relief actually requested, only the cost of litigating. Valley's only claimed harm is that it must answer Appellant's motions. (Doc 15 at 5–6.) Litigation expense is not cognizable harm to the opposing party, and it does not outweigh a patient's safety in emergency care. The public interest favors accurate medical records and care that is not shaped by undisclosed entries made after a patient's protected complaints.

**VI. This Is a Civil-Rights and Intentional-Tort Case, Not Malpractice.**

Valley's counsel certifies that she is familiar with "the facts of this medical malpractice matter." (Doc 15, Farkas Cert. ¶ 1.) It is not one. Valley's own counsel told the state court that "plaintiff has not filed a medical malpractice action." (Valley Opp'n Br., Feb. 6, 2026, at 4 (emphasis omitted).) Appellant's claims arise from intentional conduct: flags placed after her protected patient-safety complaints, and their continuing use to deny her care. Appellant, as the plaintiff, is the master of her complaint and chooses the claims she brings. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Valley's repeated attempts to recast her civil-rights complaint as a malpractice case violate that right and the complaint actually pleaded.

**VII. Summary Action Is Inappropriate.**

Valley's own standard asks whether the issues are "debatable among jurists of reason." (Doc 15 at 2, citing United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986).) A district court order that decided a noticed Rule 65(a) motion under

the Rule 65(b) standard, before the opposition deadline, without addressing the record, while sworn statements of the opposing party conflict on the central fact, presents a substantial question. For the reasons here and in Doc 11, Appellant asks the Court to deny summary action, grant the Emergency Motion (Doc 8), and set expedited briefing, or in the alternative to vacate Dkt. 86 and remand.

Dated: October 22, 2026

Respectfully submitted,

/s/ Ki Sau Chan
Ki Sau Chan, Appellant, pro se
403 Mcguigan Place
Harrison, NJ 07029
ki.chan@alumni.stanford.edu

## CERTIFICATE OF COMPLIANCE

This reply complies with Fed. R. App. P. 27(d)(2)(C) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 2,590 words. It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced 14-point Times New Roman typeface.

/s/ Ki Sau Chan

## CERTIFICATE OF SERVICE

I certify that on October 22, 2026, I filed the foregoing reply through the Court's CM/ECF system, which will serve all counsel of record who are registered CM/ECF users.

/s/ Ki Sau Chan

# EXHIBIT A

**Certification of Janet M. Zicarelli, Esq., R.N., dated February 5, 2026 (her first sworn certification)**

**FARKAS & DONOHUE, LLC**
Robert G. Veech, III, Esq. – 317592020
25 A Hanover Road, Suite 320
Florham Park, New Jersey 07932
973-443-9400
973-443-4330 – Fax
Attorneys for Defendants, Valley Health System, Valley Hospital, and Valley Medical Group
Our File No: VH-349

| | |
|---|---|
| KI SAU CHAN,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM; VALLEY HOSPITAL; VALLEY MEDICAL GROUP; and JOHN/JANE DOES 1-50,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br>DOCKET NO.: BER-L-3-26<br><br>Civil Action<br><br>**CERTIFICATION OF JANET M. ZICARELLI** |

I, Janet M. Zicarelli, Esq., R.N., CPHRM, CPPS, by way of Certification in lieu of oath or affidavit, says:

1. I am the Director of Risk/Claims Management with the Valley Health System, and, as such, I am fully and personally familiar with the facts set forth within.

2. I have been in this position since February 1, 2016.

3. I make this Certification in support of defendants' opposition to *pro se* plaintiff's request for permanent injunctive and declaratory relief (Transaction ID No.: LCV20261641).

4. *Pro se* plaintiff has attempted on numerous occasions to obtain her designated medical records. Despite providing her with the same, she continues to demand additional records that are not kept in accordance with hospital policies, procedures, as well as HIPAA regulations.

5. In fact, on November 12, 2025, our HIPAA compliance Manager and Privacy Officer, Connie Wright, advised plaintiff that the items she was requesting was not a part of the

designated medical record. She was also advised that any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient.

6. Despite these representations, *pro se* plaintiff did not find the answer acceptable and filed the request for injunctive relief.

7. Valley Health System has gone above and beyond to assist *pro se* plaintiff with the medical record request.

8. Furthermore, the filing of the instant application demonstrates harassment onto these defendants, despite their continued cooperation to assist with *pro se* plaintiff's request.

9. It is respectfully requested that the instant application for final injunction be denied with prejudice.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: Janet M. Zicarelli
Janet M. Zicarelli, Esq., R.N., CPHRM, CPPS

Dated: February 5, 2026

# EXHIBIT B

**Email of Connie Wright, Valley HIPAA Compliance Manager & Privacy Officer, dated November 12, 2025**

***Exhibit V-2: Valley Privacy Officer admits flags exist, but refuse disclosure claiming "not part of DRS"***

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# RE: Secure Message Received From The Valley Health System #unsecure#

1 message

**PrivacyOffice** <privacyoffice@valleyhealth.com> Wed, Nov 12, 2025 at 10:23 AM
To: Ki Chan <ki.chan@alumni.stanford.edu>

Ms. Chan,

I just wanted to confirm whether you received the encrypted email we sent on 11/10/25 at 1:03 PM. We have corrected and sent the missing and duplicate pages of your hospital records and have confirmed that the updated copy provided is a complete copy of your designated record set as it exists in our EMR.

In response to your concerns about omitted categories, please note that the records provided contain all nursing notes which are part of your designated record set. There are no other nursing notes or communications documented in your designated record set other than what has been provided. As noted previously in response to your additional request for "flag or alert entries" and "audit/access logs", any such tools or logs are not part of your or any other patient's designated record set. As defined by HIPAA, these entries and logs are not "records" used, whether in whole or in part, to make decisions about individuals. Record for purposes of HIPAA means "any item, collection or grouping of information that includes PHI and is maintained, collected, used or disseminated by or for a covered entity."

**Connie Wright**

HIPAA Compliance Manager & Privacy Officer

Valley Health System

cwright@valleyhealth.com

(201) 270-4570

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Monday, November 10, 2025 1:13 PM
**To:** Wright, Constance M. <CWRIGHT@Valleyhealth.com>; PrivacyOffice <privacyoffice@valleyhealth.com>; Ki Chan <ki.chan@alumni.stanford.edu>
**Subject:** Re: Secure Message Received From The Valley Health System

# EXHIBIT C

**Valley Defendants' State-Court Opposition Brief of Robert G. Veech III, Esq., dated February 6, 2026**

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III +**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**

February 6, 2026

*Via eCourts Filing*
Superior Court of New Jersey
Civil Division | Bergen County
ATTN: The Honorable. John D. O'Dwyer, P.J. Cv.
10 Main Street, 3rd Floor
Rotunda
Hackensack, New Jersey 07601

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No.: BER-L-3-26**
**Our File No.: VH349**

Dear Judge O'Dwyer:

This firm has been retained to represent defendants, Valley Health System, Valley Hospital, and Valley Medical Group, in connection with the above-mentioned matter. Returnable on February 20, 2026 is *pro se* plaintiff's application for a declaratory injunctive relief (Transaction ID No.: LCV20261641). Kindly accept this letter opposition in lieu of more formal papers. **Pursuant to the January 6, 2026 Order, Oral argument is scheduled for February 20, 2026.**

An "[i]njunction is primarily a preventive remedy intended to afford relief against future acts or conduct which are against equity and good conscience . . . rather than to remedy what is past and done or to punish for wrongs already committed." Devine v. Devine, 20 N.J. Super. 522, 527, 90 A.2d 126 (Ch.Div.1952) (citing Soc'y for Establishing Useful Mfrs. v. Morris Canal & Banking Co., 1 N.J. Eq. 157, 191 (Ch.1830)). A party seeking a permanent injunction is required to demonstrate that its "legal right to such relief has been established and that the injunction is necessary to prevent a continuing, irreparable injury." Verna v. Links at Valleybrook Neighborhood Ass'n, Inc., 371 N.J. Super. 77, 89 (App. Div. 2004). Final injunctive relief will be imposed only when the party seeking such relief demonstrates liability of the other party, the need for injunctive relief, "and the appropriateness of such relief on a balancing of equities." Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 397, 904 A.2d 725 (App. Div. 2006). The non-exclusive factors the court considers are:

> (1) the character of the interest to be protected;
> (2) the relative adequacy of the injunction to the plaintiff as compared with other remedies;
> (3) the unreasonable delay in bringing suit;
> (4) any related misconduct by plaintiff;
> (5) the comparison of hardship to plaintiff if relief is denied, and hardship to defendant if relief is granted;
> (6) the interests of others, including the public; and
> (7) the practicality of framing the order or judgment.

Sheppard v. Township of Frankford, 261 N.J. Super. 5, 10 (App. Div. 1992) (citing *Restatement (Second) of Torts* § 936 (A.L.I. 1977)). *Pro se* plaintiff's reliance on Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982) is also misplaced as those factors apply to preliminary injunction and not a final injunction.

Here, without even considering the appropriate factors, *pro se* plaintiff has failed to establish a settled legal right to amend their hospital records. Estate of F.W.K. v. M.A.-V., 473 N.J. Super. 379, 382-85 (Law. Div. 2021) (applicant not entitled to injunctive relief when law

was well-settled against applicant's position.). In fact, the court may not order health care professionals to pursue a course which they believe is inappropriate or unsafe and against their own professional practices and ethics. Couch v. Visiting Home Care Serv., 329 N.J. Super. 47, 53 (App. Div. 2000). See also, N.J.A.C. §13:35-6.5(b)[1] (Licensees[2] shall prepare contemporaneous, **permanent professional treatment records.**) (emphasis added). Despite not having a legal claim for a final injunctive relief, *pro se* plaintiff also fails to demonstrate a majority of the necessary considerations for the same.

Plaintiff's contention that the defendants rely on and disseminate "undisclosed behavioral/psychiatric 'flag ' or alert' entries" is without merit or evidence. In reviewing the voluminous filings of plaintiff (over 700+ pages), plaintiff has also provided evidence to substantiate that the defendants are not legally obligated to maintain such notations as part of the designated record set, pursuant to HIPAA. See *Pltf. Exhibit V-2*. Specifically, defendants advised plaintiff that such "flags" and "alerts" are **not used for purposes of rendering medical judgment/decisions as to the care and treatment of the patient**. Ibid. Valley sent a detailed email to plaintiff explaining their medical record process and HIPAA regulations. Despite being advised this, plaintiff is not satisfied and thus filed the instant application. A review of the brief supplied is devoid of any legal authority or evidence to substantiate plaintiff's claims for injunctive relief.

Moreover, plaintiff mistakenly believes that the use of the medication Haloperidol Lactate (also known as Haldol) can only be used for psychiatric issues. A review of the FDA approved off label uses for the medication indicates that such medication can be used to treat

---

[1] Administrative Code Title "Preparation of patient records, computerized records, access to or release of information; confidentiality, transfer or disposal of records"

[2] Licensee is defined in N.J.A.C. §13:35-6.5(a) as "any person licensed or authorized to engage in a health care profession regulated by the Board of Medical Examiners."

nausea. See *Exhibit A*. In fact, a review of the medical record demonstrates that the medication was given as needed for nausea. See *Exhibit B*. Simply because a medication has a recommended use does not negate the fact that there are known off-label uses for medications. Therefore, there can be no logical inference that the plaintiff was given this medication due to any psychiatric issue, but rather for the off-label purpose of nausea. Nevertheless, such contention is outside the scope of the requested relief sought. The fact that Haldol was used during her admission to the Valley Hospital despite her alleged requests not to use the same is not relevant to the instant application.

Secondly, plaintiff improperly relies on a nurse to provide a standard of care with respect to the use of a foley catheter post-surgery. See Rosenberg by Rosenberg v Cahill, 99 N.J. 318, 325 (1985) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1962) ("the standard of care must be established by expert testimony, and that a jury generally lacks the 'requisite special knowledge, technical training and background to be able to determine the applicable standard of care without the assistance of an expert.'"). In Hill Int'l v. Atl. City Bd. of Educ., 2014 N.J. Super. LEXIS 177, 1 (App. Div. Dec. 30, 2014) the Court reiterated that it would be contrary to

> allow a licensed nurse to serve as a qualified affiant against a licensed physician who, for example, negligently took and recorded a patient's blood pressure. Although nurses and physicians are both trained and authorized to take blood pressure readings, they are each still held professionally accountable under the standards of care of their own individual professions. It would thwart the screening objectives [] to allow a nurse to vouch for a medical malpractice claim asserted against a physician, and vice-versa.

Id. at 29-31. While plaintiff seeks to proffer that improper medical treatment was rendered, **plaintiff has not filed a medical malpractice action**. Instead, plaintiff has sought injunctive relief in seeking to restrain defendants from "relying upon, acting pursuant to, or considering any

undisclosed behavioral, psychiatric, or similar 'flag' or alert' entries when making clinical, administrative, or treatment decisions concerning plaintiff." See Proposed Order. Therefore, any reliance on care and treatment as it pertains to any contraindication of Barium administration, the use of a foley catheter, the use of Haldol, or refusal of disability accommodation is irrelevant to the present litigation.

While not an issue before the Courts, it should also be noted that plaintiff's claims of lack of informed consent are also inapplicable to the instant litigation and are also incorrect. A review of the August 12, 2025 signed consent form regarding plaintiff's diagnostic laparoscopy indicates that she also understood additional procedures (such as a foley catheter) might be required, due to unforeseen conditions that may arise during the procedure. *Exhibit A*. For plaintiff to advise that there was no informed consent is, again, not true.

Any downstream harm provided by a medical provider not related to these defendants is also without merit. Plaintiff argues that Dr. Ng of Prism Vision failed in their medical judgment to render appropriate care and/or treatment. However, there is no causal connection between a subsequent provider allegedly failing to render appropriate care and the undisclosed "flags" from the Valley admissions.

Additionally, the alleged "flags" began when plaintiff was seen at Hospital of Specialty Services in NY. However, plaintiff is only seeking recourse as to the Valley defendants. It is uncertain whether plaintiff is pursuing any action in NY as to HSS, where the alleged incident originated.

Perhaps most importantly, there is no ongoing irreparable harm that is befalling plaintiff. As noted above, any subsequent treatment by physicians not at Valley Hospital will have their own medical judgment to use when treating and caring for the plaintiff. It is not a fact that

subsequent providers review the patients entire hospital admission prior to engaging in care and treatment. Furthermore, plaintiff was successfully treated while at the Valley Hospital for chronic appendicitis. There is no progression of the illness that has been provided as evidence (no subsequent medical treatment). Therefore, for plaintiff to proffer that there is ongoing (life-threatening) injury is simply not true. Plaintiff is not at risk for imminent and ongoing, but rather speculation. As such, plaintiff is unable to satisfy the standard required in order to obtain the requested relief. See Ispahani v. Allie Domecq Retail, 320 N.J. Super. 494 (App. Div. 1999) (applicant for preliminary injunction must show that irreparable injury would ensue if the relief were denied **that the claim is based on a settled legal right**, that the material facts are substantially undisputed and that [she] will suffer greater harm if the relief is denied than the opposing party will if it is granted.). See also Loigman v. Twp. Comm. of Middletown, 185 N.J. 566, 593 (2006).

Specifically, plaintiff's prayer for relief is improper and not supported by legal justification. First, the Valley defendants have already provided plaintiff with all designated records in accordance with HIPAA. Second, the Valley defendants detailed the record process and the compliance with HIPAA and further advised that no medical or administrative care is rendered because of such alleged "flags" or "alerts." Finally, there is no public interest that requires the issuance of an injunction in the instant case.

Based on the aforementioned, it is respectfully submitted that plaintiff's request for injunctive relief be denied with prejudice in accordance with

Very Respectfully,

Robert G. Veech, III, Esq.
Rveech@farkasanddonohue.com

RGV/al
CC: Ki Sau Chan (via email and mail)

# EXHIBIT D

**Valley Defendants' State-Court Reply Letter of Eileen M. Kavanagh, Esq., dated March 23, 2026**

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III +**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**

March 23, 2026

*Via eCourts Filing*
Superior Court of New Jersey
Civil Division | Bergen County
ATTN: The Honorable. John D. O'Dwyer, P.J. Cv.
10 Main Street, 3rd Floor
Rotunda
Hackensack, New Jersey 07601

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No.: BER-L-3-26**
**Our File No.: VH349**

Dear Judge O'Dwyer:

On behalf of defendants, Valley Health System, Valley Hospital, and Valley Medical Group, please accept the following letter brief in lieu of a more formal reply to plaintiff's opposition to defendants' cross motion. These motions are returnable before Your Honor on March 27, 2026. **Oral argument is requested.**

First, procedurally, it should be noted that defendants' cross motion was timely filed. Pursuant to R. 1:6-3, cross motions must be filed 8 days before the return date, which was done in this case.

Second, substantively, the only issue before this Court is whether defendants complied with a Court order. Defendants complied with that court order on March 4, 2026. Yet plaintiff continues to raise issues not before the Court. She still argues that defendants are withholding information and she is unable to identify the scope and nature of the flags. Both by way of Certification and defendants' response to the Order, plaintiff has been placed on notice that there are no flags or alerts in her medical records. She simply won't accept this reality. She also attempts to make credibility decisions, which are not within her ambit or discretion. She states that The Valley defendants have taken inconsistent positions and thus they are not credible. While this issue is not before the Court, it must be addressed because plaintiff continually brings it up. The Valley defendants have never taken inconsistent positions. Instead, plaintiff continues to misconstrue the communications and Certifications from Valley. Because plaintiff repeatedly stated in her prior papers that Valley inferred that flags or alerts existed, I asked Janet Zicarelli to draft a supplemental Certification to specifically combat plaintiff's statements and put this matter to rest, which it did.

Multiple times throughout plaintiff's papers, she states defendants' position "constitutes perjury and is a brazen disregard for the integrity of the court's proceedings". Plaintiff cannot be allowed to make slanderous statements against Janet Zicareeli, an officer of the Court as well as defense counsel, with utterly baseless assertions. Accusing someone of perjury cannot be taken lightly and is offensive.

Once again, plaintiff brings up issues regarding Haldol use, foley catheters, audio recordings from HSS, etc., which are not before the court and must be disregarded. Simply because plaintiff does not like defendants' response that no flags or alerts exist, does not entitle her to file motions and multiple supplemental briefs. Because there are no flags or alerts, it

logically follows that defendants cannot supply "the full content of each entry, author, date of creation, source, associated notes, metadata or audit trail information". Additionally, plaintiff appears to seek new relief in her supplemental brief requesting an independent forensic audit, additional sworn Certifications, etc. Again, this requested relief is not properly before the Court but is a moot issue.

Finally, plaintiff states that defense counsel acted in bad faith because the response was sent by an assistant and not by counsel and she insists that page 2 of the defendants' response be provided to her. Her comments regarding service made by an assistant are baseless and without merit and plaintiff has been advised by this office that there is no second page for the defendants' response.

Conversely, plaintiff has acted in bad faith because she continues to bring up issues not before the court, refuses to acknowledge that defendants have certified that there are no flags or alerts and lodges damaging comments against Janet Zicarelli and defense counsel, defendants' thus, cross motion for fees must be granted.

Pursuant to court rules, plaintiff is not permitted to submit any responsive papers and defendants object to any additional filings.

Respectfully submitted,

*/s/ Eileen M. Kavanagh*

Eileen M. Kavanagh, Esq.

Cc: Ki Sau Chan, ki.chan@alumni.stanford.edu

# EXHIBIT E

**Email of Eileen M. Kavanagh, Esq., dated October 20, 2026, refusing to commit to a discovery schedule**

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# Re: Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for Rule 26(f) Conference

1 message

**Eileen Kavanagh** <EKavanagh@farkasanddonohue.com> Tue, Oct 20, 2026 at 12:23 PM
To: Ki Chan <ki.chan@alumni.stanford.edu>, "ELatzer@coleschotz.com" <ELatzer@coleschotz.com>, "RTGannon@mdwcg.com" <RTGannon@mdwcg.com>, "Charles C. Koernig" <ckoernig@kbrlaw.com>
Cc: Johnny Yau <johnny.ym.yau@gmail.com>

Hello

I am willing to meet and confer next Tuesday, October 27th at 1 pm However, I will not commit to a discovery schedule until the Court orders one.

Thank you,

Eileen M. Kavanagh, Esq.
Farkas & Donohue, LLC
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
973-443-9400 (phone)
973-443-4330 (fax)
EKavanagh@FarkasAndDonohue.com

This electronic message contains information from the law offices of Farkas and Donohue, LLC. The information contained in this communication may contain confidential and privileged information and is intended only for the personal and confidential use of the designated recipient(s). Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy the original and all copies of this message.

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Monday, October 19, 2026 3:08 PM
**To:** ELatzer@coleschotz.com <ELatzer@coleschotz.com>; RTGannon@mdwcg.com <RTGannon@mdwcg.com>; Charles C. Koernig <ckoernig@kbrlaw.com>; Eileen Kavanagh <EKavanagh@farkasanddonohue.com>
**Cc:** Johnny Yau <johnny.ym.yau@gmail.com>
**Subject:** Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for Rule 26(f)

Conference

Counsel,

Under Fed. R. Civ. P. 26(f), I request a conference of all parties to discuss the discovery plan in this action. The July 6, 2026 Order (Dkt. 56) directed that discovery of the ESI, audit trails, and metadata at issue proceed promptly, and the parties' proposed discovery plans have been on file since August.

I propose any of the following, by video:
- Tuesday, October 27, 2026, 1:00 pm EST
- Wednesday, October 28, 2026, 2:00 p.m. EST
- Thursday, October 29, 2026, 11:00 a.m. EST

Please reply by Friday, October 23, 2026 with your availability. If you decline to confer, please say so in writing.

Ki Sau Chan
Plaintiff
ki.chan@alumni.stanford.edu

Sent from my iPhone

Secured by Paubox - HITRUST certified