# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III + (1971-2026)**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI**
**MICHAEL C. SALVO+**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**


October 26, 2026

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 26-3345**
**Our File No.: VH349**

Dear Judge Arleo:

This firm has been retained to represent defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD ("the Valley Defendants") in connection with the above referenced matter. Returnable on November 2, 2026, is defendants motion to dismiss pursuant to F.R.C.P. 12(c) under document number 101. Kindly accept this letter reply to

Plaintiff's opposition in lieu of more formal papers. **Plaintiff's filing of their opposition has triggered our request for oral argument.**

**POINT I: THE APPROPRIATE LEGAL STANDARD WAS APPLIED.**

Plaintiff has failed to meet the federal pleading threshold for all claims against moving Defendants, as there is not even a sheer possibility that moving Defendants acted unlawfully. Plaintiff's reliance on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the premise that a Complaint survives a F.R.C.P. 12(c) motion for having its facts be "plausible on its face," it fails to consider that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Supreme Court has stated in Hikma Pharms. USA Inc. v. Amarin Pharma, Inc., that,

> [i]If the complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." [Ashcroft, *supra*, at 678]. (internal quotation marks omitted). Instead, to nudge a claim "across the line from conceivable to plausible," a plaintiff must plead facts that, if true, "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Id., at 678, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (internal quotation marks omitted), and to rule out "obvious alternative explanation[s]" for the defendant's conduct, Twombly, 550 U. S., at 567, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

146 S. Ct. 1391, 1399 (2026). Given this standard, Plaintiff has failed to demonstrate that the Amended Complaint has facts that would "draw the reasonable inference that defendant is liable for the alleged misconduct." Ashcroft, *supra*, at 678. While Plaintiff may interpret the allegations one way, it does not automatically mandate that the Court concur with her viewpoint if there are "obvious alternative explanation[s]." Twombly, *supra*, at 567. Plaintiff's Amended Complaint does not provide sufficient facts to demonstrate that the allegations against moving Defendants are plausible. See Evancho v. Fisher, 423 F. 3d 347, 350-51 (3d Cir. 2005) ("…a court need not

credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss.") (internal citation omitted). More importantly, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, *supra*, at 555. Based on the facts pled in the Amended Complaint, plaintiff cannot meet the standard necessary to prove a *prima facie* case for any of her claims.

For the reasons expressed in the underlying moving papers, as well as outlined in this reply brief, it is respectfully requested that the Court grant the moving Defendants Motion to Dismiss pursuant to F.R.C.P. 12(c).

**POINT II: CLAIMS ASSERTING VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. §12182) MUST BE DISMISSED FOR FAILURE TO ESTABLISH A *PRIMA FACIE* CASE.**

It is clear from Plaintiff's pleadings and opposition brief that she cannot meet the burden to establish an Americans with Disabilities Act ("ADA") claim. Plaintiff argues that The Valley Defendants relied upon an outdated standard to establish an ADA claim. All cases cited by The Valley defendants are good law and have not been overruled. Regardless of whether the ADA Amendments Act broadened the "regarded as" prong is without merit because the Amended Complaint does not plead discrimination. A plaintiff must still plausibly allege that the defendants perceived her as having a physical or mental impairment and acted because of that perception. Her complaint does not show that The Valley Defendants perceived her as having any identifiable impairment or that such perception motivated their decision making. Plaintiff has not alleged that she was regarded as disabled under any standard.

Plaintiff argues in conclusory terms that a delay in treatment, cancellation of order imaging, substitution of Barium, and use of a foley catheter, was done in response to Plaintiff's "perceived mental disability." Am. Compl. ¶¶47, 52, 61. Again, Plaintiff does not demonstrate

the existence of whether defendants relied on non-existent behavioral flags, or that such non-existent behavioral flags are in the medical record. These pleadings do not plausibly allege that The Valley defendants regarded her as disabled or discriminated against her because of the alleged retaliatory flags. Rather, she relies on conclusory statements only which are entirely implausible given that the alleged flags were created at another institution and somehow were transmitted into The Valley Hospital records.

There is no "sheer possibility that [moving defendants] acted unlawfully." Twombly, *supra*, at 677-78. Nor has Plaintiff pleaded any factual allegation of a continued injury. Fear of injury is different than perpetual injury. Indeed, in "ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." See Pryor v. NCAA, 288 F.3d 548, 561 (3rd Cir. 2002) (internal citation omitted); see also Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 422 (3d Cir. 1992) (discussing how courts should dismiss action on ripeness grounds when a complaint seeking declaratory relief rests on the contingency that some future act will occur).

Plaintiff has failed to provide sufficient factual assertions to warrant a claim for violation of Title III of the ADA. Plaintiff's legal conclusions are couched in factual allegations that amounts to "formulaic recitation of the elements of a cause of action," which is improper. Ashcroft, *supra*, at 677-78 Plaintiff has failed to demonstrate how she was discriminated against under the "regarded as prong." Therefore, it is respectfully submitted that the Court should grant the motion and dismiss Count I with prejudice pursuant to F.R.C.P. 12(c).

**POINT III: ALLEGATIONS ASSOCIATED WITH VIOLATIONS OF THE REHABILITATION ACT OF 1973 MUST BE DISMISSED WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO DEMONSTRATE A *PRIMA FACIE CASE*.**

As identified in the moving papers, causation is an element of a Section 504 of the Rehabilitation Act ("RA") claim, and is the sole difference between a claim asserted with the ADA and the RA. See Lamberson v. Pennsylvania, 561 F. App'x 201, 207 (3d Cir. 2014) (stating that "a disability must be the sole cause of the alleged discrimination under" the RA (internal quotation marks and citation omitted)); CG v. Pa. Dep't of Educ., 734 F.3d 229, 235-36, 236 n.11 (3d Cir. 2013) (stating that the RA "allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program solely on the basis of disability" and its "causation requirement requires disability to be the sole cause of discrimination"). Moving Defendants proffer that Plaintiff has failed to demonstrate a factual demand to pursue RA claims against moving defendants. Moving Defendants incorporate by reference the same arguments made in *Point II* of this reply brief as it pertains to RA claims. Plaintiff has failed to provide sufficient factual support to demonstrate that she was denied a service based on the purported perceived disability. Nor has plaintiff plead that she is in real and imminent harm in the future.

Therefore, it is respectfully submitted that the Court should grant the underlying motion and dismiss Count II with prejudice in accordance with F.R.C.P. 12(c).

**POINT III: PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE IMPERMISSIBLE AND MUST BE DISMISSED WITH PREJUDICE BECAUSE THE VALLEY DEFENDANTS ARE NOT STATE ACTORS AND PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE RETALIATION.**

Plaintiff has failed to demonstrate that the moving Defendants are state actors or in connection with the government. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (To prevail on a retaliation claim, Plaintiff must demonstrate that . . . she suffered, at the hands of a **state actor. . ..**" ). Ultimately, Plaintiff cannot establish any constitutional claims against Defendants because they are indeed, not state actors or acting under the color of law. There are no facts that contradict this basic necessity to succeed on such claims. Nor are defendants in possession of any additional facts that would assist plaintiff in overcoming this standard.

Plaintiff only asserts that while she was being treated at HSS, she had sent letters to Senator Chuck Schumer regarding her care and treatment at HSS. Plaintiff has not pled any facts relating to any government body or representative and their connection to the moving defendants. Therefore, there are no facts that support the necessary element – that the moving defendants are state actors or have acted under the color of law.

Therefore, it is respectfully submitted that the Court grant the underlying motion and dismiss Count III with prejudice in accordance with F.R.C.P. 12(c).

**POINT IV: COUNT FOUR ALLEGING BATTERY BY THE VALLEY HOSPITAL, VALLEY HEALTH SYSTEM AND NURSE SATTELY MUST BE DISMISSED FOR FAILURE TO ESTABLISH A PRIMA FACIE CASE.**

Plaintiff fails to provide any legal support demonstrating that an entity can be held liable for the intentional tort of battery. Plaintiff's contention that such entities are vicariously liable is

also deficient as the Amended Complaint does not allege claims of vicarious liability on behalf of the entities agents/employees. A complete and thorough review of the Amended Complaint is devoid of an allegation of vicarious liability. Further, while not pled, it must be noted an employer cannot be held vicariously liable for an employee's intentional conduct, and battery is an intentional tort. Therefore, the motion must be granted in accordance with relevant case law as to Defendant's the Valley Hospital and Valley Health System.

Here, plaintiff consented to surgery, she claims that she did not consent to the administration of a medication administered during that surgery by Nurse Sattely. Rather, she claims that several months earlier, she advised different physicians and different nurses, not involved in the subject surgery, that she did not want Haldol. The absence of allegations showing that Nurse Sattely knew plaintiff withheld consent to the medication 6 months earlier defeats any attempt to establish that the administration of the medication was an intentional unauthorized act. The surgery was authorized, the medication was ordered by the anesthesiologist, any potential claim might sound in negligence, not the intentional tort of battery.

Plaintiff provides no counter legal authority, nor does plaintiff support her claim for battery by referencing facts contained in the Amended Complaint. There is no "sheer possibility that [moving defendants] acted unlawfully." Twombly, *supra*, at 677-78. Because "courts are not bound to accept as true a legal conclusion couched as a factual allegation," it is respectfully submitted that the Court grant the motion and dismiss Count IV with prejudice, pursuant to F.R.C.P. 12(c). Twombly, *supra*, at 555.

**POINT V: THE VALLEY HOSPITAL, VALLEY HEALTH SYSTEM AND NURSE SATTELY CANNOT BE LIABLE FOR COUNT FIVE, LACK OF INFORMED CONSENT**

Plaintiff has failed to demonstrate that there is a physician-patient relationship between the hospital entities. C.f. Mulholland v. Thomas Jefferson University Hospital, 2010 U.S. Dis. Lexis 72892 (July 10, 2010) (because there is no physician patient relationship between a hospital and a patient, a negligence claim based on a lack of informed consent cannot be maintained against a hospital/entity.). Also, as identified in *POINT IV*, Plaintiff fails to provide any legal support demonstrating that an entity can be held liable for such an action. Plaintiff's contention that such entities are vicariously liable is also deficient as the Amended Complaint does not allege claims of vicarious liability on behalf of the entities agents/employees. A complete and thorough review of the Amended Complaint is devoid of an allegation of vicarious liability. Therefore, the motion must be granted as to Defendant entities.

Furthermore, there are no facts asserted in the Amended Complaint that demonstrate that Nurse Sattely can be held liable for lack of informed consent. Plaintiff provides no legal authority to dilute the claim of informed consent to apply to a nurse. See Matthies v. Mastromonaco, 160 N.J. 26, 39 (1999) (a tort based on lack of informed consent recognizes a separate duty, emphasizing the physician's obligation to inform, as well as treating the patient.). Because there are no facts nor any legal authority justifying a claim for lack of informed consent as to Nurse Sattely, the motion must be granted as to Count V, and the claim must be dismissed with prejudice in accordance with F.R.C.P. 12(c).

**POINT VI: PLAINTIFF CANNOT ESTABLISH THE ELEMENTS FOR FRAUDULENT CONCEALMENT AND COUNT SIX MUST BE DISMISSED**

Plaintiff is wrong when she states that Valley chose not to preserve evidence after receiving notice. Plaintiff was advised in February 2026 in the state court action, that Valley would preserve all medical records in compliance with state and administrative regulations. It has never been Valley's position that we would not preserve evidence.

Also, Plaintiff's opposition contradicts the facts asserted in the Amended Complaint. If Valley is the only person that possesses plaintiff's records, then how is it that plaintiff cites excerpts from The Valley records in support of her claim. Based on own inclusion of her own medical records from her time at The Valley Hospital, it is clear that The Valley Hospital is not the only person who possesses these records. In fact, Plaintiff is in possession of her designated record, as permitted by HIPAA (45 C.F.R. §164.524 and 164.528). Plaintiff cannot claim damages on this count, because she clearly is in possession of the records from The Valley Hospital which enabled her to file a state court action, a federal court action and an appeal.

Based on the lack of facts supporting an allegation of fraudulent concealment of evidence (any facts supporting intentionally withholding, altering, or destroying evidence), the Court must grant the motion and dismiss the claim with prejudice in accordance with F.R.C.P. 12(c).

**POINT VII: COUNT SEVEN ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT ESTALBISH A PRIMA FACIE CASE**

To establish a claim for intentional infliction of emotional distress, plaintiff must establish intentional and outrageous conduct by the defendants, causation and severe distress. The Defendants must intend both to do the act and to produce emotional distress. The stress must

be so severe that no reasonable person could be expected to endure it. This mater is ripe for disposition because the court determines whether the alleged distress is legally sufficient. These alleged acts cannot be considered outrageous and extreme. Plaintiff may not have agreed with some aspects of her care and treatment but that does not rise to the level of egregious conduct. Further, plaintiff's alleged damages include anxiety, loss of trust in the medical system and fear for future care. These complaints do not rise to the level of extreme and severe distress.

The facts of this matter are that plaintiff was treated for appendicitis. Prior to undergoing the surgery, plaintiff signed a general consent which provided that 1) plaintiff confirmed she was advised of all practical aspects of the procedure, 2) plaintiff had the opportunity to ask questions regarding the procedure, 3) plaintiff authorized practitioners to perform other procedures as necessary in the exercise of their professional judgment, 4) plaintiff had read and understood the information contained in the consent form, and 5) she acknowledged that she believed she knew enough about the procedure to make an informed decision as the procedure and its sequalae. Am. Comp. pages 55-57. Therefore, for plaintiff to suggest that the medical staff acted in conformity with conduct that is atrocious and "utterly intolerable in a civilized community" is not plausible.

Therefore, it is respectfully submitted that the Court grant the motion and dismiss Count VII with prejudice in accordance with F.R.C.P. 12(c).

**POINT VIII: NEITHER THE VALLEY HOSPITAL NOR VALLEY HEALTH SYSTEM CAN BE LIABLE FOR SEXUAL BATTERY AS ALLEGED IN COUNT EIGHT.**

There is no legal authority permitting a claim for "sexual battery or violation of bodily autonomy," nor does plaintiff provide any support for the same – either in the Amended Complaint or in the opposition brief. Plaintiff's reliance on Johnson v. City of Shelby, 574 U.S. 10 (2014) is misplaced, as that case dealt with constitutional claims as well as due process

claims. Even more so, the Complaint already alleges claims for Battery – which also must be dismissed as a matter of law in light of the absence of any facts asserted in the Amended Complaint which demonstrates the plausibility that defendants have "acted unlawfully." Ashcroft, *supra*, at 678. In fact, a specific review of the properly executed consent form provides that plaintiff understood additional procedures may be required. Am. Comp. ¶73. It can be reasonably deduced that such additional procedures include a foley catheter. It is clear based on a plain reading of the Amended Complaint that "obvious alternative explanation[s]" exist and are reasonable. Twombly, *supra*, at 567.

More importantly, plaintiff has failed to demonstrate to the contrary that a legal entity is capable of performing such acts as sexual battery. Nor has plaintiff articulated any allegation of vicarious liability in the Amended Complaint and an employer cannot be held vicariously liable for the intentional torts of its employee.

Therefore, it is respectfully submitted that the Court grant the underlying motion and dismiss Count VIII with prejudice in accordance with F.R.C.P. 12(c).

**POINT IX: PLAINTIFF CANNOT AMEND HER COMPLAINT IN AN ATTEMPT TO AVOID DISMISSAL.**

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pa. ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). Further, despite amendments to the Complaint being routinely granted a motion to amend the Complaint may be denied if it is "futile" and "not sustainable as a matter of law." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 501 (2006). See C.V. v. Waterford Bd. of Educ., 255 N.J. 289, 306-07, 320 (2023) (affirming denial of motion to amend to include a claim for age discrimination as futile when the law against discrimination does not prohibit age discrimination in places of public acomodation); Grillo v. State, 469 N.J. Super. 267, 275-76,

279 (App. Div. 2021) (motion to amend denied based on futility of proposed amendment). Thus, any attempt to amend the complaint here would be futile as explained throughout the body of this reply brief.

Plaintiff's reliance on Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008), Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002), and Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247 (3d Cir. 2007) is misplaced. In Phillips, *supra*, the Court was tasked with evaluating dismissal of plaintiff's claims for violation of 42 U.S.C.S. § 1983 (Civil Action for deprivation of rights). Again, that statute requires an analysis to determine whether the defendant acts "under color of any statute, ordinance, regulation, custom, or usage, of any State . . .." 42 U.S.C.S. § 1983. As demonstrated in *Point III* of the underlying motion and *Point III* of this reply brief, that there are no facts that demonstrate or would provide a plausible claim as these defendants did not act under "color of law." Therefore, plaintiff's request for leave to file a second amended complaint is improper and must be denied.

In Grayson, *supra*, similar to Phillips, *supra*, a pro se inmate asserted claims of violations of 42 U.S.C.S. § 1983 where defendants were "deliberately indifferent to his medical needs in violate of the Eighth Amendment." 293 F.3d at 105. It is for the same reasons that Phillips, *supra*, is inapplicable – there is no factual assertions that these defendants were at any time acting under "color of law" which is required in a claim asserting violations of 42 U.S.C.S. § 1983.

Therefore, it is appropriate for this Court to grant dismissal with prejudice in accordance with F.R.C.P. 12(c) and relevant case law.

**CONCLUSION**

Based on the foregoing, it is respectfully requested that the Court grant the underlying motion, execute the proposed Order, dismiss Plaintiff's Amended Complaint as to moving defendants with prejudice, and deny any request to Amend the Complaint in accordance with F.R.C.P. 12(c) and all relevant case law.

Respectfully submitted,

*/s/ Robert G. Veech, III, Esq.*

rveech@farkasanddonohue.com

RGV/al
CC: Ki Sau Chan