**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

No. 26-3345

KI SAU CHAN, *Plaintiff-Appellant,*
v.
VALLEY HEALTH SYSTEM, INC., et al., *Defendants-Appellees*.
On Appeal from the United States District Court for the District of New Jersey,
No. 2:26-cv-03358-MCA-AME

# APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT HER EMERGENCY MOTION (DOC. 8) WITH NEW EVIDENCE OF VALLEY COUNSEL'S REPEATED MISREPRESENTATIONS, BEARING ON THE CREDIBILITY OF VALLEY'S OPPOSITION (DOC. 15)

Pursuant to Fed. R. App. P. 27, Appellant Ki Sau Chan moves for leave to supplement her pending Emergency Motion for Injunction Pending Appeal (Doc. 8) with new evidence, much of it arising after her reply (Doc. 18, filed October 23, 2026).

1. **Valley's opposition rests on its counsel's word.** For approximately seven months, from Appellant's August 2025 surgery at Valley through the state court's February 26, 2026 Order, Valley's consistent position was that behavioral flags exist but need not be disclosed, using HIPAA as a shield. Valley's Privacy Officer, its Risk Manager under oath, and its counsel each acknowledged the flags, and none denied they exist. (Doc. 8 at 17–18; Doc. 18 at 1–2; D.N.J. Dkt. 5, **Exs. B, C, F**.)

Despite this, Valley's opposition (Doc. 15), signed by Evelyn C. Farkas, Esq., co-founder of Farkas & Donohue, LLC, argues that "appellant was

advised by counsel for The Valley defendants and by the Risk Manager of The Valley Hospital that no behavioral flags or alerts exist in her medical records." (Doc. 15 at 3.) The credibility of Valley's counsel is therefore central to this motion.

2. **New evidence: counsel again, for at minimum their sixth separate filing, misrepresented a fact to the District Court.** On November 19, 2026, Valley's counsel again told the District Court that Defendant Elizabeth Sattely is an "APN," an Advanced Practice Nurse. (D.N.J. Dkt. 111 at 1, **Ex. K**.) She is solely a registered nurse (RN). Her New Jersey license is an RN license only (**Ex. A**), and Valley's own Answer admits that "Elizabeth Sattely, RN is a Registered Nurse." (D.N.J. Dkt. 38 ¶ 32, **Ex. B**.)

Ms. Sattely is the nurse who overrode the medication system to administer haloperidol (Haldol), a first-generation antipsychotic drug carrying the FDA's most serious black-box warning (risk of death and permanent disabilities), to Appellant without her consent. **Appellant has never had a psychiatric diagnosis, evaluation, treatment, or even a referral. In almost a year of litigation, defendants have produced NO document to the contrary.**

Defendants have instead shifted to a new pretext: that the antipsychotic was used off-label as an anti-nausea drug (D.N.J. Dkt. 5 ¶ 74; Doc. 8, Exs. D, E), based on a claimed history of postoperative nausea and vomiting (PONV) that Appellant does not have. The records prove it:

- Her anesthesia records for seven of her nine surgeries before Valley show no PONV history and no haloperidol. (Doc. 8, Ex. F; Doc. 8, Declaration ¶ 10; D.N.J. Dkt. 100, Ex. 2.)
- Valley's own February 18, 2025 anesthesia record states "nausea/vomiting: No," and its August 12, 2025 record documents no nausea. Neither mentions haloperidol, or her February 18, 2025 discussion with the anesthesiologist, Dr. Jacob Abraham, in which he acknowledged her refusal of haloperidol and told her: "I told you I wouldn't give it to you." (D.N.J. Dkt. 81, Exs. 12, 13.)
- The only "History of Post op nausea/vomiting" anywhere in her records originated in Dr. Abraham's February 18, 2025 pre-operative note, the same day she refused his haloperidol, and was carried forward verbatim into Dr. Bernstein's August 12, 2025 pre-operative note. (Doc. 8, Declaration ¶¶ 8–12, 17; D.N.J. Dkt. 81, Ex. 13.)

On February 18, 2025, both Appellant and her life partner, Johnny Yau, overheard Dr. Abraham instructing his trainee to add Haldol to Zofran. Both Appellant and Mr. Yau were alarmed. Appellant immediately objected and asked why she was being given Haldol, an antipsychotic. Dr. Abraham then told her that he intended to add Haldol to Zofran because Zofran is sometimes not enough for nausea. Appellant immediately refused haloperidol and requested a different anesthesiologist. (D.N.J. Dkt. 81, Ex. 15, Affidavit of Johnny Yau ¶¶ 2–7.) She has audio recordings of both Dr. Abraham and the preoperative nurse,

Justin Madamba, acknowledging her refusal and her request. (Doc. 8, Exs. AC, AD; D.N.J. Dkt. 81, Ex. 12, verbatim transcripts.)

Valley concealed the haloperidol records despite her written HIPAA requests of October 12 and November 3, 2025 (D.N.J. Dkt. 5, Ex. G), producing them for the first time on February 6, 2026, as exhibits to its counsel's opposition brief, only after she sued. (D.N.J. Dkt. 5, Ex. B.) **With no psychiatric history and no PONV history, the retaliatory, false flags are the only explanation left.**

3. **Six false statements, in two courts, three after written notice.** Valley's counsel, Farkas & Donohue, LLC, gave Ms. Sattely the false APN title in five District Court filings (D.N.J. Dkts. 29, 66, 70, 108, and 111, **Exs. C, D, E, G, K**) and in this Court (Doc. 22, later removed by Clerk's order, **Ex. H**). Three came after Appellant's written notice of July 29, 2026. (D.N.J. Dkt. 71 at 1–2, **Ex. F**.) **On November 20, 2026, Appellant served counsel, by email and certified mail, with a second written notice to correct Ms. Sattely's title in D.N.J. Dkts. 29, 66, 70, 108, and 111.**

**Counsel knew the truth.** On October 26, 2026, the same day counsel filed the false title in both courts, Robert G. Veech, III, Esq. wrote to this Court: "Julie Zavadenko, APN, Elizabeth Sattely, RN." (Doc. 26 at 1, **Ex. I**.) **Counsel therefore knew Ms. Sattely is an RN, and knowingly called her an APN.** He corrected the title of his own accord: Appellant's motion to strike Document 22 (Doc. 23) objected only that it was Valley's District Court reply brief, filed in

the wrong court, and never mentioned Ms. Sattely's title. Yet just 24 days later, on November 19, 2026, the same firm again called her an APN in the District Court. (D.N.J. Dkt. 111 at 1, **Ex. K**.)

4. **The misrepresentation is material.** It is a misrepresentation of Ms. Sattely's scope of practice: an advanced practice nurse may order medications; a registered nurse may not. Giving Ms. Sattely the false APN title suggests she had authority that she did not have.

5. **An intentional, fraudulent pattern by Valley's counsel, Farkas & Donohue, LLC, that reaches the "no flags" certification.** The Risk Manager's February 25, 2026 supplemental certification, on which Doc. 15 relies, reversed her February 5, 2026 sworn certification, at counsel's direction. (D.N.J. Dkt. 5, Exs. C, D.) In her March 23, 2026 state court reply brief, Eileen M. Kavanagh, Esq. confessed in writing: "Because plaintiff repeatedly stated in her prior papers that Valley inferred that flags or alerts existed, I asked Janet Zicarelli to draft a supplemental Certification to specifically combat plaintiff's statements and put this matter to rest, which it did." (D.N.J. Dkt. 5, Ex. E.) Ms. Zicarelli did not initiate the supplemental certification on her own to clarify or correct her prior sworn statement, which acknowledged the flags. **Instead,** defense counsel, Kavanagh, **confessed** that she asked Ms. Zicarelli to draft it, for the purpose stated above. **Appellant firmly believes this is subornation of perjury.**

Appellant also firmly believes that counsel's repeated misrepresentation

of Ms. Sattely's title, to both courts, is **intentional fraud upon both courts.** After written notice (**Ex. F**), counsel stated the title correctly on November 11, 2026 (**Ex. J**), then resumed the false title eight days later. (**Ex. K**.) This is **not** accidental. Six misrepresentations bear directly on whether this Court should accept counsel's word that no flags exist.

6. **The additional motive.** Beyond counsel's ordinary motive to defend their clients, upon information and belief, Ms. Sattely is the daughter of Judge James X. Sattely, Jr., Presiding Judge of the Criminal Division, Superior Court of New Jersey, Bergen County (**Ex. AD**), and they share a long-term home address in Oradell, New Jersey. (**Exs. A, L, Z**.) The obituary of Judge Sattely's mother, Nancy E. Sattely, states: "She is survived by her devoted son, the Hon. James X. Sattely, Jr., P.J.Cr., and daughter-in-law Maris of Oradell, her adoring grandchildren Elizabeth, Catherine and Caroline, a sister, Katherine Addonizio and her faithful companion, Bella." (**Ex. L**.) Upon request, Appellant will submit for in camera review audio recordings concerning Dr. Abraham and her criminal complaint, and records showing the shared home address of Defendant Elizabeth Sattely and her father, Judge James X. Sattely, Jr.

**(a) The prosecutor was the judge's former law clerk.** On February 24, 2026, Appellant and Mr. Yau filed her criminal complaint in person at Paramus Police Headquarters, not at the courthouse; the Paramus Police Department opened Investigation Report No. I-2026-006853 that day. (**Ex. R**.) **Appellant gave the officers audio recordings, including those of anesthesiologist Dr.**

**Jacob Abraham and preoperative nurse Justin Madamba, in which both acknowledged her refusal of haloperidol. Appellant believes that forcing haloperidol and a Foley catheter on her while she was unconscious in surgery, against her recorded refusal, constitutes felony assault and battery, including sexual battery.** The typed complaint is dated February 28, 2026. (**Ex. O**.) On March 9, 2026, Assistant Prosecutor Jon Hernandez, Judge Sattely's judicial law clerk from August 2023 to August 2024 (**Ex. M**), declined the aggravated assault charge for the haloperidol administration (**Ex. Q**), downgrading it from a crime of the third degree to simple assault, a disorderly persons offense. (**Ex. O**.) On April 17, 2026, he wrote: "The aggravated assault charge was declined, as the facts, upon my review, did not establish the requisite elements of that offense." (**Ex. N**.) Appellant asked him in writing that same day: "Could you clarify which element of N.J.S.A. 2C:12-1B(2) was not established?" He never replied. (**Ex. N**.) **Because Ms. Sattely is the nurse who administered the haloperidol at issue in that complaint, Mr. Hernandez, as Judge Sattely's former judicial law clerk, had a clear conflict of interest. He never disclosed that conflict and never recused himself.** (**Exs. N, O, Q**.) He also wrote: "There will not be a prosecutor from the Bergen County Prosecutor's Office present at the probable cause hearing." (**Ex. N**.) This left Appellant, a physically disabled complaining witness, to prosecute the matter herself.

**(b) The Foley catheter charge was refused the same day.** Appellant

also reported the Foley catheter inserted into her genitals without her knowledge or consent while she was unconscious. The Investigation Report states: “Detective/Sergeant Cullen and Sergeant Derienzo contacted the Bergen County Prosecutor’s Office via telephone and spoke with Special Victims Unit Detective Huda. Based on the information provided, Detective Huda advised that, at this time, Ms. Chan would not be deemed a victim of sexual assault.” (**Ex. R**.) The Bergen County Prosecutor’s Office thus refused to bring any charge for the Foley catheter, by telephone to Detective Sergeant Cullen and Sergeant Derienzo of the Paramus Police Department, on the same day Appellant reported it, while Appellant and Mr. Yau were still at the police station. Appellant asked for the legal basis. She was given none, and was told only, in substance, that the prosecutor has discretion to deny anything. She has audio recordings of her meetings and calls with the Paramus Police Department (Officer Barone and Sergeant DeRienzo, February 24; Detective Sergeant Cullen, February 27 and 28; Captain Schroeder, March 5, 2026), which she can provide to the Court. **Appellant believes her charges were declined to protect Defendant Elizabeth Sattely and her father, Judge Sattely. Assistant Prosecutor Hernandez, Judge Sattely’s former law clerk, himself declined the aggravated assault charge** (**Ex. N**), **and Appellant believes he also directed the refusal of the Foley catheter charge.**

**(c) Her criminal complaint became a “citizen complaint” without her knowledge or consent.** Appellant did not file a citizen complaint. Her criminal

complaint was downgraded to a citizen complaint without her knowledge or consent. Her complaint number, 0246-S-2026-000161, carried an “S,” which Appellant understands designated a summons to be served on the defendant, Dr. Kyra Bernstein. That summons was never served upon Dr. Bernstein. The court then claimed it was a citizen complaint only. On July 29, 2026, the Paramus Municipal Court Administrator, Cynthia A. Holmes, CMCA, wrote: “The"S' was included on this correspondence in error. The original document is 2026-161 This case was filed as a citizen complaint.” (**Ex. P**.)

**(d) Why she withdrew.** On June 1, 2026, Appellant withdrew the complaint without prejudice because of (1) Mr. Hernandez’s undisclosed conflict of interest; (2) the court’s failure to confirm her ADA accommodations in writing; and (3) the absence of any prosecuting authority, which prevented meaningful participation by a physically disabled complaining witness. (**Ex. P**; Declaration ¶ 9.)

**It is Appellant’s firm belief that counsel’s repeated misrepresentation of Defendant Elizabeth Sattely’s nursing title is intentional fraud, meant to protect Ms. Sattely from criminal charges and from liability in this lawsuit, and to protect both Ms. Sattely and her father, Judge James X. Sattely, Jr., from damage to their reputations.**

7. **The state court’s violation of Appellant’s Due Process and obstruction.** The Superior Court of New Jersey, Bergen County, granted Appellant a preliminary injunction on February 26, 2026, never enforced it, and

administratively dismissed her case on June 23, 2026, without notice, without docketing her filings, and 56 days before the August 18, 2026 lack-of-prosecution dismissal date stated in its own written notice. That dismissal extinguished the injunction. (Doc. 8 at 12; Doc. 8, Declaration ¶¶ 28–31.) The docket shows a "Disposition Date: 06/23/2026," "Dismissed By Court Without Prejudice," and shows that her June 22 and June 23, 2026 filings were not docketed until June 29 and June 26, 2026, after the dismissal. (**Ex. V**.)

The presiding judge, Judge John D. O'Dwyer, is the Presiding Judge of the Civil Division (D.N.J. Dkt. 5, Ex. A), in the same courthouse where Judge Sattely presides over the Criminal Division (**Ex. AD**). The defendant, Valley, is Defendant Elizabeth Sattely's employer, and the case concerned the same flags. Upon information and belief, **Judge O'Dwyer and Judge Sattely are colleagues and friends. Judge O'Dwyer never disclosed this conflict of interest, or any relationship with Judge Sattely, and never recused himself.** Appellant firmly believes this is one reason her state court case was obstructed, as set out below. The state court's clear bias, conflict of interest, and obstruction denied her due process, including the right to be meaningfully heard and to a fair adjudication as a pro se plaintiff, and forced her to file in federal court.

8. **How the state court case was obstructed. This appeal arises from Appellant's federal case in the District of New Jersey. Appellant first sought relief in a separate state court case, Chan v. Valley Health System, No. BER-L-000003-26, filed December 22, 2025. She filed her federal case**

**precisely because the state court violated her due process rights, as set out below.**

**(a) Appellant's audio evidence never became part of the court record.** Appellant uploaded all 84 of her exhibits, including 14 recordings of Defendants' own employees, to the state court's Evidence Submission Module, which accepts .mp3 and .mp4 files. The module's instructions state: **"Confirm with court staff in the county where your case is assigned before submitting evidence."** (**Ex. AE**.) **Case Management's Nichole Valente never answered Appellant's calls or returned her voicemails.** On February 2, 2026, she asked Valente in writing to confirm that her exhibits were "linked to the docket and accessible to the Court for the hearing." (**Ex. AE**.) **Valente never confirmed it. Her Evidence Submission Module never appeared on her public docket, and her audio recordings never became part of the court record.**

**(b) Appellant's medical records were filed under a "Psych" label because Case Management gave her no clear guidance.** Apart from the Evidence Submission Module, which no one would confirm was linked to her docket, no eCourts filing category was labeled for exhibits. Believing it was the place for medical record exhibits because its title included "Medical" and "records," on January 29, 2026, Appellant uploaded her surgical and imaging records to the "Medical, Psych, Alcohol/Drug records" module, a separate eCourts filing category, completely distinct from the Evidence Submission Module. The docket lists them twice under that label (LCV2026226121 and

LCV2026226123), each file marked "Access Restriction CONFIDENTIAL Rule 1:38-3(a)(2)." (**Ex. V**; **Ex. AC**.)

**(c) The clerks then immediately published the same records from the confidential Psych module to the public.** The same day, Case Management published the same records on the public docket as "General Correspondence uploaded by Case Management Staff": LCV2026226121 as LCV2026236389, and LCV2026226123 as LCV2026234594. (**Ex. V**; **Ex. AC**.) **Those public entries expose Appellant's complete medical records to anyone, and they show that Appellant's records contain zero psychiatric information.** Appellant has no psychiatric or alcohol/drug history. **On February 2 and 4, 2026, after seeing the label,** Appellant wrote to Valente that **she had "inadvertently uploaded" the records to that module, that "These are routine orthopedic and surgical records (ankle surgery, spine imaging, appendectomy). They contain no psychiatric, psychological, or drug-related content," and that "[t]his designation is inaccurate and misleading."** Valente replied **that "all documents have been sent to the appropriate judge for their review."** (**Ex. AE**.) Nothing was corrected.

**(d) Judge O'Dwyer denied Appellant's motion to correct the docket.** Appellant moved to link her Evidence Submission Module to her docket and to correct the "Psych" label. **Valley, which has never identified any psychiatric record or history of Appellant's, opposed even that motion.** On March 13, 2026, Judge O'Dwyer denied it, **giving no legal or other reason except the**

**words "no basis," which is illogical.** (**Ex. U**; **Ex. V**.) **Since the records contained no psychiatric information, and the court itself never treated them as confidential and instead published them directly onto the public docket, there was no reason to keep them under a "Psych" label with "Access Restriction CONFIDENTIAL Rule 1:38-3(a)(2)."** Appellant corrects her earlier statement that the state court did not rule on that motion. (Doc. 8 at 11–12; Doc. 8, Declaration ¶ 29.)

**(e) The obstruction denied Appellant due process. There was no legitimate reason to deny a self-represented, physically disabled litigant's request to link to her docket the Evidence Submission Module containing all 84 of her exhibits, including her audio recordings. Appellant's audio recordings never became part of the court record, and Appellant believes Judge O'Dwyer never reviewed or evaluated them.** Because he denied her motion without any legal or factual explanation, Appellant believes he did not review her other exhibits either. **The denial was illogical and unfair. Appellant believes it violated her due process rights, including her right to a meaningful opportunity to be heard on her evidence, and that it can be explained only by Judge O'Dwyer's bias and the undisclosed conflict of interest described in** ¶ 7. Given that Judge O'Dwyer denied her motion to enforce his own signed preliminary injunction order against Valley; denied linking her Evidence Submission Module to her docket; denied her motion to correct the docket clerks' errors; changed her Zoom hearing, her ADA

accommodation, to in-person less than 48 hours before it; was condescending and dismissive toward her; and administratively dismissed her case without notice; and given that the court denied her ADA request for CART captioning despite her physician's letter documenting her hearing impairment, which she submitted to Judge O'Dwyer and the ADA Coordinator (**Ex. X**), and her ear, nose and throat specialist confirmed that impairment with a diagnosis four days after the hearing (**Ex. Y**), Appellant believes that the clerks' handling of her records and his denial were intentional and malicious, meant to obstruct her case and to make it appear that she has psychiatric issues, because of the conflict described in ¶ 7. **Her entire case concerns false psychiatric flags. Filing her medical records under a "Psych" label, and then refusing to correct it, goes to the heart of her claims and violates her rights to due process and fundamental fairness.**

**(f) Her ADA accommodations were withdrawn and denied.** Her February 20, 2026 Order to Show Cause hearing was scheduled by Zoom, the disability accommodation she requested when she filed. On February 18, 2026, less than 48 hours before, the court gave notice: "Per Judge O'Dwyer, this matter will now be held IN-PERSON on February 20, 2026, at 10am." (**Ex. V**.) **This violated her due process and disability rights.** Only after she objected in writing that night did the ADA Coordinator, Arthur Andreano, write the next morning: "Apologies for any confusion, the hearing will proceed virtually as originally scheduled." He added: "Please be advised that while today's hearing

will be virtual, it may not always be an option going forward.” (**Ex. W**.) On April 8, 2026, two days before her April 10 hearing, Mr. Andreano denied her request for CART captioning, despite her physician’s letter: “She is having difficulties hearing in her court proceedings.” (**Ex. X**.) He wrote: “The letter is unclear and suggests that the request comes from you and not from the doctor. As I have previously mentioned in my email dated April 7, 2026, we can enable the ZOOM closed captioning. This will alleviate any burden on the Court.” (**Ex. W**.) **Appellant objected in writing on April 9, 2026:** “Of course I the litigant am requiring and therefore requesting CART services. That’s my legal right to request ADA accommodations. Moreover, again, closed captioning is auto-generated and error-prone, and not an equivalent accommodation to CART under Title II of the ADA. **Your denial is a violation of ADA statutes and noted for the record.”** (**Ex. W**.) Four days after the hearing, her ear, nose and throat specialist documented “Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side (H90.A22),” “Eustachian tube dysfunction,” described as “Other specified disorders of Eustachian tube, unspecified ear (H69.80),” and “Dysphonia (R49.0).” (**Ex. Y**.)

**(g) The April 10, 2026 hearing and Valley counsel Kavanagh’s fraudulent misrepresentations.** When Appellant, who is hard of hearing, said, “I’m sorry, I can’t -- I can’t really hear. Can you speak a little louder? I have it on full volume right now,” Judge O'Dwyer told her moments later: “You don’t need to yell. We may need to yell to you, but you --” (**Ex. T** at 3.) He later told

her: “Stop. Just close your mouth for a moment. I speak. And then you go. Okay? That’s how this works. All right.” (**Ex. T** at 7.) He relied on Valley’s certifications, and Appellant believes he never reviewed her audio recording evidence. Those certifications include Ms. Zicarelli’s February 25, 2026 supplemental certification, which **Valley’s counsel, Kavanagh, confessed that she “asked Janet Zicarelli to draft a supplemental Certification to specifically combat plaintiff’s statements,”** and which contradicts Ms. Zicarelli’s own February 5, 2026 sworn certification acknowledging the flags.

**First, Kavanagh actively omitted the word “supplemental”** from the title of Ms. Zicarelli’s second certification, dated February 25, 2026, **fraudulently presenting it as if it were the one and only** “CERTIFICATION OF JANET M. ZICARELLI, R.N., ESQ.” **At the same time, in her March 23, 2026 state court reply and in at least four District Court filings, Kavanagh relied solely on that supplemental certification and actively omitted Ms. Zicarelli’s initial certification dated February 5, 2026, Valley Privacy Officer Constance Wright’s November 12, 2025 letter acknowledging “flag or alert entries,” and Veech’s own February 6, 2026 opposition brief, which acknowledged the flags and attached the February 5 certification.** (¶ 5.)

**In those earlier documents, Valley acknowledged the flags while using HIPAA as a shield:**

(1) Valley Privacy Officer Constance Wright wrote on November 12, 2025: “As noted previously in response to your additional request for 'flag or

alert entries' and 'audit/access logs', any such tools or logs are not part of your or any other patient's designated record set. As defined by HIPAA, these entries and logs are not 'records' used, whether in whole or in part, to make decisions about individuals."

(2) Ms. Zicarelli swore on February 5, 2026 that Appellant "was also advised that any potential flags were not used by any medical/administrative staff in rendering care and treatment to the patient."

(3) Veech wrote on February 6, 2026 that "the defendants are not legally obligated to maintain such notations as part of the designated record set, pursuant to HIPAA," and that "such 'flags' and 'alerts' are not used for purposes of rendering medical judgment/decisions as to the care and treatment of the patient." (See also Doc. 18 at 2–5.)

**Kavanagh made the same fraudulent misrepresentation in at least four District Court filings.** In Dkt. 53, she cited "Exhibit A, Certification of Janet M. Zicarelli, Esq., R.N." That Exhibit A is the February 25, 2026 certification alone. (Dkt. 53-1.) In Dkt. 82, she wrote that "The Valley Hospital records do not contain any behavioral flags." In Dkt. 91, she relied on "a sworn Certification from The Valley Hospital Risk Manager." In Dkt. 91-1, she attached "the Certification of Janet Zicarelli." In Dkt. 101, she told the court that Appellant "attached a Certification from Janet Zicarreli," **although Appellant attached both.** (D.N.J. Dkt. 5, Exs. C, D.) **None of these filings mentions the word "supplemental," the February 5 certification, or Ms.**

**Wright's letter. These are clear fraudulent misrepresentations to the District Court.**

**Accepting a certification procured by counsel, without reviewing Appellant's evidence, is not a finding that no flags exist.** Judge O'Dwyer also denied Appellant's **motion to enforce the injunction,** then threatened her with fees without any cause, **falsely claiming that she had repeatedly sought enforcement of his own signed preliminary injunction order:** "So I'm putting you on notice that going forward you run the risk of fees being asserted against you if you continue to ask this Court to give you the same relief that's been denied on multiple occasions, okay?" (**Ex. T** at 10.) **Appellant had filed only one motion to enforce the injunction, which he heard on April 10, 2026.** (**Ex. V**; Declaration ¶ 10 below.) **This is clear prejudice and a violation of due process. It is all the more serious coming from a presiding judge, who must set the standard for fairness and impartiality for every judge in his court.**

9. **Why this evidence matters. Much of this evidence has never been presented to this Court. It shows why counsel's misrepresentations continue, and why Appellant filed her federal case: the state court's obstruction and denial of fundamental due process.** It bears on each factor for an injunction pending appeal. It explains why counsel repeatedly misstated the title of Judge Sattely's daughter, and why counsel's "no flags" word cannot be accepted. It shows that the state court and the county prosecutor, both, upon

information and belief, connected to Judge Sattely, gave Appellant no remedy, and that counsel's misrepresentations have continued in the District Court, which has not granted the relief Appellant seeks. Despite the July 6, 2026 Order that the Magistrate Judge "shall promptly schedule a Rule 16 initial scheduling conference" to address production of the requested ESI (Dkt. 56), no conference has been scheduled. Appellant's motion for ECF access (Dkt. 9), pending since April 2026, and her ADA accommodation requests (Dkts. 1-3, 68), pending since March 30, 2026, remain undecided. **This Court is Appellant's only remaining means to prevent irreparable harm.** Appellant offers it now because counsel's sixth misrepresentation, on November 19, 2026, shows the pattern is continuing.

The same filing shows counsel saying one thing to Appellant and the opposite to the Court. On October 20, 2026, Kavanagh wrote to Appellant: "I am willing to meet and confer next Tuesday, October 27th at 1 pm However, I will not commit to a discovery schedule until the Court orders one." (**Ex. AA**.) On October 26, 2026, she wrote: "It is my position that we should wait for the Court to enter a discovery order." (**Ex. AB**; D.N.J. Dkt. 110 at 31, Ex. E.) Yet on November 19, 2026, opposing Appellant's motion to enforce the July 6, 2026 Order (D.N.J. Dkt. 56) and for expedited production of flag and alert ESI (D.N.J. Dkt. 110), Valley argued: "It is not proper to request the Court to compel discovery within a time certain when the discovery process has not even begun." (D.N.J. Dkt. 111 at 1, **Ex. K**.) Counsel tells Appellant to wait for the

Court to order discovery, then tells the Court not to order it. If no flags exist, Valley has no reason to oppose producing that ESI. **Counsel's word, therefore, that no flags exist cannot be trusted.**

10. **The evidence. Exhibits A through AE** are attached and listed in the Index of Exhibits. **Exhibits A through R** were filed in person in the District Court on November 20, 2026, as exhibits to Appellant's reply brief, titled "Plaintiff's Reply Brief in Support of Motion to Enforce the July 6, 2026 Order (Dkt. 56), for an Immediate Rule 16 Scheduling Conference and Scheduling Order, and for Expedited Production of Flag and Alert ESI (Dkt. 110)" (D.N.J. No. 2:26-cv-03358-MCA-AME). The Clerk stamped it "RECEIVED NOV 20 2026" (**Ex. S**). Ex. S is Appellant's court-stamped copy as filed, before docketing; it is text-searchable, while the docketed version is not. It was not docketed by the Clerk's Office until November 22, 2026, as D.N.J. Dkt. 115, and then not as a reply, but only as a generic "Brief," not linked to Appellant's motion (Dkt. 110), and stripped of text-search. Because it is not linked to her motion, the District Judge may not see Appellant's reply, or Exhibits A through R, when deciding Dkt. 110. Appellant believes this is part of a continuing, systemic pattern of docketing errors in the District Court that **obstructs her filings and deprives her of due process.** Appellant believes this continuing obstruction reflects institutional bias against a self-represented, physically disabled Asian American litigant, and protection of Judge Sattely and his daughter, Defendant Elizabeth Sattely.

11. **Declaration.** Appellant's declaration under 28 U.S.C. § 1746, verifying the exhibits and the facts within her personal knowledge, follows this motion.

12. **Docketing errors in District Court.** Since the case began, the District Court docket clerks have mislabeled Appellant's filings (D.N.J. Dkts. 22, 40), including docketing her amended complaint as a miscellaneous notice (Dkt. 5), her proposed discovery plan as a miscellaneous letter (Dkt. 73), and Mr. Yau's affidavit as a miscellaneous letter (Dkt. 92); failed to link many of her filings to the motions, responses, and replies they address (e.g., Dkts. 58, 59, 78, 97, 115); merged three separately stamped filings into one (Dkt. 34), docketed her filings with shifted margins and lines across pages that her original PDFs did not have (e.g., Dkt. 41), omitted Appellant as the filer (Dkts. 97, 99, 103, 104, 110), entered wrong docket events that set no response deadlines, and stripped text-search from her filings, from no later than Dkt. 58 through Dkt. 115. When Appellant asked in writing for corrections, the Clerk of Court on October 19, 2026 made only "several corrections as deemed appropriate," refused the rest because they "do not, and will not, impact the pending litigation," and wrote that "[e]mails to staff members are not acceptable and will not be considered for any purpose." (D.N.J. Dkt. 107.) This leaves Appellant no way to correct the clerks' errors and **violates her due process rights. Exhibits F, O, R, S, U, X, and Y** are Appellant's own OCR text-searchable copies, provided for the Court's convenience.

WHEREFORE, Appellant respectfully requests that the Court grant leave to supplement, consider **Exhibits A through AE** in deciding her Emergency Motion (Doc. 8), and grant such other relief as the Court deems just.

Dated: November 23, 2026
Respectfully submitted,
/s/ Ki Sau Chan
**Ki Sau Chan**
Appellant
403 McGuigan Place, Harrison, NJ 07029
ki.chan@alumni.stanford.edu

**CERTIFICATE OF COMPLIANCE**

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 5,170 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Ki Sau Chan

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, I filed this motion and Exhibits A through AE with the Clerk of the Court through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Ki Sau Chan

**This filing totals 137 pages:** Motion, Declaration, and Index of Exhibits (27 pages) and Exhibits A through AE (110 pages).

## DECLARATION OF KI SAU CHAN

I, Ki Sau Chan, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff-Appellant. I have personal knowledge of the facts stated below.

2. **Exhibits A through AE** are true and correct copies of the documents they are described to be. **Exhibits F, O, R, S, U, X, and Y** are my own OCR text-searchable copies. My date of birth and driver's license number are redacted on **Exhibit R**, and my date of birth and other personal information are redacted on **Exhibits X and Y**. Red boxes were added to the exhibits to mark the relevant words.

3. **I filed a criminal complaint at the police station.** On February 24, 2026, my life partner, Johnny Yau, and I went in person to Paramus Police Headquarters. I reported that, on August 12, 2025, haloperidol was administered to me, and a Foley catheter was inserted into me, without my knowledge or consent while I was unconscious in surgery at Valley Hospital. The Paramus Police Department opened Investigation Report No. I-2026-006853. (**Ex. R**.) I made my criminal complaint there. (**Ex. O**.) I filed a criminal complaint, not a citizen complaint.

4. **The Foley catheter charge was declined.** The police report states that, the same day, Special Victims Unit Detective Huda of the Bergen County Prosecutor's Office advised by telephone that I "would not be deemed a victim of

sexual assault.” (**Ex. R**.) No charge was ever brought for the Foley catheter. Johnny Yau and I were still at the police station when we were told of this. I asked for the legal basis. I was given none. I was told only, in substance, that the prosecutor has discretion to deny anything.

5. **The haloperidol charge was downgraded.** My complaint charged aggravated assault, a crime of the third degree. (**Ex. O**.) The Bergen County Prosecutor’s Office declined that charge on March 9, 2026. (**Ex. Q**.) This downgraded the charge to simple assault, a disorderly persons offense. (**Ex. O**.) No one told me, or asked for my consent, before the charge was declined.

6. **Assistant Prosecutor Hernandez gave no legal basis, even when I asked.** On April 17, 2026, Assistant Prosecutor Jon Hernandez wrote to me: “The aggravated assault charge was declined, as the facts, upon my review, did not establish the requisite elements of that offense.” He did not say which elements. That same day, I asked him by email: “Could you clarify which element of N.J.S.A. 2C:12-1B(2) was not established?” He never replied. (**Ex. N**.)

7. **Assistant Prosecutor Hernandez never recused himself.** Mr. Hernandez’s LinkedIn profile states that he was “Judicial Law Clerk to the Honorable James X. Sattely, P.J.Cr.” from August 2023 to August 2024. (**Ex. M**.) He never disclosed this to me, and he never recused himself from my case.

8. **My criminal complaint was downgraded to a citizen complaint.** No one told me, or asked for my consent, before my criminal complaint was

downgraded to a citizen complaint. On July 29, 2026, the Paramus Municipal Court Administrator, Cynthia A. Holmes, CMCA, wrote to me: “The"S' was included on this correspondence in error. The original document is 2026-161 This case was filed as a citizen complaint.” (**Ex. P**.)

9. **Why I withdrew my complaint.** On June 1, 2026, I voluntarily withdrew my complaint, in writing, without prejudice. (**Ex. P**.) As I wrote to the court that day, my reasons were: (1) the conflict of interest in the prosecution of the matter, because Assistant Prosecutor Hernandez previously clerked for Judge Sattely; (2) the court’s failure to confirm my ADA Title II accommodations in writing despite multiple requests; and (3) the procedural posture of the hearing, including the absence of a prosecuting authority and the unresolved accommodation requests, which prevented meaningful participation by a physically disabled complaining witness.

10. **My state court case.** In my state court case before Judge John D. O'Dwyer, the court’s ADA Coordinator, Arthur Andreano, denied my ADA request for CART captioning two days before my April 10, 2026 hearing, even though I had provided my physician’s April 5, 2026 letter stating that I have difficulties hearing in my court proceedings. (**Exs. W, X**.) My ear, nose and throat specialist’s April 14, 2026 visit note documents my left-ear hearing loss and my dysphonia. (**Ex. Y**.) The court had granted me a Zoom hearing as a disability accommodation. On February 18, 2026, less than 48 hours before my February 20, 2026 hearing, the court changed it to an in-person hearing, “Per

Judge O'Dwyer," and restored Zoom only after I objected in writing that night. (**Exs. V, W**.) I filed only one motion to enforce the injunction against Valley. Believing it was the place for medical record exhibits because its title included "Medical" and "records," I inadvertently filed my medical records (operative, imaging, and ER reports) in the "Medical, Psych, Alcohol/Drug records" module. (**Ex. V**.) None contains any psychiatric information, and I have no psychiatric or alcohol/drug history. I asked Case Management's Nichole Valente in writing to correct it; she sent my request to the judge. (**Ex. AE**.) I moved to correct it, and Judge O'Dwyer denied the motion. At the April 10, 2026 hearing, Judge O'Dwyer was disrespectful toward me, spoke to me dismissively although I am hard of hearing, and threatened me with fees. (**Ex. T**.) My earlier statement that the state court did not rule on my motion to correct the docket (Doc. 8, Declaration ¶ 29) was mistaken: Judge O'Dwyer denied that motion on March 13, 2026. (**Ex. U**.)

11. I strenuously believe my due process rights were egregiously violated in that criminal complaint case and in my state court case.

12. Upon information and belief, Judge James X. Sattely, Jr. and Defendant Elizabeth Sattely share a long-term home address in Oradell, New Jersey. (**Exs. A, L, Z**.) Upon request, I will submit for in camera review my audio recordings concerning Dr. Abraham and my criminal complaint, and records showing the shared home address of Defendant Elizabeth Sattely and her father, Judge James X. Sattely, Jr.

Executed on November 23, 2026.

/s/ Ki Sau Chan
**Ki Sau Chan**

# INDEX OF EXHIBITS

Page numbers refer to the "Exhibits – Page" number at the bottom of each exhibit page.


| Exhibit | Description | Page |
|---|---|---|
| A | New Jersey license verification: Elizabeth Sattely holds an RN license only | 1 |
| B | Valley Defendants' Answer (D.N.J. Dkt. 38), admitting Ms. Sattely is a Registered Nurse | 4 |
| C | D.N.J. Dkt. 29 (May 27, 2026): false APN title | 6 |
| D | D.N.J. Dkt. 66 (July 15, 2026): false APN title | 8 |
| E | D.N.J. Dkt. 70 (July 28, 2026): false APN title | 10 |
| F | D.N.J. Dkt. 71 (July 29, 2026): Appellant's notice to counsel | 12 |
| G | D.N.J. Dkt. 108 (October 26, 2026): false APN title, after notice | 15 |
| H | 3d Cir. Doc. 22 (October 26, 2026): false APN title, after notice | 17 |
| I | 3d Cir. Doc. 26 (October 26, 2026): counsel state her title correctly as RN | 19 |
| J | D.N.J. Dkt. 109 (November 11, 2026): counsel state her title correctly as RN | 22 |
| K | D.N.J. Dkt. 111 (November 19, 2026): false APN title again | 24 |
| L | Obituary of Nancy E. Sattely, Judge Sattely's mother | 26 |
| M | LinkedIn profile of Assistant Prosecutor Jon Hernandez | 28 |
| N | Emails between Assistant Prosecutor Hernandez and Appellant (April 17, 2026) | 31 |
| O | Appellant's criminal complaint, Paramus Police Case No. 2026-6853 | 34 |
| P | Email from Paramus Municipal Court Administrator Holmes (July 29, 2026) | 36 |
| Q | Email from Paramus Municipal Court Administrator Holmes (April 9, 2026) | 40 |
| R | Paramus Police Department Investigation Report (February 24, 2026) | 42 |
| S | Court-stamped first page of Appellant's District Court reply brief (November 20, 2026) | 45 |
| T | Certified transcript, state court hearing before Judge O'Dwyer (April 10, 2026) | 47 |
| U | Order of Judge O'Dwyer (March 13, 2026) | 59 |
| V | State court public docket, No. BER-L-000003-26 | 61 |
| W | Correspondence from state court ADA Coordinator Arthur Andreano | 68 |
| X | Letter from Appellant's physician (April 5, 2026) | 79 |
| Y | Visit note of Appellant's ear, nose and throat specialist (April 14, 2026) | 81 |
| Z | Patch article, "Sattely Named County Counsel" (February 13, 2012) | 86 |
| AA | Email of Eileen M. Kavanagh, Esq. (October 20, 2026) | 90 |
| AB | Email of Eileen M. Kavanagh, Esq. (October 26, 2026) | 93 |
| AC | State court docket screenshots (January 29, 2026 entries) | 96 |
| AD | N.J. Supreme Court Order and NJ Courts directory: Judge Sattely | 101 |
| AE | Emails with Case Management (Valente): ESM guide p. 2, Feb. 2-4, 2026 | 106 |

# EXHIBIT A

New Jersey Division of Consumer Affairs, Board of Nursing public license verification (newjersey.mylicense.com), printed Nov. 19, 2026:
**Elizabeth Sattely holds only an RN license**, aka “Registered Professional Nurse” license (No. 26NR22909000); no APN certification

NEW JERSEY DIVISION OF CONSUMER AFFAIRS

Christopher L. Peterson
*Acting Director*
*Read Bio*

**Search Results**

For a more detailed view of a licensee's background, select the licensee name from the alphabetical list below. Click the numbers below the grid to see additional pages of licensees. To return to the Se
Search Again button below. (Do not use the browser Back key.)

| Full Name | License Number | Profession | License Type | License Status | |
|---|---|---|---|---|---|
| ELIZABETH SATTELY | 26NR22909000 | Nursing | Reg. Prof. Nurse-Single State | Active | Ora |

1

Person Search Again    Business Search Again

Division
Division Home
Consumer Protection
Licensing Boards
File a Complaint
Adoptions & Rule Proposals
Internship Opportunities

Department
OAG Home
Contact OAG
FAQ OAG
OAG News
Services A to Z
Employment

State
NJ Home
Services A-Z
Departments/Agencies
FAQs

Legal
Legal Statement
Privacy Notice
Accessibility Statement

RSS
Sign up for New Jersey Division of Consumer Affairs RSS feeds to ge
latest information. You can select any category that you are intereste
and any time the website is updated you will receive a notification.

More information about RSS feeds.

OPRA | Public R

Copyright © 2017 State of New Jersey.

NEW JERSEY DIVISION OF CONSUMER AFFAIRS

Christopher L. Peterson
*Acting Director*
*Read Bio*

**License Information**

**Accurate as of November 19, 2026 1:01 PM**

Return to Search Results

**Name:** ELIZABETH SATTELY

**Address:** Oradell,NJ

**Profession/License Type:** Nursing,Reg. Prof. Nurse-Single State

**License No:** 26NR22909000

**License Status:** Active

**Status Change Reason:** License Issuance

**Issue Date:** 7/23/2021

**Expiration Date:** 5/31/2027

Board Action: No

Prerequisites

For discipline information prior to January 01, 2010 please contact the Board of Nursing via bondiscipline@dca.njoag.gov.

Division
Division Home
Consumer Protection
Licensing Boards
File a Complaint
Adoptions & Rule Proposals
Internship Opportunities

Department
OAG Home
Contact OAG
FAQ OAG
OAG News
Services A to Z
Employment

State
NJ Home
Services A-Z
Departments/Agencies
FAQs

Legal
Legal Statement
Privacy Notice
Accessibility Statement

RSS
Sign up for New Jersey Division of Consumer Affairs RSS feeds to get latest information. You can select any category that you are intereste and any time the website is updated you will receive a notification.

More information about RSS feeds.

OPRA | Public R

Copyright © 2017 State of New Jersey.

# EXHIBIT B

Valley Defendants' Answer, filed June 10, 2026 (D.N.J. Dkt. 38), page 4, ¶ 32:
**admitting Elizabeth Sattely is a Registered Nurse, an RN only.**

30. The Valley Defendants do not admit or deny the allegations contained in this paragraph of the Amended Complaint, as they are not directed at The Valley Defendants.

31. The Valley Defendants admit that Julie Zavadenko, APN is an Advanced Practice Nurse affiliated with The Valley Hospital. The Valley Defendants deny the remaining allegations.

32. The Valley Defendants admit that Elizabeth Sattely, RN is a Registered Nurse employed or affiliated with The Valley Hospital. The Valley Defendants deny the remaining allegations.

33. The Valley Defendants admit that Gizem Akkus, RN is a Registered Nurse employed or affiliated with The Valley Hospital. The Valley Defendants deny the remaining allegations.

34. The Valley Defendants admit that Telisha Calasse, RN, is a Registered Nurse employed or affiliated with The Valley Hospital. The Valley Defendants deny the remaining allegations.

35. The Valley Defendants do not admit or deny the allegations contained in this paragraph of the Amended Complaint, as they are not directed at The Valley Defendants.

## FACTUAL ALLEGATIONS

### A. Retaliatory Behavioral Flags After Patient Safety Complaints

36-40. The Valley Defendants do not admit or deny the allegations contained in these paragraphs of the Amended Complaint, as they are not directed at The Valley Defendants.

41. The Valley Defendants do not admit or deny the allegations contained in these paragraphs of the Amended Complaint, as they are not directed at The Valley Defendants. To

# EXHIBIT C

Valley Defendants’ letter, filed May 27, 2026 (D.N.J. Dkt. 29), page 1: **fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III +**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI +**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**

May 27, 2026

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 2:26-cv-03358-MCA-AME**
**Our File No.: VH349**

Dear Judge Espinosa:

On behalf of defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD, please accept the following opposition to plaintiff's request for leave to file a motion for sanctions.

Plaintiff's request is without merit and should be denied. Plaintiff forwarded to Farkas & Donohue requests for service on behalf of The Valley Hospital, Valley Medical Group, Valley Health System. Telisha Calasse, RN, Gizem Akkus, RN, Elizabeth Sattely, RN, Julie Zavadenko, APN, Carl Winkler, MD, Kyra Bernstein, MD, Harry Owusu-Dapaah, MD, and Juxhesta Cakrani, MD. On April 28, 2026, I advised plaintiff that Farkas & Donohue is not an authorized agent to accept service for any of the named defendants and further advised that a decision on representation of these defendants had not yet been made. These statements were made because they were truthful and accurate.

# EXHIBIT D

Valley Defendants’ opposition to Plaintiff’s § 1927 motion, filed July 15, 2026 (D.N.J. Dkt. 66), page 1:
**fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III +**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK+*◆**
**MATTHEW E. NAPPI -**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**- Admitted in NJ**
**◆ Of Counsel**


July 15, 2026

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 2:26-cv-03358-MCA-AME**
**Our File No.: VH349**

Dear Judge Arleo

Please accept the following opposition to plaintiff's motion for sanctions against counsel for defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD.

Plaintiff's request is without merit and should be denied. Contrary to plaintiff's argument there has been no evasion or intimidation on my part. Plaintiff forwarded to Farkas & Donohue requests for waivers of service on behalf of The Valley Hospital, Valley Medical Group, Valley Health System. Telisha Calasse, RN, Gizem Akkus, RN, Elizabeth Sattely, RN, Julie Zavadenko, APN, Carl Winkler, MD, Kyra Bernstein, MD, Harry Owusu-Dapaah, MD, and Juxhesta Cakrani, MD. On April 28, 2026, I advised plaintiff that Farkas & Donohue is not an authorized agent to accept service (and thus cannot accept waivers of service) for any of the named

# EXHIBIT E

Valley Defendants' opposition to Plaintiff's accommodations motion, filed July 28, 2026 (D.N.J. Dkt. 70), page 1:
**fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III +**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK+*◆**
**MATTHEW E. NAPPI -**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**- Admitted in NJ**
**◆ Of Counsel**


July 28, 2026

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 2:26-cv-03358-MCA-AME**
**Our File No.: VH349**

Dear Judge Espinosa:

On behalf of defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD, please accept the following opposition to plaintiff's request that she be permitted to proceed with written submissions only which will prohibit all oral communications with counsel and the court.

Plaintiff chose to file a lawsuit in federal court against multiple individuals and entities and now is requesting the court to prohibit the parties from engaging in any oral arguments, case management conferences, etc. She claims that she has difficulty hearing and seeing and she prefers to communicate through written correspondence. First, plaintiff has not submitted a report from any medical doctor which states that her hearing or vision issues prevent her from participating in verbal exchanges with counsel or the court. The medical records that she attaches do not state that she cannot participate in live proceedings or that she is unable to hear or see.

# EXHIBIT F

Plaintiff’s reply, filed July 29, 2026 (D.N.J. Dkt. 71), pages 1–2:
**Plaintiff’s notice to defense counsel of their misrepresentation** of Elizabeth Sattely’s nursing title (Plaintiff’s OCR text-searchable version)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KI SAU CHAN,** | **Case No. 2:26-cv-03358-MCA-AME** |
| *Plaintiff,* | Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. André M. Espinosa, U.S.M.J. |
| v. | |
| **VALLEY HEALTH SYSTEM, INC., et al.,** | |
| *Defendants.* | **Motion Day: August 17, 2026** |

2026 JUL 29 A
CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

**PLAINTIFF'S REPLY IN SUPPORT OF HER ACCOMMODATIONS MOTION (DKT. 68) AND RESPONSE TO VALLEY DEFENDANTS' OPPOSITION (DKT. 70)**

Plaintiff Ki Sau Chan, pro se, respectfully submits this reply in support of her pending accommodations motion (Dkt. 68, motion day August 17, 2026) and in response to the Valley Defendants' letter opposition (Dkt. 70).

**First, Dkt. 70 mischaracterizes the motion.** Plaintiff does not ask the Court to "prohibit all oral communications." Dkt. 68 seeks that proceedings in which Plaintiff participates be conducted in writing or remotely by video with realtime text/CART support and reasonable breaks. Counsel's rhetorical questions about depositions and trial answer themselves: such proceedings go forward remotely with CART captioning, as courts routinely order as effective-communication accommodations.

**Second, counsel's reliance on the state-court Zoom proceedings is misplaced.** Counsel states that Plaintiff "fully participated" in two state-court Zoom proceedings. Neither proceeding was conducted with CART. The certified official transcript of the first records the majority of Plaintiff's remarks as "indiscernible." As to the second, Plaintiff's request for CART was denied. A proceeding in which the court reporter could not discern the litigant's words is not full participation; it is the precise communication failure that Dkt. 68 seeks to remedy.

**Third, no rule conditions effective-communication accommodations on a physician's letter.** Plaintiff's submissions document her hearing impairment, her vocal impairment (vocal-cord dysfunction), and her visual impairment, including high myopia and the sequelae of retinal tears and emergency laser surgery. Defendants cite no authority requiring a physician's narrative report as a precondition to accommodations that ensure a litigant can hear, be understood, and read the record.

**Fourth, Dkt. 70 misidentifies counsel's own clients' credentials.** For the third consecutive filing (Dkt. 29 at 1; Dkt. 66 at 1; Dkt. 70 at 1), defense counsel Kavanagh erroneously labels

Elizabeth Sattely an "APN" and Julie Zavadenko an "RN." The Amended Complaint (Dkt. 5) and Valley's own records establish the opposite: Sattely is a registered nurse and Zavadenko is an advanced practice nurse. The error is especially striking because the retention lists on the very next page of counsel's Dkt. 29 and Dkt. 66 both correctly identify "Elizabeth Sattely, RN" and "Julie Zavadenko, APN," as does Defendants' Answer (Dkt. 38). The distinction is material. An APN and an RN have different scopes of practice and ordering authority, and RN Sattely's role in overriding two safeguards of the automated medication dispensing system to administer haloperidol — a black-box-warning antipsychotic — to Plaintiff on August 12, 2025 is a central subject of discovery in this action. **Plaintiff has no evaluation, diagnosis, treatment, or referral for any condition warranting antipsychotic medication her entire 57 years of life.**

For the foregoing reasons and those stated in Dkt. 68, Plaintiff respectfully requests that her accommodations motion be granted.

Respectfully submitted,

**Ki Sau Chan**
*Plaintiff pro se*
403 McGuigan Place, Harrison, NJ 07029
(201) 852-5390 | ki.chan@alumni.stanford.edu
Dated: July 29, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, a true and correct copy of the foregoing Reply in Support of Plaintiff's Accommodations Motion (Dkt. 68) was filed with the Court by hand delivery. It will be served upon all counsel of record via the Court's CM/ECF system upon docketing by the Court. Additionally, courtesy copies will be e-mailed to all counsel of record.

**Ki Sau Chan**

# EXHIBIT G

Valley Defendants' reply brief, filed October 26, 2026 (D.N.J. Dkt. 108), page 1: **fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN, after Plaintiff's notice

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III + (1971-2026)**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI**
**MICHAEL C. SALVO+**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**

October 26, 2026

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 26-3345**
**Our File No.: VH349**

Dear Judge Arleo:

This firm has been retained to represent defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD ("the Valley Defendants") in connection with the above referenced matter. Returnable on November 2, 2026, is defendants motion to dismiss pursuant to F.R.C.P. 12(c) under document number 101. Kindly accept this letter reply to

# EXHIBIT H

Valley Defendants’ reply, filed October 26, 2026 (3d Cir. No. 26-3345, Doc. 22, later removed by Clerk’s order), page 1:
**fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN, after Plaintiff’s notice

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III + (1971-2026)**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI**
**MICHAEL C. SALVO+**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**


October 26, 2026

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 26-3345**
**Our File No.: VH349**

Dear Judge Arleo:

This firm has been retained to represent defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD ("the Valley Defendants") in connection with the above referenced matter. Returnable on November 2, 2026, is defendants motion to dismiss pursuant to F.R.C.P. 12(c) under document number 101. Kindly accept this letter reply to

# EXHIBIT I

Valley Defendants’ letter to the Third Circuit, filed October 26, 2026 (3d Cir. No. 26-3345, Doc. 26), pages 1–2, filed only after Plaintiff moved to strike Document 22 (3d Cir. Doc. 23):
**the same day, defense counsel state Elizabeth Sattely’s title correctly as RN**

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III + (1971-2026)**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI**
**MICHAEL C. SALVO+**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**

October 26, 2026

**Via eFiling (CM/ECF)**
United States Court of Appeals
For the Third Circuit
ATTN: Patricia S. Doszuweit | Clerk
James A. Byrne United states Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 26-3345**
**Our File No.: VH-349**

Dear Madam Clerk Doszuweit:

This firm represents Defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, APN, Elizabeth Sattely, RN, Gizem Akkus, RN, and Carl Winkler, MD., (hereinafter The Valley defendants) in connection with the above referenced matter. Today, my staff inadvertently filed Document No.: 22 under this appellate docket. The filing was meant to be in the District Court of New Jersey. Defendants did not intend to confuse the record before this honorable court, as it was merely an administrative oversight. In fact, our staff has been on the phone with court staff in order to remove the filing in

its entirety. We are awaiting a call back from the court staff in order to determine next steps in having this filing be rescinded.

In an effort to remedy this administrative mistake, defendants are filing this correspondence in an abundance of caution to respectfully request that document no.: 22 be removed from the filing. We thank the Court for its time and attention to this matter.

Very Respectfully Submitted,

/s/ Robert G. Veech, III, Esq.

Robert G. Veech, III, Esq.
RVeech@FarkasandDonohue.com

RGV/al

# EXHIBIT J

Valley Defendants’ motion for summary judgment, filed November 11, 2026 (D.N.J. Dkt. 109), page 2:
**defense counsel FINALLY state Elizabeth Sattely’s title correctly** as RN,
**only to resume the false title of APN again in Dkt. 111 (see Ex. K)**

COUNSELORS:

**PLEASE TAKE NOTICE** that defendants respectfully move this Court for the entry of an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 granting dismissal of Counts 5 and 7 of plaintiff's Amended Complaint. Defendants respectfully request assignment of this matter to the motion day set for December 7, 2026.

**PLEASE TAKE FURTHER NOTICE** that the undersigned will rely upon the annexed Certification and Brief in support of the within application; and

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested if opposition is filed. A proposed form of Order is attached hereto.

**FARKAS & DONOHUE, LLC**
Attorneys for Defendants, The Valley Hospital, Valley Medical Group, Valley Health System, Dr. Winkler, Gizem Akkus, RN, Elizabeth Sattely, RN, Julie Zavadenko, APN, and Telisha Calasse, RN.

/s/ Eileen M. Kavanagh, Esq.

By: ______________________________
Eileen M. Kavanagh, Esq.

Dated: November 11, 2026

# EXHIBIT K

Valley Defendants' letter, filed November 19, 2026 (D.N.J. Dkt. 111), page 1:
**fraudulent misrepresentation** by defense counsel Farkas & Donohue, LLC that Elizabeth Sattely is an APN, after Plaintiff's notice AND after defense counsel finally corrected ONE time, in Dkt. 109, that Elizabeth Sattely is an RN,
**only to resume the false APN title again**

# FARKAS & DONOHUE, LLC

**-Counselors at Law-**
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Email: Office@FarkasandDonohue.com
www.FarkasandDonohue.com

**EVELYN CADORIN FARKAS***
**DAVID C. DONOHUE #***
**ROBERT J. MORMILE ****
**BETH A. HARDY***
**CHARLES E. MURRAY III + (1971-2026)**
**EILEEN M. KAVANAGH +**
**JENNIFER SALFI GIANETTI ◆**
**GUY M. MAGNUSSON ◆**
**ROBERT G. VEECH III +**
**DOUGLAS F. CIOLEK*◆**
**MATTHEW E. NAPPI**
**MICHAEL C. SALVO+**

*** Certified By The Supreme Court of New Jersey as a Certified Civil Trial Attorney**
**** Admitted in NJ & PA**
**+ Admitted in NJ & NY**
**# Admitted in NJ & AZ**
**◆ Of Counsel**


November 19, 2026

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2037
Newark, New Jersey 07102

**Re: Ki Sau Chan v. Valley Health System, et al.**
**Docket No: 2:26-cv-03358-MCA-AME**
**Our File No.: VH349**

Dear Judge Espinosa:

On behalf of defendants, The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN and Carl Winkler, MD, please accept the following opposition to plaintiff's motion for expedited document production.

Plaintiff requests an expedited discovery schedule and requests an order compelling defendants to produce numerous items within 30 days. This request is improper for multiple reasons and should be denied. It is not proper to request the Court to compel discovery within a time certain when the discovery process has not even begun. All parties have submitted proposed discovery plans, but the Court has not yet entered a scheduling order. Therefore, there is no basis for plaintiff's motion to compel discovery within 30 days.

# EXHIBIT L

Obituary of Nancy E. Sattely (Volk Leber Funeral Home website, printed Nov. 20, 2026), page 1 of 3:
**names her son, “the Hon. James X. Sattely, Jr., P.J.Cr.,” and her grandchildren “Elizabeth, Catherine and Caroline”**

# Nancy E. Sattely

November 12, 2023

Login

PRINT

**The family of Nancy E. Sattely created this Life Tributes page to make it easy to share your memories.** ✕

Volk LEBER FUNERAL HOME

ABOUT US LOCATIONS CONTACT US (201) 836-0202

OBITUARIES WHAT WE DO PLAN AHEAD GRIEF & HEALING RESOURCES MERCHANDISE



Share a Memory

Share

## Obituary for Nancy E. Sattely

Nancy Elizabeth (nee Fahey) Sattely, 87, gently passed away surrounded by her loving family on November 12, 2023. Born in Wilkes-Barre, Pennsylvania, she was the daughter of Joseph and Elizabeth Fahey who made their home in Inkerman, Pennsylvania. Nancy attended Misericordia University, Dallas, Pennsylvania and obtained a Bachelor of Arts degree in teaching. While employed, she met her future husband, James. After Nancy and James married, they resided in New Milford and later, Upper Saddle River, New Jersey. Nancy was a housewife and focused on raising her cherished son, James, Jr. A devout Catholic, she was a parishioner of Saint Joseph Church in Oradell and later, Church of the Presentation in Upper Saddle River. Nancy was an enthusiastic reader and also enjoyed all forms of crossword puzzles, game shows and watching the Catholic Mass on television. She cherished spending time with her grandchildren and was delighted to be part of all their life events.

Nancy was predeceased by her husband James and siblings John and Joseph Fahey. She is survived by her devoted son, the Hon. James X. Sattely, Jr., P.J.Cr., and daughter-in-law Maris of Oradell, her adoring grandchildren Elizabeth, Catherine and Caroline, a sister, Katherine Addonizio and her faithful companion, Bella. Visitation is at Volk Leber Funeral Home, 268 Kinderkamack Road, Oradell, New Jersey on Friday, November 17, 2023 from 2 to 4 pm and 7 to 9 pm. A private funeral service will be held Saturday November 18th 10 am at the funeral home. Interment will follow at Saint Joseph's Cemetery, Hackensack where she will be laid to rest next to her cherished husband James. In lieu of flowers, memorial contributions in Nancy's memory to Villa Marie Claire Hospice, 12 West Saddle River Road, Saddle River, New Jersey 07458 https://www.villamarieclaire.org/support would be appreciated.

## Cemetery Details

# EXHIBIT M

LinkedIn profile of **Assistant Prosecutor Jon Hernandez** (printed Apr. 9, 2026), pages 1–2 of 3 (the “Exhibit C” heading is from an earlier use of this printout):
**“Judicial Law Clerk to the Honorable James X. Sattely, P.J.Cr.,” August 2023 to August 2024**

**Exhibit C: LinkedIn profile of Jon Hernandez**

Search



Jon Hernandez · 3rd
Assistant Prosecutor
Bergen County Prosecutor's Office (BCPONJ)
United States · 500+ connections

Connect | Message

## Activity

664 followers



**Last week, I had the privilege of attending the IAPP Global Summit 2026 in Washington, DC made possible by an IAPP scholarship. A huge thank yo...**
Jon Hernandez liked this

Try the LinkedIn app | Continue

Home | My Network | Post | Notifications | Jobs

Bergen County Prosecutor's Office (BCPONJ)
Sep 2024 - Present · 1 yr 8 mos

### Judicial Law Clerk
Bergen County Superior Court
Aug 2023 - Aug 2024 · 1 yr 1 mo
Hackensack, New Jersey, United States
Judicial Law Clerk to the Honorable James X. Sattely, P.J.Cr.

## Education

### Elisabeth Haub School of Law at Pace University
Doctor of Law - JD
Jan 2021 - May 2023

### Ramapo College of New Jersey
Bachelor of Arts - BA · History
2016 - 2020
Activities and societies: Alpha Sigma Phi Fraternity; Ramapo College Concert Band

### Pascack Hills High School
2012 - 2016

## Skills

Criminal Prosecution · Leadership · Public Speaking · Teamwork · Professional Communication · Written Communication · Legal Research · Legal Writing · Legal Document Preparation · Legal Service

See more

## Contact

LinkedIn
https://www.linkedin.com/in/jon-hernandez-b5041b180

## Other similar profiles

# EXHIBIT N

Email from Assistant Prosecutor Jon Hernandez to Plaintiff, April 17, 2026, with Plaintiff's reply the same day (2 pages):
**"The aggravated assault charge was declined, as the facts, upon my review, did not establish the requisite elements of that offense."**
Plaintiff asked: **"Could you clarify which element of N.J.S.A. 2C:12-1B(2) was not established?"**
**Assistant Prosecutor Hernandez never replied.**

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# Re: State v. Bernstein, S 2026-161 — Complainant Inquiry

1 message

**Ki Chan** <ki.chan@alumni.stanford.edu> Fri, Apr 17, 2026 at 4:52 PM
To: "Hernandez, Jon Francisco" <jhernandez@bcpo.net>
Cc: LegalAdvisor2 <LegalAdvisor@bcpo.net>

Could you clarify which element of N.J.S.A. 2C:12-1B(2) was not established?

Ki Sau Chan
Ki.chan@alumni.stanford.edu

On Fri, Apr 17, 2026 at 4:25 PM Hernandez, Jon Francisco <jhernandez@bcpo.net> wrote:

> Good afternoon,
>
> The aggravated assault charge was declined, as the facts, upon my review, did not establish the requisite elements of that offense.
>
> There will not be a prosecutor from the Bergen County Prosecutor's Office present at the probable cause hearing. Whether the municipal prosecutor is present, I'd suggest referring back to the municipal court administrator for that information.
>
> Thank you,
>
> -
>
> **Jon Hernandez**
>
> **Assistant Prosecutor**
> **Bergen County Prosecutor's Office**
>
> **Domestic Violence Unit/Gun Forfeiture Team**
>
> **2 Bergen County Plaza**
> **Hackensack, NJ 07601**
>
> **Direct: 201-226-5144**
>
> **JHernandez@bcpo.net**

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Thursday, April 9, 2026 3:20 PM
**To:** Hernandez, Jon Francisco <jhernandez@bcpo.net>
**Subject:** State v. Bernstein, S 2026-161 — Complainant Inquiry

Dear Mr. Hernandez,

I am the complainant in State v. Bernstein, S 2026-161, Paramus Municipal Court. The probable cause hearing is scheduled for April 22, 2026. I was referred to you by the court clerk, Cynthia Holmes.

I have two questions:

1. The original complaint included an aggravated assault charge under N.J.S.A. 2C:12-1B(2), which was declined by the Prosecutor's Office on March 9, 2026. What was the basis for that declination?

2. Will a prosecutor be present at the April 22 probable cause hearing?

I would also like to request a pre-hearing consultation at your earliest convenience.

Thank you.

Ki Sau Chan
(201) 852-5390
ki.chan@alumni.stanford.edu

Sent from my iPhone

# EXHIBIT O

Plaintiff's criminal complaint, Paramus Police Case No. 2026-6853, Complaint No. 0246-2026-000161, page 1 of 7 (Plaintiff's OCR text-searchable version): **aggravated assault charge crossed out and marked "DECLINED"**

# COMPLAINT

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY VS. KYRA BERNSTEIN |
|---|---|---|---|---|
| 0246 | | 2026 | 000161 | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

PARAMUS BORO MUNICIPAL COURT
ONE JOCKISH SQUARE
PARAMUS NJ 07652-0000
201-265-2100 COUNTY OF: BERGEN

ADDRESS: C/O VALLEY HOSPITAL
4 VALLEY HEALTH PLAZA
PARAMUS NJ 07652-0000

# of CHARGES: 2 | CO-DEFTS: | POLICE CASE #: 2026-6853

COMPLAINANT NAME: KI SAU CHAN
403 MCGUIGAN PLACE
HARRISON NJ 07029

DEFENDANT INFORMATION
SEX: F EYE COLOR: DOB:
DRIVER'S LIC. #: DL STATE:
SOCIAL SECURITY #: SBI #:
TELEPHONE #: ( )
LIVESCAN PCN #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 08/12/2025 in PARAMUS BORO , BERGEN County, NJ did:

~~WITHIN THE JURISDICTION OF THIS COURT, COMMIT AGGRAVATED ASSAULT BY ATTEMPTING TO CAUSE BODILY INJURY TO KI SAU CHAN BY USE OF A DEADLY WEAPON, SPECIFICALLY BY ORDERING AND ADMINISTERING TWO DOSES OF 0.5MG IV HALOPERIDOL (HALDOL) WITHOUT THE VICTIM'S CONSENT OR KNOWLEDGE WHILE SHE WAS SEDATED, UNCONSCIOUS, AND UNABLE TO REFUSE, AFTER PRIOR EXPLICIT REFUSAL TO USE HALDOL, IN VIOLATION OF N.J.S. 2C:12-1B(2), AGGRAVATED ASSAULT WITH A DEADLY WEAPON, A CRIME OF THE THIRD DEGREE.~~

WITHIN THE JURISDICTION OF THIS COURT, COMMIT ASSAULT BY ATTEMPTING TO CAUSE BODILY INJURY TO KI SAU CHAN, SPECIFICALLY BY ORDERING AND ADMINISTERING TWO DOSES OF 0.5MG IV HALOPERIDOL (HALDOL) WITHOUT THE VICTIM'S CONSENT OR KNOWLEDGE WHILE SHE WAS SEDATED, UNCONSCIOUS, AND UNABLE TO REFUSE, AFTER PRIOR EXPLICIT REFUSAL TO USE HALDOL, IN VIOLATION OF N.J.S. 2C:12-1A(1), SIMPLE ASSAULT. A DISORDERLY PERSONS OFFENSE.

**in violation of:**

| | | | |
|---|---|---|---|
| Original Charge | 1) ~~2C:12-1B(2)~~ DECLINED | 2) 2C:12-1A(1) DP | 3) |
| Amended Charge | | | |

**CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.**

**Signed:** [signature] **Date:** 2/28/26

**You will be notified of your at the following address:** Central First Appearance/CJP **date to be held at the** Superior Court **in the county of** BERGEN
BERGEN SUPERIOR COURT
JUSTICE CENTER 10 MAIN STREET HACKENSACK NJ 07601-0000
Date of Arrest: Appearance Date: Time: Phone: 201-221-0700

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

❑ Probable cause **IS NOT** found for the issuance of this complaint.

Signature of Court Administrator or Deputy Court Administrator | Date | Signature of Judge | Date

❑ Probable cause **IS** found for the issuance of this complaint.

Signature and Title of Judicial Officer Issuing Warrant | Date

**TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.**

**Bail Amount Set:** ____________ **by:** ____________
(if different from judicial officer that issued warrant)

❑ **Domestic Violence – Confidential** | ❑ **Related Traffic Tickets or Other Complaints** | ❑ **Serious Personal Injury/ Death Involved**

**Special conditions of release:**
❑ **No phone, mail or other personal contact w/victim**
❑ **No possession firearms/weapons**
❑ **Other** (specify):

**ORIGINAL**

**Page 1 of 7** NJ/CDR2 1/1/2017

# EXHIBIT P

Email from Paramus Municipal Court Administrator Cynthia A. Holmes, CMCA, to Plaintiff, July 29, 2026 (3 pages):
**“This case was filed as a citizen complaint.”**

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# Re: [External] Fwd: Follow-Up: Confirmation of Withdrawal — State v. Bernstein, Complaint No. 0246-S-2026-000161

1 message

**Cynthia A. Holmes** <Cynthia.Holmes@njcourts.gov> Wed, Jul 29, 2026 at 10:35 AM
To: Ki Chan <ki.chan@alumni.stanford.edu>

Good morning,
Please see attached copies as requested.
Judge Mecca noted on the complaint that you did not wish to proceed as per your email.
Also attached is the correspondence to the defendant for the Probable Cause hearing scheduled for 6/3/2026. The"S' was included on this correspondence in error. The original document is 2026-161
This case was filed as a citizen complaint

Respectfully,

***Cynthia A. Holmes**, CMCA*

Paramus / Maywood /Oradell Shared Municipal Courts
201-265-2100 x 2321
201-265-6428 FAX
cynthia.holmes@njcourts.gov
court@paramusborough.org

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Wednesday, July 29, 2026 9:04 AM
**To:** Cynthia A. Holmes <Cynthia.Holmes@njcourts.gov>; Cynthia Holmes <cholmes@paramusborough.gov>; Paramus Municipal Court - Criminal Case <court@paramusborough.org>
**Subject:** [External] Fwd: Follow-Up: Confirmation of Withdrawal — State v. Bernstein, Complaint No. 0246-S-2026-000161

## Warning: Security Alert

This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.

Please report suspicious emails to Security.infoSec@njcourts.gov.

Dear Ms. Holmes,

On February 24, 2026, I filed a criminal complaint against Dr. Kyra Bernstein with the Paramus Police Department, which the Department typed up on February 27, 2026. The complaint number as issued to me appears as 0246-S-2026-000161; I note that the "S" designation was not present on the February 27, 2026 version, and I ask that you confirm which number, if any, this matter was docketed under. I was subsequently informed by your office that Dr.

Bernstein was noticed rather than summoned.

On June 1, 2026 I requested withdrawal without prejudice, and received a voicemail from Deputy Administrator Lisa Connors, stating the withdrawal was accepted. I received no written confirmation.

Please provide:

(1) confirmation whether this complaint was docketed, and if so the date of entry;

(2) the disposition entered, including whether any withdrawal was recorded with or without prejudice;

(3) copies of any notice or summons issued to the named defendant; and

(4) records reflecting whether this matter was filed as a police complaint or a citizen complaint, and the date and basis of any reclassification.

Sincerely,

Ki Sau Chan

---------- Forwarded message ---------
From: **Ki Chan** <ki.chan@alumni.stanford.edu>
Date: Tue, Jun 2, 2026 at 2:33 PM
Subject: Follow-Up: Confirmation of Withdrawal — State v. Bernstein, Complaint No. 0246-S-2026-000161
To: Paramus Municipal Court - Criminal Case <court@paramusborough.org>
CC: Paramus Municipal Court - Criminal Case <cynthia.holmes@njcourts.gov>, <lisa.connors@njcourts.gov>, <lconnors@njcourts.gov>, Paramus Municipal Court - Criminal Case <cholmes@paramusborough.gov>, ***Ki Chan <ki.chan@alumni.stanford.edu>

To Paramus Municipal Court:

I am following up on my (below) email of June 1, 2026 voluntarily withdrawing the complaint in State v. Bernstein, Complaint No. 0246-S-2026-000161, without prejudice. Please confirm in writing that the complaint has been withdrawn and that the June 3, 2026 probable cause hearing has been removed from the Court's calendar.

Sincerely,

Ki Sau Chan
ki.chan@alumni.stanford.edu

On Mon, Jun 1, 2026 at 8:46 AM Ki Chan <ki.chan@alumni.stanford.edu> wrote:

> To Paramus Municipal Court:
>
> I, Ki Sau Chan, the complaining witness in State v. Bernstein, Complaint No. 0246-S-2026-000161, hereby voluntarily withdraw the complaint without prejudice. I respectfully request that the June 3, 2026 probable cause hearing be removed from the Court's calendar.
>
> Bases for withdrawal include the following:
>
> 1. Conflict of interest in the prosecution of this matter. Assistant Prosecutor Jon Hernandez of the Bergen County Prosecutor's Office previously clerked for Judge James X. Sattely Jr., Bergen County Criminal Court. RN Elizabeth Sattely, the Defendant nurse in my federal lawsuit who administered haloperidol via EMR override to me without my or my life partner's knowledge or consent while I was unconscious during surgery at Valley Hospital on August 12, 2025, is the daughter of Judge James X. Sattely Jr.

The Bergen County Prosecutor's Office (Huda) declined to charge the nonconsensual Foley catheter as sexual assault, and AP Hernandez downgraded the nonconsensual administration of haloperidol charge from a felony to a misdemeanor disorderly persons offense. AP Hernandez also declined to prosecute the matter, keeping it in municipal court and forcing me, a pro se physically disabled victim of serious crimes, to prosecute this myself.

I have no evaluation, no diagnosis, no treatment, and no referral for any condition warranting antipsychotic medication my entire 57 years of life.

2. The Court's failure to confirm ADA Title II accommodations in writing despite multiple requests. I am physically disabled with documented hearing impairment and vocal cord dysfunction. I requested CART captioning and four additional accommodations. Court Administrator Holmes is out of office through June 8, 2026. Multiple emails to Deputy Administrator Connors received no reply.

3. The procedural posture of the hearing, including the absence of a prosecuting authority and the unresolved accommodation requests, prevents meaningful participation by a physically disabled complaining witness.

Withdrawal is without prejudice. The underlying conduct is the subject of an active federal civil action, Chan v. Valley Health System, Inc., et al., No. 2:26-cv-03358-MCA-AME, U.S. District Court for the District of New Jersey.

Sincerely,

Ki Sau Chan
ki.chan@alumni.stanford.edu

Sent from my iPhone

---

**img20260729_10314838.pdf**
156K

# EXHIBIT Q

Email from Paramus Municipal Court Administrator Cynthia A. Holmes, CMCA, to Plaintiff, April 9, 2026 (1 page):
**“The 2C:12-1B(2) charge was declined by the Prosecutor’s office on 3/9/26.”**

**From:** **Cynthia Holmes** cholmes@paramusborough.gov
**Subject:** RE: [EXTERNAL]State v. Bernstein, S 2026-161 — Inquiry
**Date:** April 9, 2026 at 1:56 PM
**To:** Ki Chan ki.chan@alumni.stanford.edu, Court Court@paramusborough.gov

Good afternoon,
The 2C:12-1B(2) charge was declined by the Prosecutor's office on 3/9/26.

*Cynthia A. Holmes*, **CMCA**
Paramus / Maywood / Oradell Shared Municipal Courts
201-265-2100 x 2321
201-265-6428 FAX
cholmes@paramusborough.gov

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Thursday, April 9, 2026 1:38 PM
**To:** Court <Court@paramusborough.gov>
**Subject:** [EXTERNAL]State v. Bernstein, S 2026-161 — Inquiry

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon,

Re: Case No. S 2026-161, State v. Bernstein.

The unissued complaint shows that the aggravated assault charge under N.J.S.A. 2C:12-1B(2) has been crossed out and marked "DECLINED." I request the following information:

1. Who declined this charge;
2. The date it was declined; and
3. The stated basis for the declination.

The probable cause hearing is scheduled for April 22, 2026. I would appreciate a response at your earliest convenience.

Respectfully,

Ki Sau Chan
Ki.chan@alumni.stanford.edu

# EXHIBIT R

Paramus Police Department Investigation Report, Case No. I-2026-006853, by P.O. Barone #0494, dated February 24, 2026 (2 pages) (Plaintiff’s OCR text-searchable version; Plaintiff’s date of birth and driver’s license number redacted by Plaintiff): **Plaintiff made her criminal complaint in person at Paramus Police Headquarters; Special Victims Unit Detective Huda of the Bergen County Prosecutor’s Office “advised that, at this time, Ms. Chan would not be deemed a victim of sexual assault”**

# PARAMUS POLICE DEPARTMENT

1 CARLOUGH DRIVE
PARAMUS, NJ 07652
201-262-3400

# INVESTIGATION REPORT

Municipal Code: 0246
ORI: NJ0024600

| DEPARTMENT CASE NUMBER | MUN. CODE | PHONE NUMBER | UCR | DEPARTMENT ARREST NUMBER |
|---|---|---|---|---|
| I-2026-006853 | 0246 | 201-262-3400 | | |

| CRIME/INCIDENT | NJS | VICTIM NAME(Last Name, First Name, MI) | DOB |
|---|---|---|---|
| SUSPICIOUS OCCURRENCE | 40220 | CHAN, KISAU | [redacted] |

| SSN NO. | AGE | SEX | RACE | ETHNICITY |
|---|---|---|---|---|
| [redacted] | 56 | F | A | N |

| DATE AND TIME | BETWEEN | HOUR | MONTH | DAY | YEAR |
|---|---|---|---|---|---|
| | ☐ | 14:30 | 08 | 12 | 2025 |
| | | 17:30 | 08 | 12 | 2025 |

| VICTIM'S HOME ADDRESS | PHONE |
|---|---|
| 403 MCGUIGAN PL, HARRISON NJ 07029-2094 | 201-852-5390<br>201-852-5390 |

| CRIME/INCIDENT LOCATION | EMPLOYER | PHONE |
|---|---|---|
| VALLEY HOSPITAL - 4 VALLEY HEALTH PLAZA, PARAMUS BORO NJ 07652 | | |

| MUNICIPALITY | COUNTY | CODE | PERSON REPORTING CRIME | DATE AND TIME |
|---|---|---|---|---|
| PARAMUS BORO | BERGEN | 0246 | CHAN, KISAU | 02/24/2026 11:45 |

| TYPE OF PREMISES | WEAPONS - TOOLS | ADDRESS | PHONE |
|---|---|---|---|
| Commercial | | 403 MCGUIGAN PL, HARRISON NJ 07029-2094 | 201-852-5390 |

MODUS OPERANDI
VICTIM STATED DURING A SURGERY AT THE HOSPITAL A DOCTOR PERFORMED UNAUTHORIZED PROCEDURES

| VEHICLE | YEAR | MAKE | MODEL | BODY TYPE | COLOR | REG. PLATE -STATE | VIN | VEHICLE VALUE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| VALUE STOLEN PROPERTY | CURRENCY | JEWELRY | FURS | CLOTHING | AUTO | MISC. |
|---|---|---|---|---|---|---|
| | | | | | | |

| TOTAL VALUE STOLEN | TOTAL VALUE RECOVERED | TELETYPE ALARM | TECHNICAL SERVICES | TECHNICAL AGENCY |
|---|---|---|---|---|
| $0.00 | | | | |

| WEATHER | SIC | NIC | ASSISTING AGENCIES |
|---|---|---|---|
| CLEAR | | | |

| NO. OF ACCUSED | ADULT | JUVENILE | STATUS CRIME | STATUS CASE | UCR STATUS | DATE CLEARED |
|---|---|---|---|---|---|---|
| | | | | | | |

NARRATIVE

******************* PARTIES INVOLVED *******************

ROLE: Victim | NAME: CHAN, KISAU | HOME ADDRESS: 403 MCGUIGAN PL, HARRISON NJ 07029-2094 | HOME PHONE: 201-852-5390 | HOME ALT. PHONE: 201-852-5390 | SEX: F | DOB: [redacted] | AGE: 56 | SSN: [redacted] | RACE: ASIAN | ETHNICITY: NON-HISPANIC | HEIGHT: 5' 1" | WEIGHT: 121 | DL#: [redacted] | DL EXP: 02/07/2026 | DL STATE: NJ

ROLE: INVOLVED | NAME: YAU, JOHNNY | HOME ADDRESS: [redacted] | HOME PHONE: [redacted] | SEX: M | DOB: [redacted] | AGE: 56 | SSN: [redacted] | RACE: ASIAN | ETHNICITY: NON-HISPANIC | HEIGHT: 5' 8" | WEIGHT: 201 | DL#: [redacted] | DL EXP: [redacted] | DL STATE: NJ

ROLE: Doctor | NAME: DR. BERNSTEIN, KYRA | HOME ADDRESS: [redacted] | HEIGHT: 0' 0"

ROLE: Doctor | NAME: DR. ABRAHAM, JACOB | HOME ADDRESS: [redacted] | HEIGHT: 0' 0"

ROLE: Police | NAME: DERIENZO, SGT. | HOME ADDRESS: POLICE HEADQUARTERS - 1 CARLOUGH DRIVE, PARAMUS BORO NJ 07652 | HOME PHONE: 201-262-3400 | SEX: M | HEIGHT: 0' 0"

ROLE: Police | NAME: CULLEN, DET SGT | HOME ADDRESS: 1 CARLOUGH DRIVE, PARAMUS BORO NJ 07652 | HEIGHT: 0' 0"

ROLE: Police | NAME: HUDA, DET. | HOME ADDRESS: BERGEN COUNTY PROSECUTOR'S OFFICE - 2 BERGEN COUNTY PLAZA, HACKENSACK NJ 07601 | HEIGHT: 0' 0"...

| NAME | DATE OF REPORT | REVIEWED BY | SIGNATURE |
|---|---|---|---|
| P.O. BARONE, DYLAN 0494 | 02/24/2026 | SGT. HENDERSON, JONATHAN 0435 | |

**PARAMUS POLICE DEPARTMENT**
1 CARLOUGH DRIVE
PARAMUS, NJ 07652
201-262-3400

**INVESTIGATION REPORT**
Municipal Code: 0246
ORI: NJ0024600

INCIDENT # : I-2026-006853

ON TUESDAY, FEBRUARY 24, 2026 AT APPROXIMATELY 1145 HOURS I RESPONDED TO PARAMUS POLICE HEADQUARTERS, 1 CARLOUGH DRIVE, REGARDING A SUSPICIOUS OCCURRENCE REPORT.

UPON ARRIVAL, I MADE CONTACT WITH THE REPORTING PARTY IN THE VICTIM/WITNESS ROOM, MS. KISAU CHAN, WHO REPORTED THE FOLLOWING:

ON AUGUST, 12, 2025, AT APPROXIMATELY 1500 HOURS, MS. CHAN WAS AT VALLEY HOSPITAL, LOCATED AT 4 VALLEY HEALTH PLAZA, FOR AN ACUTE APPENDICITIS SURGERY TO BE PERFORMED BY DR. KYRA BERNSTEIN. MS. CHAN STATED THAT DURING THE PROCEDURE, SHE WAS SEDATED AND UNCONSCIOUS AS SHE WAS UNDER ANESTHESIA. WHILE THE PROCEDURE WAS BEING PERFORMED, SHE WAS ADMINISTERED HALOPERIDOL (ALSO KNOWN AS "HALDOL") AND HAD A FOLEY CATHETER INSERTED. SHE REPORTED THAT SHE HAD NO PRIOR KNOWLEDGE OF, AND DID NOT PROVIDE CONSENT FOR EITHER INTERVENTION. MS. CHAN FURTHER STATED THAT HER PARTNER, MS. JOHNNY YAU, WAS NOT ASKED FOR PERMISSION TO AUTHORIZE THE ABOVE MEDICAL INTERVENTIONS ON HER BEHALF.

FOLLOWING THE PROCEDURE, MS. CHAN ADVISED THAT A NIGHT NURSE AT VALLEY HOSPITAL IDENTIFIED AS "NICOLE" INFORMED HER THAT A FOLEY CATHETER HAD BEEN INSERTED INTO HER URETHRA AT THE CONCLUSION OF THE APPROXIMATELY TWO-HOUR SURGERY WITHOUT HER CONSENT. MS. CHAN REPORTED EXPERIENCING PAINFUL URINATION FOR SEVERAL WEEKS THEREAFTER.

MS. CHAN EXPLAINED THAT SHE PREVIOUSLY MET WITH DR. JACOB ABRAHAM, AN ANESTHESIOLOGIST AT VALLEY HOSPITAL, ON FEBRUARY 18, 2025, PRIOR TO HER SURGERY DATE. DURING THAT APPOINTMENT, SHE INFORMED DR. ABRAHAM THAT SHE DID NOT CONSENT TO THE ADMINISTRATION OF HALOPERIDOL DURING ANY PROCEDURE AND SHE STATED THAT DR. ABRAHAM ACKNOWLEDGED HER REFUSAL (SEE AUDIO RECORDING).

MS. CHAN EXPRESSED CONCERN REGARDING THE USE OF HALOPERIDOL DURING HER PROCEDURE, STATING THAT SHE BELIEVED IT IS COMMONLY USED AS A PSYCHIATRIC MEDICATION RATHER THAN FOR SURGICAL PURPOSES.

MS. CHAN PROVIDED SEVERAL DOCUMENTS RELATED TO HER AUGUST PROCEDURE. SHE STATED THAT NONE OF THE DOCUMENTS, INCLUDING THE ANESTHESIA REPORT, REFERENCED THE ADMINISTRATION OF HALOPERIDOL OR THE INSERTION OF A FOLEY CATHETER.

SINCE OCTOBER 23, 2025, MS. CHAN HAS SUBMITTED HIPAA REQUESTS TO VALLEY HOSPITAL SEEKING RECORDS SPECIFICALLY RELATED TO THESE INTERVENTIONS. SHE STATED THAT SHE HAS NOT RECEIVED ANY DOCUMENTATION INDICATING THAT SHE CONSENTED TO THE ADMINISTRATION OF HALOPERIDOL OR THE INSERTION OF A FOLEY CATHETER.

MS. CHAN FURTHER REPORTED THAT SHE FILED A CIVIL COMPLAINT AGAINST VALLEY HOSPITAL. SHE STATED THAT THE ONLY WRITTEN CONFIRMATION REFERENCING THE ADMINISTRATION OF HALOPERIDOL AND THE INSERTION OF A FOLEY CATHETER WAS PROVIDED BY VALLEY HOSPITAL'S DEFENSE LEGAL TEAM DURING LITIGATION.

MS. CHAN ALLEGED THAT SHE IS A VICTIM OF SEXUAL ASSAULT DUE TO THE UNAUTHORIZED MEDICAL INTERVENTIONS PERFORMED BY VALLEY HOSPITAL STAFF.

DETECTIVE/SERGEANT CULLEN AND SERGEANT DERIENZO CONTACTED THE BERGEN COUNTY PROSECUTOR' S OFFICE VIA TELEPHONE AND SPOKE WITH SPECIAL VICTIMS UNIT DETECTIVE HUDA. BASED ON THE INFORMATION PROVIDED, DETECTIVE HUDA ADVISED THAT, AT THIS TIME, MS. CHAN WOULD NOT BE DEEMED A VICTIM OF SEXUAL ASSAULT.

MS. CHAN REQUESTED AND WAS PROVIDED WITH THE PHONE NUMBER FOR THE BERGEN COUNTY PROSECUTOR' S OFFICE.

MS. CHAN PROVIDED A FOLDER CONTAINING DOCUMENTATION RELATED TO THIS MATTER. I TOOK POSSESSION OF ONE USB DRIVE CONTAINING SEVERAL VOICE RECORDINGS AND LOGGED IT INTO THE BEAST EVIDENCE SYSTEM.

SEE MS. CHAN'S ATTACHED PAPERWORK FOR FURTHER DETAILS.

T.O.T. DETECTIVE BUREAU.

| RANK | SIGNATURE OF OFFICER SUBMITTING REPORT | COMMAND | BADGE NUMBER |
|---|---|---|---|
| P.O. BARONE, DYLAN | | | 0494 |

Page 2 Of 2

# EXHIBIT S

Court-stamped first page, as filed on November 20, 2026 before docketing, of Plaintiff's Reply Brief in Support of Motion to Enforce the July 6, 2026 Order (Dkt. 56), for an Immediate Rule 16 Scheduling Conference and Scheduling Order, and for Expedited Production of Flag and Alert ESI (Dkt. 110) (Plaintiff's OCR text-searchable version): **stamped "RECEIVED NOV 20 2026" by the "CLERK, U.S. DISTRICT COURT - DNJ"**

As shown, this page bears the Clerk's "RECEIVED NOV 20 2026" stamp **but no "Document 115" header at the top**, because it is Appellant's copy as filed, before docketing. **It is text-searchable.**

Significance: On November 20, 2026, Appellant **filed this reply brief in person in the District Court**, with Exhibits A through R attached. Those are the same Exhibits A through R attached to this motion. **The Clerk's Office did not docket it until November 22, 2026 (D.N.J. Dkt. 115), and then not as a reply, but only as a generic "Brief," not linked to Appellant's motion (Dkt. 110), and stripped of text-search. Appellant's filed copy is text-searchable; the docketed version, Dkt. 115, is not.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KI SAU CHAN,<br>*Plaintiff,*<br>v.<br>VALLEY HEALTH SYSTEM, INC., et al.,<br>*Defendants.* | Civil Action No. 2:26-cv-03358-MCA-AME<br><br>**REPLY BRIEF IN SUPPORT OF MOTION (DKT. 110)**<br>**Motion Day: December 7, 2026** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE JULY 6, 2026 ORDER (DKT. 56), FOR AN IMMEDIATE RULE 16 SCHEDULING CONFERENCE AND SCHEDULING ORDER, AND FOR EXPEDITED PRODUCTION OF FLAG AND ALERT ESI (DKT. 110)**

**Ki Sau Chan**
*Pro Se Plaintiff*
403 McGuigan Place, Harrison, NJ 07029
(201) 852-5390 | ki.chan@alumni.stanford.edu

RECEIVED
NOV 2 0 2026
AT 8:30______________M
CLERK, U.S. DISTRICT COURT - DNJ

**This filing totals 56 pages:** cover page (1 page); Table of Contents and Table of Authorities (2 pages); Reply Brief (9 pages); and Exhibits A through R (44 pages).

# EXHIBIT T

Certified transcript of the April 10, 2026 motion hearing before Judge John D. O’Dwyer, Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-000003-26 (11 pages):

**“Stop. Just close your mouth for a moment.”**

**“you run the risk of fees being asserted against you”**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
BERGEN COUNTY
DOCKET NO. BER-L-000003-26
APP. DIV. NO. __________

| | |
|---|---|
| KI SAU CHAN,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM, ET AL.,<br><br>Defendants. | TRANSCRIPT<br><br>OF<br><br>MOTION HEARING |

Place: Bergen County Justice Ctr.
10 Main Street
Hackensack, New Jersey 07601

Date: April 10, 2026

BEFORE:

HONORABLE JOHN O'DWYER, J.S.C.

TRANSCRIPT ORDERED BY:

KI SAU CHAN

APPEARANCES:

KI SAU CHAN, PRO SE

EILEEN KAVANAUGH, ESQ.
(Farkas & Donohue)
Attorney for the Defendants

Transcriber, Christina Gmiterko
**G & L TRANSCRIPTION OF NJ**
330 Changebridge Road, Suite 101
Pine Brook, NJ 07058
www.gltranscriptsnj.com
transcripts@gltranscriptsnj.com
Audio Recorded
Recording Op. Lauren Monteleone

INDEX


| PROCEEDINGS | PAGE |
|---|---|
| Motion hearing | 3 |


I N D E X T O W I T N E S S E S


| NAME | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| None | | | | |


I N D E X T O E X H I B I T S


| NAME | DESCRIPTION | ID | EVD |
|---|---|---|---|
| None | | | |

THE COURT: Chan v. Valley Health Systems, BER-L-3-26. Appearances?

MS. CHAN: Yes.

THE COURT: You are? Ms. Chan, you need to --

MS. CHAN: Yep.

THE COURT: -- enter your name.

MS. CHAN: I'm sorry, I can't -- I can't really hear. Can you speak a little louder? I have it on full volume right now.

THE COURT: You need to put your appearance on the record.

MS. CHAN: Yes, my name is Ki Sau Chan. I'm the Plaintiff, pro se, here.

THE COURT: You don't need to yell. We may need to yell to you, but you --

MS. CHAN: I can't hear myself.

THE COURT: We can hear fine.

MS. CHAN: All right. Okay.

THE COURT: We can hear fine. And for the Defense?

MS. KAVANAUGH: Good morning, Your Honor. Eileen Kavanaugh from the law firm of Farkas & Donohue on behalf of Valley Health Systems, Valley Hospital, and Valley Medical Group.

THE COURT: All right. I got two motions. A motion to enforce litigant's rights and the Defendant's motion to pay counsel fees. I've read all the papers.

If I understand this correctly, Valley Hospital indicates they have no red flags or alerts to supply to Ms. Chan. Would that be correct, Ms. Kavanaugh?

MS. KAVANAUGH: That is correct, Your Honor.

THE COURT: All right. Ms. Chan, in view of a certification from a representative of Valley Hospital saying that, what can the Court do?

MS. CHAN: Well, first of all, Defendants claim that they complied with the court order on March 4th, right? This is false. The Court's February 26th, 2026, preliminary injunction order, Transaction ID LCV2026476693, required that the Defendant disclose all flag or alert entries within seven days, enjoin defendants relaying on of disseminating the flags and order preservation of all related records.

Defendants responded with a one-line, unsigned letter from a legal assistant, not counsel of record. Okay? It was unsigned and it was from a legal assistant stating, "No responsive documents." A blanket denial delivered by a legal assistant that is unsigned by counsel is not compliance with a court

order requiring --

THE COURT: But -- but --

MS. CHAN: -- specific disclosures.

THE COURT: Please stop.

So Ms. Kavanaugh, did somebody certify on behalf of Valley?

MS. KAVANAUGH: Yes, Janet Zigarelli (phonetic) certified to that. And then with respect to my letter dated March 4th, it was strictly an administrative error, my office. My assistant, who is brand new, did not put my signature on it before filing it with the Court.

I wrote the letter. It was from my -- it has my name on it. It is not from the legal assistant. In a law firm, a legal assistant files these documents. That's per course. He just forgot to put my signature on the letter.

THE COURT: Do me a favor, just upload that letter with your signature on it, please.

MS. KAVANAUGH: I absolutely will.

THE COURT: Okay. That being done, Ms. Chan, what else?

MS. CHAN: Okay. And additionally, the order required Defendants to disclose the full content of each entry authored (indiscernible) source, associated

notes, metadata, and audit trail --

THE COURT: Can I ask a question? If they have no red flags or alerts, what can they give you?

MS. CHAN: Well, the Defendants produced none of these. So it's Defendant's position that --

THE COURT: Let's -- let's stop for a second.

MS. CHAN: -- flags exist; they could have --

THE COURT: Please stop.

MS. CHAN: -- submitted a supporting certification --

THE COURT: Stop. They're saying there are none. Where -- doesn't that end the analysis?

MS. CHAN: No, because they made irreconcilable, inconsistent positions. Okay?

Defense Counsel Kavanaugh claims the Valley defendants have never taken inconsistent positions. This is demonstratively false. The record establishes the following irreconcilable positions taken by defendant's own representatives over five or six months. Okay?

So for five or six months -- for example, on November 12th, 2025, Valley's HIPAA compliance manager, Constant Wright (phonetic), whose primary duties include overseeing patient record -- records -- and ensuring the accuracy and integrity of patients records

stated in a certified letter that flag or alert entries are not part of your or any other patient's designated records set.

Wright did not state that no flags exist. She stated they need not be disclosed. Therefore, acknowledging --

THE COURT: Well, that --

MS. CHAN: -- their existence --

THE COURT: Stop. No. No. No. The Court does not find that to be a valid inference.

MS. CHAN: Okay. Let me -- okay, follow the logic here. You cannot --

THE COURT: Oh, I -- I've read the papers.

MS. CHAN: Can I just explain, please? Thank you.

THE COURT: You can --

MS. CHAN: (Indiscernible) --

THE COURT: Excuse me. You can after I'm done. Okay. No, seriously.

MS. CHAN: Okay. Go ahead. Go ahead.

THE COURT: Stop. Just close your mouth for a moment. I speak. And then you go. Okay? That's how this works. All right.

Now, I've read all the papers. You try to draw inferences by the fact that Valley said they are

not part of a record set to then demonstrate that there are things in there -- red flags, alerts, in there. I don't -- that is not a fair inference that --

MS. CHAN: Okay. Can I speak now?

THE COURT: Now you can.

MS. CHAN: Okay. So for five or six months they're taking the position that any potential flags were not used by any medical administrative staff in rendering care or treatment to the patient.

If the flags did not exist in the first place, there was no reason for them to explain or qualify why the flags weren't used. Okay? Follow the logic here. You cannot state that an object is not used for such and such purpose unless that object actually exists. Therefore, the Defense claiming flags were not used for medical care and therefore they don't have to disclose the flags means that by their own very definition that the flags did exist.

THE COURT: Well, again, I go back to what I said before. I don't draw that inference, and I don't find that to be a true -- a truism.

MS. CHAN: Okay. Well, let me ask you --

THE COURT: Excuse me.

MS. CHAN: -- a question. Okay?

THE COURT: Excuse me. You don't ask me

questions.

MS. CHAN: Okay.

THE COURT: You don't ask me questions.

MS. CHAN: Okay, then.

THE COURT: Stop. They have certified that they have no such things. The fact that you want them to -- based on letters they sent you previously as to them not being part of record sets to then demonstrate they have them is not a inference I find is logical and I will accept the representations and the certifications of the representatives of Valley Hospital. It ends the --

MS. CHAN: Okay. I disagree completely. Okay. I disagree completely.

THE COURT: Okay. Then what you can do is --

MS. CHAN: (Indiscernible) on the record --

THE COURT: Then what you can do is, I'm going to deny your order and then you're going to seek whatever appellate review you like.

MS. CHAN: Yeah.

THE COURT: Great. Okay. Now, I have the next motion for fees. I'm going to deny that, but I'm going to place on the record now, Ms. Chan, you represent yourself, but you are held to the standard of an attorney. There comes a point in time where a court

does not entertain things and finds that they can be considered frivolous and the attorney on the other side has the -- a right to seek fees. So I'm putting you on notice that going forward you run the risk of fees being asserted against you if you continue to ask this Court to give you the same relief that's been denied on multiple occasions, okay?

You have rights in the Appellate Division; you can certainly pursue those. But you don't have the right to come back here and make the same application time and time again, which -- which has already been found by me to have been decided.

So I just put you on notice of that, and that's why I wanted this -- I wanted a Zoom today so I could do that because if there was not a --

MS. CHAN: Yes, (indiscernible) was a lawyer.

THE COURT: -- (indiscernible) if -- if there was not a Zoom I wouldn't be able to tell you this and I don't want later one somebody to say I was unaware. So you're placed on notice of that. Having done that, I am not awarding fees at this time.

So you can pursue whatever right you believe you're entitled to up above, but I've ruled that Valley has produced everything that they were supposed to produce. They have no red flags or alerts by their own

certifications and representations and that ends the discussion.

Okay. Have a great day. Take care.

MS. KAVANAUGH: Thank you, Your Honor.

(Proceeding concluded at 9:10 a.m.)

CERTIFICATION

I, Christina Gmiterko, the assigned transcriber, do hereby certify the foregoing transcript of the proceedings of the Bergen County Superior Court on April 10, 2026, digitally recorded, Time Indexes from 09:01:29 to 09:10:40, and is prepared in full compliance with the current transcript format for judicial proceedings and is a true and accurate transcript of the proceedings as recorded to the best of my knowledge and ability.

Christina Gmiterko AD/T 750 August 17, 2026

G & L Transcription of NJ

Pine Brook, NJ 07058

# EXHIBIT U

Order of Judge John D. O'Dwyer, P.J.Cv., Superior Court of New Jersey, Bergen County, No. BER-L-3-26, dated March 13, 2026 (1 page) (OCR version), denying Appellant's motion "seeking an Order to compel clerical corrections on the public-facing docket and to address administrative obstructions":
**"ORDERED that Plaintiff's Motion is hereby denied in its entirety. The Court finds no basis for the entering the relief sought by the instant motion"**

Significance: Appellant asked the court to **link her Evidence Submission Module, with all 84 of her exhibits including her audio recordings, to her case docket**, AND to **remove her medical records, which contain NO psychiatric information, from the erroneous confidential "Medical, Psych, Alcohol/Drug" module**, after **the court itself had published ALL of these same records on the public docket, viewable by anyone.** (Ex. V; Ex. AC.) **Valley opposed it ("Opposed X"), and Judge O'Dwyer denied it with no explanation.**

The denial fits a pattern. The court **stripped Appellant's ADA Zoom accommodation less than 48 hours before her hearing** and **granted Valley's day-before adjournment request the same day**. Judge O'Dwyer **refused to enforce his own signed preliminary injunction** and **threatened her with fees without cause.** (Ex. T; Ex. V; Ex. W.) Appellant believes this shows **clear bias toward Valley arising from an undisclosed conflict of interest: Judge O'Dwyer and Judge James X. Sattely, Jr., Defendant Sattely's father, are presiding judges in the same Bergen County courthouse AND, upon information and belief, they are friends and colleagues. He never disclosed it and never recused himself.** (Ex. AD; ¶ 7.)

**[PREPARED BY THE COURT]**

| | |
|---|---|
| Ki Sau Chan,<br>Plaintiff,<br><br>v.<br><br>Valley Health System,et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-3-26<br><br>CIVIL ACTION<br><br>**ORDER** |

**THIS MATTER** having been brought before the Court by Plaintiff Ki Sau Chan, pro se, seeking an Order to compel clerical corrections on the public-facing docket and to address administrative obstructions, and the Court having read the papers, and for good cause shown;

**IT IS** on this **13th** day of **March, 2026**:

**ORDERED** that Plaintiff's Motion is hereby denied in its entirety. The Court finds no basis for the entering the relief sought by the instant motion; and it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts

Hon. John D. O'Dwyer, P.J.Cv.

Opposed X

Unopposed _____

# EXHIBIT V

Public docket of the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-000003-26 (eCourts Civil Case Jacket, printed Aug. 26, 2026) (6 pages):

- **“Disposition Date: 06/23/2026”; “Dismissed By Court Without Prejudice”;**
- **Appellant’s June 22 and June 23, 2026 responses to the lack-of-prosecution warning not uploaded until June 29 and June 26, 2026, after the June 23, 2026 dismissal;**
- **“ORDER TO CORRECT DATA-Denied by Judge ODWYER, JOHN, D”;**
- **“ORDER TO ENFORCE LITIGANTS RIGHTS-Denied by Judge ODWYER, JOHN, D” (April 10, 2026);**
- **February 18, 2026 notice: “this matter will now be held IN-PERSON” — LESS THAN 48 HOURS before the scheduled February 20, 2026 Order to Show Cause hearing by Zoom, Appellant’s ADA accommodation;**
- **“Medical, Psych, Alcohol/Drug records” LCV2026226121 and LCV2026226123, filed and entered January 29, 2026, and published for public viewing ON THE SAME DAY as LCV2026236389 and LCV2026234594 (Exhibits page 63 of 110);**
- **No dismissal order or notice appears anywhere in the docket entries; the only entry is the June 20, 2026 “LACK OF PROSECUTION DISMISSAL WARNING Notice” (Exhibits page 66 of 110).**

Significance: The state court’s own docket, at Exhibits page 63 of 110, shows that Appellant’s medical records were filed under the confidential “Medical, Psych, Alcohol/Drug records” label **even though they contained NO psychiatric information**, and that **the same records were published on the public docket for anyone to view**; that **Judge O'Dwyer denied her motion to correct the docket**; that **her ADA Zoom hearing was changed to in-person less than 48 hours before it**; that **her June 22 and 23, 2026 responses to the lack-of-prosecution warning were not docketed until after the court dismissed her case**; and that **the court dismissed her case on June 23, 2026, without any dismissal order or notice ever appearing in the docket entries; the only related entry is the June 20, 2026 “LACK OF PROSECUTION DISMISSAL WARNING Notice.”** (Ex. U; Ex. AC.)

**Yet Judge O'Dwyer refused to remove** Appellant’s medical records from the erroneous confidential “Medical, Psych, Alcohol/Drug” module, **although they contained NO psychiatric information. AND the state court itself published ALL of these same records on the public docket, viewable by anyone,** despite their “Access Restriction CONFIDENTIAL Rule 1:38-3(a)(2)” label. (Ex. U; Ex. AC.)

Judiciary eCourts System - Civil Part | Home | Help | Logout

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

CASE JACKET User:Ki Sau Chan

## Docket Number: BER L 000003 - 26

Back

Create Summary Report

**Case Caption:** Chan Ki Vs Valley Health System

**Court:** Civil Part
**Case Type:** Civil Rights
**Case Track:** 3
**# of Discovery Days:** 450
**Original Discovery End Date:**
**Original Arbitration Date:**
**Original Trial Date:**
**Disposition Date:** 06/23/2026

**Venue:** Bergen
**Case Status:** Closed
**Judge:** John D Odwyer
**Age of Case:** 00 YR 00 MO
**Current Discovery End Date:**
**Current Arbitration Date:**
**Current Trial Date:**
**Case Disposition:**
Dismissed By Court Without Prejudice

**Case Initiation Date:** 12/22/2025
**Jury Demand:** None
**Team:** 1
**Consolidated Case:** N
**# of DED Extensions:** 0
**# of Arb Adjournments:** 0
**# of Trial Date Adjournments:** 0
**Statewide Lien:**

Plaintiffs (1) | Defendants (4) | Case Proceedings (6) | ACMS Documents (27) | Fees (25)

Ki Sau Chan (Party No. 1)

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 12/22/2025 | | Verified Complaint for BER-L-000003-26 submitted by KI SAU CHAN, on behalf of KI SAU CHAN against VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP, JOHN/JANE DOES 1-50 | LCV20261641 | 01/02/2026 |
| 01/02/2026 | | General Correspondence submitted by Staff | LCV20261845 | 01/02/2026 |
| 01/03/2026 | | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20268052 | 01/03/2026 |
| 01/06/2026 | | Order Show Cause(Setting Hearing Date)-DENIED by Judge JOHN D ODWYER | LCV202631373 | 01/06/2026 |
| 01/06/2026 | | **CLERK NOTICE:** re: Verified Complaint [LCV20261641] -This Order to Show Cause has been scheduled for a ZOOM Conference before Judge O'Dwyer on 2/20/26 at 10:00 am. Zoom Link: https://njcourts.zoomgov.com/j/1607652803?pwd=I3Oy0v7t78XZSrqIFEGUnAw96Oo6AE.1 | LCV202631435 | 01/06/2026 |
| 01/08/2026 | | The "Show Cause Hearing" Proceeding for BER-L-000003-26 has been scheduled for 02/20/2026. | LCV202646529 | 01/08/2026 |
| 01/08/2026 | | COURT Notice submitted by Case Management | LCV202646530 | 01/08/2026 |
| 01/13/2026 | | Proof of Service submitted by Ki Sau Chan. JEDS EF-3881269 | LCV202696980 | 01/13/2026 |
| 01/21/2026 | | NOTICE OF APPEARANCE - FIRST PLEADING submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026159168 | 01/21/2026 |
| 01/24/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3908341 | LCV2026191666 | 01/24/2026 |
| 01/24/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026201787 | 01/27/2026 |
| 01/25/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3908456 | LCV2026191703 | 01/25/2026 |
| 01/25/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3908467 | LCV2026191817 | 01/25/2026 |
| 01/25/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026201898 | 01/27/2026 |

| | | | | | |
|---|---|---|---|---|---|
| 01/25/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026201961 | 01/27/2026 |
| 01/26/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3909048 | LCV2026193362 | 01/26/2026 |
| 01/26/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3909678 | LCV2026195345 | 01/26/2026 |
| 01/26/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3911226 | LCV2026199696 | 01/26/2026 |
| 01/26/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026202062 | 01/27/2026 |
| 01/26/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026202175 | 01/27/2026 |
| 01/26/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026202334 | 01/27/2026 |
| 01/29/2026 | | | Certification submitted by Ki Sau Chan. JEDS EF-3918051 | LCV2026226111 | 01/29/2026 |
| 01/29/2026 | | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918067 | LCV2026226121 | 01/29/2026 |
| 01/29/2026 | | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918076 | LCV2026226123 | 01/29/2026 |
| 01/29/2026 | | | Certification submitted by Ki Sau Chan. JEDS EF-3918280 | LCV2026227566 | 01/29/2026 |
| 01/29/2026 | | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-3918461 | LCV2026228740 | 01/29/2026 |
| 01/29/2026 | | | Brief/Letter Brief submitted by Ki Sau Chan. JEDS EF-3919064 | LCV2026231767 | 01/29/2026 |
| 01/29/2026 | | | Certification uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026233345 | 01/29/2026 |
| 01/29/2026 | | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234143 | 01/29/2026 |
| 01/29/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234594 | 01/29/2026 |
| 01/29/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026236389 | 01/29/2026 |
| 01/29/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3921307 | LCV2026237727 | 01/29/2026 |
| 01/29/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026239560 | 01/30/2026 |
| 01/29/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026309935 | 02/09/2026 |
| 01/29/2026 | | | Certification uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026371941 | 02/17/2026 |
| 01/30/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3922445 | LCV2026243077 | 01/30/2026 |
| 01/30/2026 | | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026372280 | 02/17/2026 |
| 02/05/2026 | | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3935664 | LCV2026285671 | 02/05/2026 |
| 02/05/2026 | | | Letter Memorandum uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026289154 | 02/05/2026 |
| 02/06/2026 | | | OPPOSITION TO MOTION submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026301867 | 02/06/2026 |
| 02/09/2026 | | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3946075 | LCV2026317269 | 02/09/2026 |
| 02/09/2026 | | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026374158 | 02/17/2026 |
| | | | GENERAL CORRESPONDENCE submitted by VEECH, ROBERT, GERALD of FARKAS & | | |

| | | | | |
|---|---|---|---|---|
| 02/17/2026 | | DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026375512 | 02/17/2026 |
| 02/17/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3962875 | LCV2026377495 | 02/17/2026 |
| 02/17/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026397952 | 02/19/2026 |
| 02/18/2026 | | **CLERK NOTICE**: re: GENERAL CORRESPONDENCE [LCV2026375512] -Per Judge O'Dwyer, this matter will now be held IN-PERSON on February 20, 2026, at 10am. Please report to Courtroom 357. | LCV2026391692 | 02/18/2026 |
| 02/19/2026 | | **CLERK NOTICE**: re: GENERAL CORRESPONDENCE [LCV2026375512] -Please disregard the in-person notice. This matter will be held via ZOOM. The link will be the same. | LCV2026395127 | 02/19/2026 |
| 02/19/2026 | | ADJOURNMENT REQUEST submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026395579 | 02/19/2026 |
| 02/19/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3968408 | LCV2026396738 | 02/19/2026 |
| 02/19/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026397972 | 02/19/2026 |
| 02/19/2026 | | **CLERK NOTICE**: re: ADJOURNMENT REQUEST [LCV2026395579] -The OTSC Hearing has been rescheduled for February 26, 2026 @1:45pm. | LCV2026398372 | 02/19/2026 |
| 02/20/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3972469 | LCV2026412796 | 02/20/2026 |
| 02/20/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026415357 | 02/20/2026 |
| 02/20/2026 | | Motion submitted by Ki Sau Chan. JEDS EF-3973862 | LCV2026417378 | 02/20/2026 |
| 02/20/2026 | | Motion For Order To Show Cause Hearing uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026430911 | 02/23/2026 |
| 02/23/2026 | | Motion submitted by Ki Sau Chan. JEDS EF-3975105 | LCV2026420549 | 02/23/2026 |
| 02/23/2026 | | Motion To Correct Data uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026428300 | 02/23/2026 |
| 02/23/2026 | | The motion filed on 02/23/2026 will be decided on 03/13/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CORRECT DATA [LCV2026428300] | LCV2026428430 | 02/23/2026 |
| 02/23/2026 | | The motion filed on 02/20/2026 will be decided on 03/13/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION FOR ORDER TO SHOW CAUSE HEARING [LCV2026430911] | LCV2026430997 | 02/23/2026 |
| 02/24/2026 | | NOTICE OF APPEARANCE (NOT THE FIRST PAPER) submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026448964 | 02/24/2026 |
| 02/25/2026 | | **CLERK NOTICE**: re: NOTICE OF APPEARANCE (NOT THE FIRST PAPER) [LCV2026448964] - FOR ELECTRONIC PURPOSES ONLY. RESPONSIVE PLEADING REQUIRED. COLLATERAL ACCOUNT CHARGED $50.00. | LCV2026455801 | 02/25/2026 |
| 02/25/2026 | | CERTIFICATION submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026459314 | 02/25/2026 |
| 02/25/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3983238 | LCV2026463570 | 02/25/2026 |
| 02/25/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026472539 | 02/26/2026 |
| 02/26/2026 | | **CLERK NOTICE** for Letter/Correspondence LCV2026463570 This has been filed in the case jacket as a General Correspondence only. If you are seeking relief from the court, you must file a Notice of Motion. Please contact the courthouse to obtain the proper documents to file if you have any questions. Notice of Motion paperwork can be located at https://www.njcourts.gov/self-help/forms | LCV2026472705 | 02/26/2026 |
| 02/26/2026 | | Order Show Cause - Granted by Judge ODWYER, JOHN, D | LCV2026476693 | 02/26/2026 |

| | | | | |
|---|---|---|---|---|
| 02/28/2026 | | Withdrawal of Motion submitted by Ki Sau Chan. JEDS EF-3990437 | LCV2026495147 | 02/28/2026 |
| 02/28/2026 | | Withdrawal Of Motion uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026501202 | 03/02/2026 |
| 03/02/2026 | | Motion Result: Withdrawn on 03/02/2026 re: MOTION FOR ORDER TO SHOW CAUSE HEARING [LCV2026430911] | LCV2026545424 | 03/06/2026 |
| 03/04/2026 | | Certification submitted by Ki Sau Chan. JEDS EF-4001594 | LCV2026535251 | 03/04/2026 |
| 03/04/2026 | | Reply Brief uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026550322 | 03/06/2026 |
| 03/06/2026 | | OPPOSITION TO MOTION submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN ***LINKED FILING*** | LCV2026546527 | 03/06/2026 |
| 03/06/2026 | | Motion submitted by Ki Sau Chan. JEDS EF-4006979 | LCV2026554395 | 03/06/2026 |
| 03/06/2026 | | Motion To Enforce Litigants Rights uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026576782 | 03/09/2026 |
| 03/07/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4007958 | LCV2026558589 | 03/07/2026 |
| 03/07/2026 | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-4007981 | LCV2026558603 | 03/07/2026 |
| 03/07/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026565300 | 03/09/2026 |
| 03/07/2026 | | 5-Day Order uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026565458 | 03/09/2026 |
| 03/09/2026 | | DEFICIENCY NOTICE for Motion LCV2026554395 Other-Please be advised this motion filing is missing the Certification in Support of Motion and the Proof of Service. Please submit these as a Deficiency Correction so that you will not be asked to pay another fee. | LCV2026565326 | 03/09/2026 |
| 03/09/2026 | | Deficiency correction submitted by Ki Sau Chan. JEDS EF-4010489 | LCV2026574481 | 03/09/2026 |
| 03/09/2026 | | The motion filed on 03/06/2026 will be decided on 03/27/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO ENFORCE LITIGANTS RIGHTS [LCV2026576782] | LCV2026576892 | 03/09/2026 |
| 03/13/2026 | | ORDER TO CORRECT DATA-Denied by Judge ODWYER, JOHN, D re: MOTION TO CORRECT DATA [LCV2026428300] | LCV2026675804 | 03/16/2026 |
| 03/16/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4027192 | LCV2026680536 | 03/16/2026 |
| 03/16/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026683969 | 03/16/2026 |
| 03/19/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4037984 | LCV2026719292 | 03/19/2026 |
| 03/19/2026 | | Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026719776 | 03/19/2026 |
| 03/19/2026 | | CROSS MOTION TO PAY COUNSEL FEES submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN ***LINKED FILING*** | LCV2026721459 | 03/19/2026 |
| 03/20/2026 | | Objection to motion submitted by Ki Sau Chan. JEDS EF-4039989 | LCV2026726335 | 03/20/2026 |
| 03/20/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4042239 | LCV2026734098 | 03/20/2026 |
| 03/20/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026739252 | 03/23/2026 |
| 03/20/2026 | | Opposition To Motion uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026739266 | 03/23/2026 |
| 03/23/2026 | | REPLY BRIEF submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN ***LINKED FILING*** | LCV2026744770 | 03/23/2026 |

| | | | | | |
|---|---|---|---|---|---|
| 03/25/2026 | | ✉ | **CLERK NOTICE**: re: MOTION TO ENFORCE LITIGANTS RIGHTS [LCV2026576782] -This matter has been scheduled for ZOOM Oral Argument on 3/27 at 9:00am before Judge O'Dwyer. Link: https://njcourts.zoomgov.com/j/1612100848?pwd=Ruumrah7D3Dbr4Ei5BTXNivcDnKOvN.1 | LCV2026765641 | 03/25/2026 |
| 03/26/2026 | 📎 | ✉ | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4054402 | LCV2026776209 | 03/26/2026 |
| 03/26/2026 | | ✉ | The motion filed on 03/06/2026 was rescheduled to 04/10/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO ENFORCE LITIGANTS RIGHTS [LCV2026576782] | LCV2026777810 | 03/26/2026 |
| 03/26/2026 | | ✉ | The motion filed on 03/19/2026 will be decided on 04/10/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: CROSS MOTION TO PAY COUNSEL FEES [LCV2026721459] | LCV2026777816 | 03/26/2026 |
| 03/26/2026 | 📎 | ✉ | Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026777905 | 03/26/2026 |
| 03/26/2026 | | ✉ | **CLERK NOTICE**: re: MOTION TO ENFORCE LITIGANTS RIGHTS [LCV2026576782] -This matter has been rescheduled for ZOOM Oral Argument on 4/10 at 9:00am before Judge O'Dwyer. Link: https://njcourts.zoomgov.com/j/1612100848?pwd=Ruumrah7D3Dbr4Ei5BTXNivcDnKOvN.1 | LCV2026777921 | 03/26/2026 |
| 03/26/2026 | 📎 | ✉ | GENERAL CORRESPONDENCE submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026777837 | 03/26/2026 |
| 04/05/2026 | 📎 | ✉ | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4077008 | LCV2026851962 | 04/05/2026 |
| 04/05/2026 | 📎 | ✉ | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026859082 | 04/06/2026 |
| 04/09/2026 | 📎 | ✉ | Brief/Letter Brief submitted by Ki Sau Chan. JEDS EF-4087925 | LCV2026893124 | 04/09/2026 |
| 04/09/2026 | 📎 | ✉ | CORRESPONDENCE submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN ***LINKED FILING*** | LCV2026895661 | 04/09/2026 |
| 04/09/2026 | 📎 | ✉ | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-4088619 | LCV2026896740 | 04/09/2026 |
| 04/09/2026 | 📎 | ✉ | Reply Brief uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026896882 | 04/09/2026 |
| 04/09/2026 | 📎 | ✉ | Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU ***LINKED FILING*** | LCV2026896937 | 04/09/2026 |
| 04/10/2026 | 📎 | ✉ | GENERAL CORRESPONDENCE submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026906702 | 04/10/2026 |
| 04/10/2026 | 📎 | ✉ | ORDER TO PAY COUNSEL FEES-Denied by Judge ODWYER, JOHN, D re: CROSS MOTION TO PAY COUNSEL FEES [LCV2026721459] | LCV2026907377 | 04/10/2026 |
| 04/10/2026 | 📎 | ✉ | ORDER TO ENFORCE LITIGANTS RIGHTS-Denied by Judge ODWYER, JOHN, D re: MOTION TO ENFORCE LITIGANTS RIGHTS [LCV2026576782] | LCV2026907395 | 04/10/2026 |
| 06/20/2026 | 📎 | ✉ | LACK OF PROSECUTION DISMISSAL WARNING Notice submitted by Case Management | LCV20261650075 | 06/20/2026 |
| 06/22/2026 | 📎 | ✉ | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-4270529 | LCV20261658195 | 06/22/2026 |
| 06/22/2026 | 📎 | ✉ | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV20261712168 | 06/29/2026 |
| 06/23/2026 | 📎 | ✉ | GENERAL CORRESPONDENCE submitted by KAVANAGH, EILEEN, M of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV20261669187 | 06/23/2026 |
| 06/23/2026 | 📎 | ✉ | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-4275570 | LCV20261675041 | 06/23/2026 |
| 06/23/2026 | 📎 | ✉ | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV20261698190 | 06/26/2026 |

Showing 1 to 115 of 115 entries

Screen ID : ECCV3000 | © Copyright NJ Judiciary 2016

# EXHIBIT W

Correspondence from Arthur Andreano, Operations Manager/Title II ADA Coordinator, Superior Court of New Jersey, Bergen Vicinage (10 pages): (1) letter of April 8, 2026 (1 page); (2) emails of April 6–9, 2026 regarding CART (4 pages); (3) emails of January 9 to February 19, 2026 regarding the Zoom hearing (5 pages):
**denial of Appellant's ADA request for CART captioning, two days before her April 10, 2026 hearing: "This will alleviate any burden on the Court."**
**February 19, 2026: "Apologies for any confusion, the hearing will proceed virtually as originally scheduled."**
**Appellant's April 9, 2026 written objection: "Your denial is a violation of ADA statutes and noted for the record."**

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

Bergen Vicinage

KerriLynn Walsh-Wood
Trial Court Administrator

Arthur Andreano
Operations Division Manager

Bergen County Justice Center - 10 Main Street, Room 425
Hackensack, NJ 07601

njcourts.gov • Tel: 201-221-0700 • ext. 25075
Fax: 201-221-0630

**April 8, 2026**

Ki Chan ki.chan@alumni.stanford.edu
**Ms. Ki Sau Chan**
**RE: BER-L-000003-26**

Dear Ms. Chan,

I am in receipt of the medical documentation you provided from Billy Li, M.D. dated April 5, 2026. Dr. Li's letter states *"She has requested for Communication Access Realtime Translation (CART) services for all her court hearings and legal proceedings."* The letter is unclear and suggests that the request comes from you and not from the doctor. As I have previously mentioned in my email dated April 7, 2026, we can enable the ZOOM closed captioning. This will alleviate any burden on the Court.

Should you wish to appeal the denial of accommodations, you may do so by filling out the appeal form located at ADA APPEAL FORM. The Assignment Judge of the Bergen Vicinage will issue a decision with respect to any appeal submitted regarding Title II ADA accommodations.

Sincerely,
Arthur Andreano
Operations Manager/ADA Coordinator

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# RE: [External] CART services for BER-L-000003-26: Zoom hearing

1 message

**Arthur Andreano** <Arthur.Andreano@njcourts.gov> Thu, Apr 9, 2026 at 3:51 PM
To: Ki Chan <ki.chan@alumni.stanford.edu>

Ms. Chan,

Please see attached letter.

Thank you,

Arthur Andreano

Operations Manager/Title II ADA Coordinator

Bergen Vicinage

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Thursday, April 9, 2026 8:04 AM
**To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>
**Cc:** Leah Sanchez <leah.sanchez@njcourts.gov>
**Subject:** Re: [External] CART services for BER-L-000003-26: Zoom hearing

Mr. Andreano,

I hope you are well.

The hearing is April 10, 2026. An appeal process cannot be completed before tomorrow. Your denial of CART services

on the eve of the hearing effectively denies Plaintiff access to the proceeding. Your reasoning for the denial of CART is not logical.

Your letter states I the patient cannot request my doctor to write a letter on my behalf to request CART? How else would my doctor know I am in court and need CART services? The doctor's note was only to inform you I have hearing impairment. Of course I the litigant am requiring and therefore requesting CART services. That's my legal right to request ADA accommodations.

Moreover, again, closed captioning is auto-generated and error-prone, and not an equivalent accommodation to CART under Title II of the ADA.

Your denial is a violation of ADA statutes and noted for the record.

Ki Sau Chan
Ki.chan@alumni.stanford.edu

On Wed, Apr 8, 2026 at 1:32 PM Arthur Andreano <Arthur.Andreano@njcourts.gov> wrote:

> Good afternoon,
>
> Please see attached letter.
>
> Thank you,
>
> Arthur Andreano
>
> Operations Manager/Title II ADA Coordinator
>
> Bergen Vicinage
>
> ---
>
> **From:** Ki Chan <ki.chan@alumni.stanford.edu>
> **Sent:** Tuesday, April 7, 2026 10:33 AM
> **To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>

**Subject:** Re: [External] CART services for BER-L-000003-26: Zoom hearing

Mr. Andreano, Zoom closed captioning is auto-generated and is not equivalent to CART services. Auto-captions frequently misidentify legal terminology, names of parties, and case-specific language. CART provides live human stenography with over 99% accuracy, which is necessary for me to meaningfully participate in legal proceedings where precision matters.

Dr. Li's letter documents my hearing impairment and states that I require CART services for court proceedings. The ADA requires the court to provide effective communication, not merely a technological approximation. Zoom auto-captions do not meet that standard.

Ki Sau Chan
Ki.chan@alumni.stanford.edu

On Tue, Apr 7, 2026 at 10:00 AM Arthur Andreano <Arthur.Andreano@njcourts.gov> wrote:

> Good morning,
>
> This letter is very vague. It suggests that you are requesting CART services, not your doctor. As an alternative, we will enable the ZOOM closed captioning which will allow you to read what is being said much like CART services.
>
> Thank you,
>
> Arthur Andreano
>
> Operations Manager/Title II ADA Coordinator
>
> Bergen Vicinage
>
> ---
>
> **From:** Ki Chan <ki.chan@alumni.stanford.edu>
> **Sent:** Monday, April 6, 2026 7:00 AM
> **To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>

**Subject:** [External] CART services for BER-L-000003-26: Zoom hearing

## Warning: Security Alert

This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.

Please report suspicious emails to Security.infoSec@njcourts.gov.

Morning,

Pursuant to the ADA, I am requesting CART services for the April 10, 2026 zoom hearing 9am in Chan v. Valley Health System, Docket No. BER-L-000003-26 before Judge O'Dwyer, due to hearing and vision impairments.

To be specific, I need CART (Communication Access Realtime Translation — real-time captioning of all spoken words displayed on screen) —services for my hearing impairment and enlarged font/text display for vision impairment.

Attached is my physician's letter.

Sincerely,

Ki Sau Chan
ki.chan@alumni.stanford.edu

**Ki Sau Chan 4-9-2026.pdf**
200K

Gmail

Ki Chan <ki.chan@alumni.stanford.edu>

**RE: [External] ADA-2026-60 & BER-L-3-26 — Request to Reinstate Zoom Accommodation for February 20 Hearing**

**Arthur Andreano** <Arthur.Andreano@njcourts.gov> Thu, Feb 19 at 8:51 AM
To: Ki Chan <ki.chan@alumni.stanford.edu>
Cc: Leah Sanchez <leah.sanchez@njcourts.gov>, rveech@farkasanddonohue.com <rveech@farkasanddonohue.com>

Good morning,

Apologies for any confusion, the hearing will proceed virtually as originally scheduled. An updated clerk's notice should have already been sent. Please be advised that while today's hearing will be virtual, it may not always be an option going forward.

Thank you,

Arthur Andreano

Operations Manager/Title II ADA Coordinator

Bergen Vicinage

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Wednesday, February 18, 2026 9:52 PM
**To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>
**Cc:** Leah Sanchez <leah.sanchez@njcourts.gov>; rveech@farkasanddonohue.com
**Subject:** [External] ADA-2026-60 & BER-L-3-26 — Request to Reinstate Zoom Accommodation for February 20 Hearing

Warning: Security Alert

This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.

Please report suspicious emails to Security.infoSec@njcourts.gov.

Good morning Arthur Andreano,

When I filed this case in December 2025, I requested Zoom as a disability accommodation. The court granted it and the hearing was scheduled via Zoom. Today, suddenly at around 4pm February 18 — less than 48 hours before the hearing — the court changed the format to in-person without explanation. I have physical disabilities affecting my back and ankles, as well as my eyes, and I currently have hearing impairment in my left ear. These are the same conditions for which Zoom was originally granted. Nothing has changed about my disability status. I respectfully request the Zoom format be reinstated immediately for the February 20, 10am hearing before Judge O'Dwyer.

Thank you.

Ki Sau Chan

On Feb 18, 2026, at 3:27 PM, Arthur Andreano <Arthur.Andreano@njcourts.gov> wrote:

I will advise the Judge.

Thank you,

Arthur Andreano

Operations Manager/Title II ADA Coordinator

Bergen Vicinage

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Wednesday, February 18, 2026 3:27 PM
**To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>
**Subject:** Re: [External] Re: ADA-2026-60

Standing and frequent breaks would suffice.

I will primarily be standing. Is the judge aware or do I need to ask Judge for these accommodations during zoom hearing?

Thanks,

Ki Sau Chan
Ki.chan@alumni.stanford.edu

On Wed, Feb 18, 2026 at 3:08 PM Arthur Andreano <Arthur.Andreano@njcourts.gov> wrote:

> I also understand that this matter is being conducted virtually.
>
> Thank you,
>
> Arthur Andreano
>
> Operations Manager/Title II ADA Coordinator
>
> Bergen Vicinage
>
> ---
>
> **From:** Arthur Andreano
> **Sent:** Wednesday, February 18, 2026 3:01 PM
> **To:** 'Ki Chan' <ki.chan@alumni.stanford.edu>
> **Subject:** RE: [External] Re: ADA-2026-60
>
> Good afternoon,
>
> Per your doctor's letter, it appears you are unable to sit or stand for long periods of time.  Would allowing you to stand and take frequent breaks suffice your ADA accommodation request?

Thank you,

Arthur Andreano

Operations Manager/Title II ADA Coordinator

Bergen Vicinage

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Friday, January 9, 2026 3:43 PM
**To:** Arthur Andreano <Arthur.Andreano@njcourts.gov>
**Subject:** [External] Re: ADA-2026-60

Warning: Security Alert

This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.

Please report suspicious emails to Security.infoSec@njcourts.gov.

Hello,

Per your request, please see attached.

Best regards,

Ki Sau Chan

On Jan 9, 2026, at 3:09 PM, Arthur Andreano <Arthur.Andreano@njcourts.gov> wrote:

Good afternoon,

My name is Arthur Andreano, and I am the ADA Title II Coordinator for the Bergen Vicinage. I am in receipt of your eAda request, ADA-2026-60. Could you please provide medical documentation supporting your request for ADA Title II accommodations.

Thank you,

Arthur Andreano

Operations Manager/Title II ADA Coordinator

Bergen Vicinage

# EXHIBIT X

Letter from Appellant's physician, Billy Li, M.D., dated April 5, 2026 (1 page) (Appellant's OCR text-searchable version; Appellant's date of birth redacted by Appellant):

**"She is having difficulties hearing in her court proceedings."**

Billy Li MD PC
13-17 Elizabeth Street
Unit 301
New York, NY 10013
Phone: 212-966-7493
Fax: 212-966-7495

Date: 4/5/2026

Name: Chan, Ki Sau Date of Birth: [redacted]
Address: 403 McGuigan PL
Harrison, NJ 07029

To whom may this concern;

Mrs. Chan, Ki Sau has been under my care as of October 18, 2020. She is having difficulties hearing in her court proceedings. She has requested for "Communication Access Realtime Translation (CART) services for all her court hearings and legal proceedings.

Please extend any courtesy her way.

Thank you for your assistance.

Sincerely;

Billy Li MD

Billy Li, M.D.
Internal Medicine
13-17 Elizabeth St, Suite 301
New York, NY 10013
Tel: 212-966-7493
Fax: 212-966-7495
Lic #230574

# EXHIBIT Y

Visit note of Appellant's ear, nose and throat specialist, Bich Thuy Le, M.D., dated April 14, 2026 (4 pages), as Appellant filed it in the District Court with her redactions (D.N.J. Dkt. 12) (Appellant's OCR text-searchable version):
**"Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side (H90.A22)";**
**"Eustachian tube dysfunction" — "Other specified disorders of Eustachian tube, unspecified ear (H69.80)";**
**"Dysphonia (R49.0)"**

# Chan, Ki Sau

*Exhibit 2. Dr. Le ENT Note*

Visit Note - April 14, 2026

PMS ID: [redacted] Sex: Female DOB: [redacted] Phone: [redacted]

## ENT, Allergy and Asthma History
[redacted]

### ENT, Allergy and Asthma Surgical History
None

## Social History
[redacted]

## Medications
[redacted]

## Allergies
[redacted]

## ROS
Provider reviewed on Apr 14, 2026.

A focused review of systems was performed including Constitutional / Symptom, ENT and Mouth, and Respiratory and was notable for hearing loss.

No Tinnitus, No Vertigo, And No Fever.

## Medical History
Other: Degenerative disc disease in cervical and lumbar spine, severe facet arthritis, musculoskeletal pain in ankle/foot, retinal disease.

## Surgical History
Appendectomy: August 2025
Other: ACDF in c-spine; lumbar spine surgery; reconstructive foot/ankle surgeries, shoulder surgery

## Chief Complaints:
1. hearing loss

## HPI: This is a 57 year old female who:
1. is being seen for a chief complaint of hearing loss located in the left ear. She has hearing loss that is partial. She has hearing loss that is unchanged and moderate in severity. She has associated fullness (left ear). The hearing loss has been present for 8 months. The hearing loss developed suddenly. She has had the following treatment(s): activity modification.
L HL for 8mo
feels clogged and is unpredictable so it interferes w hearing at work
autoinsufflation does not work
Eustachi does not work
having trouble breathing sometimes
had ACDF 2019 and had trouble swallowing and voice change after it for couple months, saw NYU dr and the problem improved

## Exam:
An Otolaryngologic (including laryngeal) exam was performed

**Otolaryngologic (including laryngeal) exam**

External Ears: external ear examination of normal size and morphology without traumatic or congenital deformity AD, external ear examination of normal size and morphology without traumatic or congenital deformity AS.

Hearing:

AD hearing: **Weber lateralizes to right**

AS hearing: normal gross reception to sound and clinical speech recognition, Weber does not lateralize (midline), air conduction greater than bone conduction on Rinne testing

[redacted]

External Nose: Normal external nasal examination without deformity

Nasal cavity:

Right nasal cavity (with endoscopy): right intranasal via endoscopic examination demonstrates a normal examination without turbinate hypertrophy (inferior, middle, or superior), masses, septal deformity or synechiae; the superior, inferior, and middle meati are clear; no masses or ulcers; the sphenoethmoidal recess is clear and normal; no drainage;

Left nasal cavity (with endoscopy): **deviated septum;** The remainder of the left nasal cavity endoscopic examination (nasal mucosa, inferior, middle, and superior turbinates, septum, superior, middle, and inferior meati, sphenoid ethmoid recess, and nasopharynx) was normal with the exception of the above findings.

**Chan, Ki Sau**

Visit Note - April 14, 2026

PMS ID: Sex: DOB: [redacted]

[redacted] Female [redacted] ([redacted] [redacted]

Lips, Teeth, Gums: normal lip morphology and anatomy, class I occlusion, no dental abnormalities

Oral cavity/Oropharynx: normal hard and soft palate, tongue, pharyngeal walls, buccal mucosa, floor of mouth, and tonsils

Larynx (by endoscopic exam): **occ. paradoxical movement**

The remainder of the laryngeal exam is normal with the exception of the above findings.

Hypopharynx (by endoscopic exam): normal pharyngeal walls and piriform sinuses

Nasopharynx: normal nasopharynx

[redacted]

[redacted]

## Data Reviewed:

1 Ordering of each unique test (Audiogram order (future visit) (ordered, not billed))

## Impression/Plan:

1. Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side
   Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side (H90.A22

   **Plan: Audiogram order (future visit).**
   Audiologic testing was ordered due to the patient's complaint.

   Procedure: Audiologic evaluation
   Indication right: Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side

Indication left: Sensorineural hearing loss, unilateral, left ear, with restricted hearing on the contralateral side , hearing loss

Additional notes: Dr. Feng

Provider: Bich Thuy Le, MD
Priority: normal

**Plan: Counseling - Sensorineural hearing loss.**
I counseled the patient regarding the following:
Sensorineural hearing loss, Care: Sensorineural hearing loss is defined as a loss of hearing caused by problems occurring in the inner ear and auditory (hearing) nerve. Causes may include aging, genetic-associated loss (hereditary), noise exposure or noise trauma, infections, congenital syndromes, inflammatory or auto-immune diseases, among others. Sudden sensorineural hearing loss describes hearing loss occurring over a less than three day period. Chronic sensorineural hearing loss may be observed with periodic hearing tests if mild, hearing aids for those with more significant loss, and cochlear implantation for those with profound loss (deafness). Sudden hearing loss may be treated with steroids, either given orally or injected into the middle ear.

Expectations: Most cases of sensorineural hearing loss progress slowly, over years. Chronic sensorineural hearing loss rarely improves. Hearing aids may provide significant relief for those with hearing loss who have maintained good clarity or speech understanding, while those with poor speech understanding may have more difficulty with hearing aids. Acute noise induced hearing loss may improve with time and treatment, while chronic noise induced hearing loss does not. Sudden sensorineural hearing loss has at best a 50% recovery rate, with or without treatment. Cochlear implantation may be successful in restoring hearing in the right candidates.

Contact office if: the patient develops concerning symptoms like worsening hearing loss, acute changes or loss of hearing, new ringing in the ears, dizziness or vertigo, or facial weakness.

2. **Eustachian tube dysfunction**
**Other specified disorders of Eustachian tube, unspecified ear (H69.80)**

**Plan: Prescription.**
**triamcinolone acetonide 55 mcg nasal spray aerosol** Intranasal
**Sig:** 2 sprays each nostril bid
**Quantity:** 1 Milliliter **Refills:** 5

**pseudoephedrine 30 mg tablet** PO
**Sig:** 1 po bid x 5d, repeat if needed
**Quantity:** 20 Tablet **Refills:** 2

**Plan: Counseling - Eustachian tube dysfunction.**
I counseled the patient regarding the following:
Eustachian tube dysfunction, Care: The eustachian tube is the tube that connects the middle ear to the nasopharynx (back of the nose), allowing air to pass back and forth to ventilate the ear. The eustachian tube may not function properly - either not opening properly or not closing properly. If the tube does not open to allow intermittent airflow, abnormal negative pressure may build in the middle ear, resulting in a clogged feeling, fluid buildup, recurrent infections, ear pain with pressure change, and collapse of the ear drum. In cases in which the tube does not close properly (patulous eustachian tube), symptoms including a clogged feeling in the ear and autophony (hearing your own voice in the ear or an echo like sound) may occur. Patulous eustachian tube dysfunction usually occurs in conjunction with rapid or extreme weight loss or muscle wasting from illness or medications. Eustachian tube dysfunction is usually treated medically, with treatment aimed at the underlying nasal problem. Treatment for allergies, sinusitis, or enlarged adenoids may be offered. Medication for patulous eustachian tube dysfunction have been used in the past, including iodine and estrogen nasal spray, but are infrequently used now due to side effects. Surgical options may be offered as well, to better ventilate the ear for eustachian tube dysfunction or to block the tube in cases of patulous eustachian tube.

Expectations: The outcomes of treatment for eustachian tube dysfunction vary depending on the underlying cause. Some cases are transient and may quickly resolve, some may be intermittent, while others may have chronic symptoms.

Contact office if: the patient develops concerning symptoms like ear pain, drainage, new clogging, or hearing loss.

3. **Dysphonia, hoarseness**
**Dysphonia (R49.0)**

**Chan, Ki Sau**

Visit Note - April 14, 2026

PMS ID: Sex: DOB: Phone: MRN:
[redacted]

**Plan: Counseling - Hoarseness.**
I counseled the patient regarding the following:
Hoarseness, Care: Hoarseness is defined as any change in vocal quality. Hoarseness may be described as breathy, coarse, gravelly, or weak, among many other descriptions. Hoarseness may be caused by diseases of the vocal fold - infection, inflammation, neoplasms (growths - may be benign or cancerous), neurologic, or muscular diseases. Hoarseness may be treated either medically (antibiotics, steroids, anti-reflux medication, etc.) or surgically, depending on the cause.

Expectations: Outcomes for treatment of hoarseness are largely dependent on the underlying cause and may widely vary in rates of success.

Contact office if: the patient develops concerning symptoms including shortness of breath, stridor (noisy and / or labored breathing), increasing throat pain, difficulty swallowing, or new neck masses.

Unclear if it is MTD, RLN palsy or other etiology.
[redacted]

[redacted]

**Plan: Flexible Laryngoscopy.**
The initial decision to perform this procedure was made after evaluation during this visit.

Procedure: Flexible laryngoscopy
Indication: Dysphonia, hoarseness
Anesthesia: topical oxymetazoline

Informed Consent: The benefits and risks of flexible laryngoscopy were discussed, including, but not limited to: temporary pain or discomfort of the nose or throat, temporary sensation of inability to swallow, temporary bad taste, remote possibility of fainting episode.

The fiberoptic telescope was passed into the naris and then passed atraumatically through the posterior nasal cavity, nasopharynx, into the oropharynx, and used to examine the hypopharynx and larynx. Exam findings are detailed in the exam section.

The patient tolerated the procedure well without complications.

**Plan: Voice therapy order.**
Therapy ordered: Voice therapy

Provider: Bich Thuy Le, MD
Priority: normal

4. [redacted]

## Staff:

Bich Thuy Le, MD (Primary Provider) (Bill Under)

# EXHIBIT Z

Patch news article, “Sattely Named County Counsel,” by Eamon Harbord, Patch Staff, River Dell, NJ, posted February 13, 2012, printed November 20, 2026 (pages 1–3 of 12):
**“Oradell resident James Sattely was promoted from Deputy County Counsel to County Counsel”;**
**“Sattely, a resident of Oradell, received his Bachelor of Science in Business Administration from Fordham University and his Juris Doctor from Quinnipiac University School of Law.”**

Holiday calendars are filling up. Get the word out about your event today

Thanks to our Patch Local Partner: PSE&G

Community Corner

# Sattely Named County Counsel

Oradell resident James Sattely was promoted from Deputy County Counsel to County Counsel

Eamon Harbord, Patch Staff

Patch

Sign up

River Dell, NJ

Subscribe

News Feed Events Local Businesses Advertise




Deputy County Counsel James X. Sattely, who has served in the Bergen County Counsel's office since 1999 under County Executives in both parties was promoted to County Counsel recently.




Sattely, a resident of Oradell, received his Bachelor of Science in Business Administration from Fordham University and his Juris Doctor from Quinnipiac University School of Law.

He served in the United States Army during Operation Enduring Freedom, and continues to serve in the United States Army Reserve as a Major and Judge Advocate General Corps. He sits on the Board of Directors of Bergen Catholic High School and is an active member of the community.

Find out what's happening in River Dellfor free with the latest updates from Patch.

Your email address

Subscribe

By subscribing, you agree to Patch's Privacy Policy and Terms of Use.

Sattely succeeds Jeffrey Ziegleheim who resigned his position effective

# EXHIBIT AA

Email from Valley’s counsel, Eileen M. Kavanagh, Esq., Farkas & Donohue, LLC, to Appellant, October 20, 2026, 12:23 PM, replying to Appellant’s October 19, 2026 request for a Rule 26(f) conference:
**“I am willing to meet and confer next Tuesday, October 27th at 1 pm However, I will not commit to a discovery schedule until the Court orders one.”**

ALUMNI

**Ki Chan <ki.chan@alumni.stanford.edu>**

## Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for Rule 26(f) Conference

**Eileen Kavanagh** <EKavanagh@farkasanddonohue.com> Tue, Oct 20, 2026 at 12:23 PM
To: Ki Chan <ki.chan@alumni.stanford.edu>, "ELatzer@coleschotz.com" <ELatzer@coleschotz.com>, "RTGannon@mdwcg.com" <RTGannon@mdwcg.com>, "Charles C. Koernig" <ckoernig@kbrlaw.com>
Cc: Johnny Yau <johnny.ym.yau@gmail.com>

Hello

I am willing to meet and confer next Tuesday, October 27th at 1 pm However, I will not commit to a discovery schedule until the Court orders one.

Thank you,

Eileen M. Kavanagh, Esq.
Farkas & Donohue, LLC
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
973-443-9400 (phone)
973-443-4330 (fax)
EKavanagh@FarkasAndDonohue.com

This electronic message contains information from the law offices of Farkas and Donohue, LLC. The information contained in this communication may contain confidential and privileged information and is intended only for the personal and confidential use of the designated recipient(s). Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy the original and all copies of this message.

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Monday, October 19, 2026 3:08 PM
**To:** ELatzer@coleschotz.com <ELatzer@coleschotz.com>; RTGannon@mdwcg.com <RTGannon@mdwcg.com>; Charles C. Koernig <ckoernig@kbrlaw.com>; Eileen Kavanagh <EKavanagh@farkasanddonohue.com>
**Cc:** Johnny Yau <johnny.ym.yau@gmail.com>
**Subject:** Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for Rule 26(f) Conference

Counsel,

Under Fed. R. Civ. P. 26(f), I request a conference of all parties to discuss the discovery plan in this action. The July 6, 2026 Order (Dkt. 56) directed that discovery of the ESI, audit trails, and metadata at issue proceed promptly, and the parties' proposed discovery plans have been on file since August.

I propose any of the following, by video:
- Tuesday, October 27, 2026, 1:00 pm EST
- Wednesday, October 28, 2026, 2:00 p.m. EST
- Thursday, October 29, 2026, 11:00 a.m. EST

Please reply by Friday, October 23, 2026 with your availability. If you decline to confer, please say so in writing.

Ki Sau Chan
Plaintiff
ki.chan@alumni.stanford.edu

Sent from my iPhone

Secured by Paubox - HITRUST certified

# EXHIBIT AB

Email from Valley's counsel, Eileen M. Kavanagh, Esq., Farkas & Donohue, LLC, to Appellant, October 26, 2026, 9:30 AM, replying to Appellant's October 21 and October 23, 2026 requests for production of flag and alert ESI (pages 1–2 of 7):
**"It is my position that we should wait for the Court to enter a discovery order."**

Ki Chan <ki.chan@alumni.stanford.edu>

# Re: Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for ESI Production: Response Requested by Oct. 27

1 message

**Eileen Kavanagh** <EKavanagh@farkasanddonohue.com> Mon, Oct 26, 2026 at 9:30 AM
To: Ki Chan <ki.chan@alumni.stanford.edu>, Samuel Youssof <s.youssof@bpn.law>
Cc: "Gannon, Ryan T." <RTGannon@mdwcg.com>, Charles Koernig <ckoernig@kbrlaw.com>, "Latzer, Eric S." <ELatzer@coleschotz.com>, Johnny Yau <johnny.ym.yau@gmail.com>, "\"O'Croinin, Alicia\" <" <aocroinin@coleschotz.com>

It is my position that we should wait for the Court to enter a discovery order. For example, in your proposed discovery schedule, you requested the defendants to reimburse you for any specialized or paid software to open the ESI records. We objected to this request.

Eileen M. Kavanagh, Esq.
Farkas & Donohue, LLC
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
973-443-9400 (phone)
973-443-4330 (fax)
EKavanagh@FarkasAndDonohue.com

This electronic message contains information from the law offices of Farkas and Donohue, LLC. The information contained in this communication may contain confidential and privileged information and is intended only for the personal and confidential use of the designated recipient(s). Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy the original and all copies of this message.

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Friday, October 23, 2026 5:49 PM
**To:** Samuel Youssof <s.youssof@bpn.law>
**Cc:** Gannon, Ryan T. <RTGannon@mdwcg.com>; Charles Koernig <ckoernig@kbrlaw.com>; Eileen Kavanagh <EKavanagh@farkasanddonohue.com>; Latzer, Eric S. <ELatzer@coleschotz.com>; Johnny Yau <johnny.ym.yau@gmail.com>; "O'Croinin, Alicia" < <aocroinin@coleschotz.com>
**Subject:** Chan v. Valley Health System, No. 2:26-cv-03358-MCA-AME — Request for ESI Production: Response Requested by Oct. 27

Counsel,

Please confirm in writing by Tuesday, October 27, 2026 whether you will produce the items in my October 21 email by November 20, 2026.
If I receive no response, I will raise this with the Court.

Ki Sau Chan
Plaintiff

On Wed, Oct 21, 2026 at 12:34 PM Ki Chan <ki.chan@alumni.stanford.edu> wrote:

> Counsel,
>
> Resending for clarity.
>
> Given everyone's scheduling conflicts, it'd be best we do this in writing by email. It's simple, convenient, and usable for everyone.
>
> Pls produce the following:

1. All flag/alert ESI concerning me, with complete audit trails and native metadata.
2. All access logs for my records.
3. Identification of each EHR system used for my records.
4. All records of any Haldol, Valium, or other antipsychotic, benzodiazepine, or psychotropic medication ordered or given to me; Foley catheter; lumbar-spine MRI order; and barium sulfate, with audit trails and metadata.
5. Your initial disclosures under Rule 26(a)(1).
6. Written confirmation that all of the above is preserved.

Please produce by November 20, 2026. If you object to any item, state the objection in writing by that date.

Latzer: you asked what I want. The July 6, 2026 Order (Dkt. 56) directed that discovery of the ESI, audit trails, and metadata at issue proceed promptly.

Ki Sau Chan
Plaintiff

On Wed, Oct 21, 2026 at 12:27 PM Ki Chan <ki.chan@alumni.stanford.edu> wrote:

BPN
Barker Patterson Nichols
STATHATOS-FULGIERI, BRAVERMAN, CHRISOMALLIDES, SINGER, WEINSTOCK, COVITT, LAWLESS, MORALES

Website s.youssof@bpn.law

# EXHIBIT AC

Screenshots of the public docket of Chan v. Valley Health System, Superior Court of New Jersey, Bergen County, No. BER-L-000003-26, taken November 21, 2026 from the eCourts public-access account of a non-party, Johnny Yau, showing the file lists of the two January 29, 2026 entries placed in the confidential psychiatric module (LCV2026226121 and LCV2026226123), each file marked “Access Restriction CONFIDENTIAL Rule 1:38-3(a)(2),” and of the two same-day “General Correspondence uploaded by Case Management Staff” entries (LCV2026236389 and LCV2026234594) that republished the same files with no access restriction (4 pages).

Significance: **the same records Appellant filed in the confidential psychiatric module, on a court employee’s uncertain guidance, were published on the public docket the same day, viewable by anyone.** Since there was **NO psychiatric information** in any of Appellant’s medical records, and they were never treated as confidential, there was no reason to keep them under a “Psych” label. **Yet Judge O'Dwyer denied Appellant’s motion to correct it.** (Ex. U.)

# Psychiatric-module entry LCV2026226121 (set 1): each file marked CONFIDENTIAL

portal.njcourts.gov

| | | | | |
|---|---|---|---|---|
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918067 | LCV2026226121 | 01/29/2026 |
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918076 | LCV2026226123 | 01/29/2026 |
| 01/29/2026 | | Certification submitted by Ki Sau Chan. JEDS EF-3918280 | LCV2026227566 | 01/29/2026 |
| 01/29/2026 | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-3918461 | LCV2026228740 | 01/29/2026 |
| 01/29/2026 | | Brief/L | 231767 | 01/29/2026 |
| 01/29/2026 | | Certific | 233345 | 01/29/2026 |
| 01/29/2026 | | Brief up | 234143 | 01/29/2026 |
| 01/29/2026 | | General | 234594 | 01/29/2026 |
| 01/29/2026 | | General | 236389 | 01/29/2026 |
| 01/29/2026 | | Proceed | 237727 | 01/29/2026 |
| 01/29/2026 | | General | 239560 | 01/30/2026 |
| 01/29/2026 | | General | 309935 | 02/09/2026 |
| 01/29/2026 | | Certific | 371941 | 02/17/2026 |
| 01/30/2026 | | Proceed | 243077 | 01/30/2026 |
| 01/30/2026 | | General | 372280 | 02/17/2026 |
| 02/05/2026 | | Letter/ | 285671 | 02/05/2026 |
| 02/05/2026 | | Letter | 289154 | 02/05/2026 |
| 02/06/2026 | | OPPOSI LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026301867 | 02/06/2026 |
| 02/09/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3946075 | LCV2026317269 | 02/09/2026 |
| 02/09/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026374158 | 02/17/2026 |
| 02/17/2026 | | GENERAL CORRESPONDENCE submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026375512 | 02/17/2026 |

**Documents**

- [ ] Select All
- [ ] Ex V3 OutsideCT AppendicolithAcuteAppendicitis08082025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex PRISM C Dr Ho Retinopexy Note09222025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex HSS C4 Dr Tsai Operative Report CorrectiveSurgery2022
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex V9B CT report oral contrast administration 08112025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex HSS C3 DrElliott OperativeReport2ndAnkleSurgery2021
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex HSS C5 DrTsai OperativeReport4thAnkleSurgery2023
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex V9A MRI abdomen perforated appendicitis 08102025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Medical Psych Alcohol/Drug records
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex V9CA Dr Flowers ProgressNote IV CT contrast08112025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- [ ] Ex HSS C6 Dr Tsai VisitNote chronic pain same site 2024
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)

Cancel | Save/Print Selected Documents

# Psychiatric-module entry LCV2026226123 (set 2): each file marked CONFIDENTIAL

portal.njcourts.gov

| | | | | |
|---|---|---|---|---|
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918067 | LCV2026226121 | 01/29/2026 |
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918076 | LCV2026226123 | 01/29/2026 |
| 01/29/2026 | | Certification submitted by Ki Sau Chan. JEDS EF-3918280 | LCV2026227566 | 01/29/2026 |
| 01/29/2026 | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-3918461 | LCV2026228740 | 01/29/2026 |
| 01/29/2026 | | Brief/Letter Brief submitted by Ki Sau Chan. JEDS EF-3919064 | LCV2026231767 | 01/29/2026 |
| 01/29/2026 | | Certific | 233345 | 01/29/2026 |
| 01/29/2026 | | Brief up | 234143 | 01/29/2026 |
| 01/29/2026 | | General | 234594 | 01/29/2026 |
| 01/29/2026 | | General | 236389 | 01/29/2026 |
| 01/29/2026 | | Proceed | 237727 | 01/29/2026 |
| 01/29/2026 | | General | 239560 | 01/30/2026 |
| 01/29/2026 | | General | 309935 | 02/09/2026 |
| 01/29/2026 | | Certific | 371941 | 02/17/2026 |
| 01/30/2026 | | Proceed | 243077 | 01/30/2026 |
| 01/30/2026 | | General | 372280 | 02/17/2026 |
| 02/05/2026 | | Letter/ | 285671 | 02/05/2026 |
| 02/05/2026 | | Letter | 289154 | 02/05/2026 |
| 02/06/2026 | | OPPOSITION TO MOTION submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026301867 | 02/06/2026 |
| 02/09/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3946075 | LCV2026317269 | 02/09/2026 |
| 02/09/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026374158 | 02/17/2026 |
| 02/17/2026 | | GENERAL CORRESPONDENCE submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026375512 | 02/17/2026 |

**Documents**

- Select All
- Ex V10D CT Severe Degenerative Arthrosis Spine08192025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Medical Psych Alcohol/Drug records
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V10A Dr Qureshi Lumbar spine operative report
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V10B Dr Riew Cervical spine operative report
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V11A ER readmit DrMuca postop complications 08192025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V11B UltrasoundPostopComplicationNauseaVomit08202025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V5E operative report laparo to open surgery 08122025
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V10C MRI SpineSpondylosisAdvancedOsteoarthritis2023
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)
- Ex V7E Selective Omission of Haldol AnesthesiaRecord
  Access Restriction
  CONFIDENTIAL Rule 1:38-3(a)(2)

Cancel | Save/Print Selected Documents

# Public entry LCV2026236389: the same set 1 files, no access restriction

portal.njcourts.gov

| | | | | |
|---|---|---|---|---|
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918067 | LCV2026226121 | 01/29/2026 |
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918076 | LCV2026226123 | 01/29/2026 |
| 01/29/2026 | | Certification submitted by Ki Sau Chan. JEDS EF-3918280 | LCV2026227566 | 01/29/2026 |
| 01/29/2026 | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-3918461 | LCV2026228740 | 01/29/2026 |
| 01/29/2026 | | Brief/Letter Brief submitted by Ki Sau Chan. JEDS EF-3919064 | LCV2026231767 | 01/29/2026 |
| 01/29/2026 | | Certification uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026233345 | 01/29/2026 |
| 01/29/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234143 | 01/29/2026 |
| 01/29/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234594 | 01/29/2026 |
| 01/29/2026 | | General | 236389 | 01/29/2026 |
| 01/29/2026 | | Proceed | 237727 | 01/29/2026 |
| 01/29/2026 | | General | 239560 | 01/30/2026 |
| 01/29/2026 | | General | 309935 | 02/09/2026 |
| 01/29/2026 | | Certific | 371941 | 02/17/2026 |
| 01/30/2026 | | Proceed | 243077 | 01/30/2026 |
| 01/30/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026372280 | 02/17/2026 |
| 02/05/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3935664 | LCV2026285671 | 02/05/2026 |
| 02/05/2026 | | Letter Memorandum uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026289154 | 02/05/2026 |
| 02/06/2026 | | OPPOSITION TO MOTION submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026301867 | 02/06/2026 |
| 02/09/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3946075 | LCV2026317269 | 02/09/2026 |
| 02/09/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026374158 | 02/17/2026 |
| 02/17/2026 | | GENERAL CORRESPONDENCE submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026375512 | 02/17/2026 |

Documents

- Select All
- General Correspondence
- Ex HSS C3 DrElliott OperativeReport2ndAnkleSurgery2021
- Ex HSS C4 Dr Tsai Operative Report CorrectiveSurgery2022
- Ex HSS C5 DrTsai OperativeReport4thAnkleSurgery2023
- Ex HSS C6 Dr Tsai VisitNote chronic pain same site 2024
- Ex PRISM C Dr Ho Retinopexy Note09222025
- Ex V3 OutsideCT AppendicolithAcuteAppendicitis08082025
- Ex V9CA Dr Flowers ProgressNote IV CT contrast08112025
- Ex V9B CT report oral contrast administration 08112025
- Ex V9A MRI abdomen perforated appendicitis 08102025

Cancel | Save/Print Selected Documents

# Public entry LCV2026234594: the same set 2 files, no access restriction

portal.njcourts.gov

| | | | | |
|---|---|---|---|---|
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918067 | LCV2026226121 | 01/29/2026 |
| 01/29/2026 | | Medical, Psych, Alcohol/Drug records submitted by Ki Sau Chan. JEDS EF-3918076 | LCV2026226123 | 01/29/2026 |
| 01/29/2026 | | Certification submitted by Ki Sau Chan. JEDS EF-3918280 | LCV2026227566 | 01/29/2026 |
| 01/29/2026 | | Proposed Form of Order submitted by Ki Sau Chan. JEDS EF-3918461 | LCV2026228740 | 01/29/2026 |
| 01/29/2026 | | Brief/Letter Brief submitted by Ki Sau Chan. JEDS EF-3919064 | LCV2026231767 | 01/29/2026 |
| 01/29/2026 | | Certification uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026233345 | 01/29/2026 |
| 01/29/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234143 | 01/29/2026 |
| 01/29/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026234594 | 01/29/2026 |
| 01/29/2026 | | General | 236389 | 01/29/2026 |
| 01/29/2026 | | Proceed | 237727 | 01/29/2026 |
| 01/29/2026 | | General | 239560 | 01/30/2026 |
| 01/29/2026 | | General | 309935 | 02/09/2026 |
| 01/29/2026 | | Certific | 371941 | 02/17/2026 |
| 01/30/2026 | | Proceed | 243077 | 01/30/2026 |
| 01/30/2026 | | General Correspondence uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026372280 | 02/17/2026 |
| 02/05/2026 | | Letter/Correspondence submitted by Ki Sau Chan. JEDS EF-3935664 | LCV2026285671 | 02/05/2026 |
| 02/05/2026 | | Letter Memorandum uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026289154 | 02/05/2026 |
| 02/06/2026 | | OPPOSITION TO MOTION submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026301867 | 02/06/2026 |
| 02/09/2026 | | Proceeding Documents submitted by Ki Sau Chan. JEDS EF-3946075 | LCV2026317269 | 02/09/2026 |
| 02/09/2026 | | Brief uploaded by Case Management Staff submitted by CHAN KI SAU | LCV2026374158 | 02/17/2026 |
| 02/17/2026 | | GENERAL CORRESPONDENCE submitted by VEECH, ROBERT, GERALD of FARKAS & DONOHUE, LLC on behalf of VALLEY HEALTH SYSTEM, VALLEY HOSPITAL, VALLEY MEDICAL GROUP against KI SAU CHAN | LCV2026375512 | 02/17/2026 |

Documents

- Select All
- General Correspondence
- Ex V5E operative report laparo to open surgery 08122025
- Ex V7E Selective Omission of Haldol AnesthesiaRecord
- Ex V10A Dr Qureshi Lumbar spine operative report
- Ex V10B Dr Riew Cervical spine operative report
- Ex V10C MRI SpineSpondylosisAdvancedOsteoarthritis2023
- Ex V10D CT Severe Degenerative Arthrosis Spine08192025
- Ex V11A ER readmit DrMuca postop complications 08192025
- Ex V11B UltrasoundPostopComplicationNauseaVomit08202025

Cancel | Save/Print Selected Documents

# EXHIBIT AD

Order of the Supreme Court of New Jersey dated April 24, 2023, and the New Jersey Courts directory listing for “Criminal Presiding Judges - Bergen - James X. Sattely,” printed from njcourts.gov on November 22, 2026, each followed by a screenshot of the same njcourts.gov page (4 pages):
**“It is ORDERED that effective August 5, 2023 and until further order, Superior Court Judge James X. Sattely is designated as the Criminal Presiding Judge for Bergen County (Vicinage 2).”**

## SUPREME COURT OF NEW JERSEY

It is ORDERED that effective August 5, 2023 and until further order, **Superior Court Judge James X. Sattely** is designated as the Criminal Presiding Judge for Bergen County (Vicinage 2). This will amend the 2022-2023 General Assignment Order dated August 15, 2022.

Document Date: April 24, 2023

Publish Date: April 24, 2023

Download Notice

Chat

# Screenshot of njcourts.gov: Supreme Court Order designating Judge James X. Sattely as Bergen Criminal Presiding Judge

njcourts.gov

Search | Select Language ▼ | Portal Log In

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

SELF-REPRESENTED ATTORNEYS NJMCDIRECT JURORS COURTS PUBLIC

## Order - Judge James X. Sattely – Designated as Bergen Criminal Presiding Judge

Home > Notices To The Bar > Order - Judge James X. Sattely – Designated As Bergen Criminal Presiding Judge

SUPREME COURT OF NEW JERSEY

It is ORDERED that effective August 5, 2023 and until further order, **Superior Court Judge James X. Sattely** is designated as the Criminal Presiding Judge for Bergen County (Vicinage 2). This will amend the 2022-2023 General Assignment Order dated August 15, 2022.

Document Date: April 24, 2023

Publish Date: April 24, 2023

Download Notice

### MISSION STATEMENT

We are an independent branch of government constitutionally entrusted with the fair and just resolution of disputes in order to preserve the rule of law and to protect the rights and liberties guaranteed by the Constitution and laws of the United States and this State.

ADA Americans with Disabilities Act | ENSURING AN OPEN DOOR TO JUSTICE | Interpreter

### ESSENTIAL LINKS

- Home
- Accessibility
- Fair Treatment
- For Judges
- Staff Logins
- Interpreting Services
- Contact Us
- Privacy Policy
- Alert Sign-Up

Chat

Location: Bergen

Building: Bergen County Justice Center

Division: Criminal Presiding Judges

Address:

10 Main Street

Building 39

Hackensack, New Jersey, 07601

Phone: **201-221-0700 ext. 25519**

Floor: 4

Suite/Room: 412

Chat

**Screenshot of njcourts.gov: Criminal Presiding Judges - Bergen - James X. Sattely**

njcourts.gov

Search | Select Language ▼ | Portal Log In

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

SELF-REPRESENTED ATTORNEYS NJMCDIRECT JURORS COURTS PUBLIC

# Criminal Presiding Judges - Bergen - James X. Sattely

Home > Criminal Presiding Judges - Bergen - James X. Sattely

Location: Bergen
Building: Bergen County Justice Center
Division: Criminal Presiding Judges
Address:
10 Main Street
Building 39
Hackensack, New Jersey, 07601
Phone: 201-221-0700 ext. 25519
Floor: 4
Suite/Room: 412

## MISSION STATEMENT

We are an independent branch of government constitutionally entrusted with the fair and just resolution of disputes in order to preserve the rule of law and to protect the rights and liberties guaranteed by the Constitution and laws of the United States and this State.

ADA Americans with Disabilities Act | ENSURING AN OPEN DOOR TO JUSTICE | Interpreter

## ESSENTIAL LINKS

- Home
- Accessibility
- Fair Treatment
- For Judges
- Staff Logins
- Interpreting Services
- Contact Us
- Privacy Policy
- Alert Sign-Up

Chat

# EXHIBIT AE

Email exchange between Appellant and **Nichole Valente, Case Management**, Superior Court of New Jersey, Bergen County, Docket No. BER-L-000003-26, February 2–4, 2026, and page 2 of the New Jersey Courts’ Evidence Submission quick reference guide (rev. 2/7/2025) (4 pages):

**“Evidence Submission Module: I submitted exhibits via Evidence Submission (Transaction ID EFL-EVD79601, filed January 25–28, 2026). Please confirm whether these exhibits are linked to the docket and accessible to the Court for the hearing.”**

**“Confirm with court staff in the county where your case is assigned before submitting evidence.”**

**“I inadvertently uploaded exhibits to the ‘Medical, Psych, Alcohol/Drug Records’ module.”**

**“They contain no psychiatric, psychological, or drug-related content.”**

**“This designation is inaccurate and misleading.”**

**“As per my last e-mail, all documents have been sent to the appropriate judge for their review.”**

Significance: **By February 2, 2026, Appellant had told the court in writing that her medical records contain no psychiatric content and asked that the “Psych” designation be corrected. Case Management sent her request to the judge, and nothing was corrected.** Judge O'Dwyer later denied her motion to correct it. (Ex. U.)

The Evidence Submission Module’s own instructions state: **“Confirm with court staff in the county where your case is assigned before submitting evidence.”** (Ex. AE, guide p. 2.) Nichole Valente never returned Appellant’s voicemails. On February 2, 2026, Appellant asked Case Management in writing to confirm that her exhibits were **“linked to the docket and accessible to the Court for the hearing.” Valente never confirmed it.**

ALUMNI

Ki Chan <ki.chan@alumni.stanford.edu>

# RE: [External] Case BER-L-000003-26 — Request to Remove Exhibits from Incorrect Module

1 message

**Nichole Valente** <nichole.valente@njcourts.gov> Wed, Feb 4, 2026 at 4:35 PM
To: Ki Chan <ki.chan@alumni.stanford.edu>
Cc: BergenHelp Mailbox <BergenHelp.mbx@njcourts.gov>

As per my last e-mail, all documents have been sent to the appropriate judge for their review.

Once the judge instructs me how they would like to proceed, I will reach back out with further information/instruction.

Best,

Nichole

---

**From:** Ki Chan <ki.chan@alumni.stanford.edu>
**Sent:** Wednesday, February 4, 2026 4:24 PM
**To:** Nichole Valente <nichole.valente@njcourts.gov>
**Cc:** BergenHelp Mailbox <BergenHelp.mbx@njcourts.gov>
**Subject:** [External] Case BER-L-000003-26 — Request to Remove Exhibits from Incorrect Module

Warning: Security Alert

This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.

Please report suspicious emails to Security.infoSec@njcourts.gov.

Thank you for your earlier response.

I am writing regarding a separate issue: exhibits I inadvertently uploaded to the "Medical, Psych, Alcohol/Drug Records" module.

These are routine orthopedic and surgical records (ankle surgery, spine imaging, appendectomy). They contain no

psychiatric, psychological, or drug-related content.

Could you please advise how to have these exhibits removed from that module or re-categorized? This designation is inaccurate and misleading.

Thank you,

Ki Sau Chan

Ki.chan@alumni.stanford.edu

(201)852-5390

On Mon, Feb 2, 2026 at 1:47 PM Nichole Valente <nichole.valente@njcourts.gov> wrote:

> Ki Sau Chan,
>
> I am in contact with the judge's chambers re: your filings and will be in touch with you once reviewed/advised by the judge.
>
> Currently no additional action is required.
>
> Thank you,
>
> Nichole Valente
>
> ---
>
> **From:** Ki Chan <ki.chan@alumni.stanford.edu>
> **Sent:** Monday, February 2, 2026 9:46 AM
> **To:** Nichole Valente <nichole.valente@njcourts.gov>
> **Cc:** BergenHelp Mailbox <BergenHelp.mbx@njcourts.gov>
> **Subject:** [External] Case BER-L-000003-26 — Evidence Submission Module & Exhibit Correction
>
> ## Warning: Security Alert
>
> This message is from an external sender. Do not open any links or attachments unless you know and trust the sending email address.
>
> Please report suspicious emails to Security.infoSec@njcourts.gov.
>
> Dear Nichole Valente,

I am the plaintiff in Chan v. Valley Health System, Docket No. BER-L-000003-26. The preliminary injunction hearing is February 20, 2026.

I am writing to request assistance with two issues:

1. Evidence Submission Module: I submitted exhibits via Evidence Submission (Transaction ID EFL-EVD-79601, filed January 25–28, 2026). Please confirm whether these exhibits are linked to the docket and accessible to the Court for the hearing.
2. Exhibits in Wrong Module: I inadvertently uploaded exhibits to the "Medical, Psych, Alcohol/Drug Records" module. These are routine orthopedic and surgical records — they contain no psychiatric, psychological, or drug-related content. Please advise how to move them to the correct module or remove them from that designation.

Thank you for your assistance.

Ki Sau Chan

Plaintiff, Pro Se

ki.chan@alumni.stanford.edu

(201) 852-5390

3. Select ‘Create New list’ to begin the evidence list filing process.

   If you have never submitted an evidence list, the screen will display a ‘Create New List’ button.

   If you have submitted an evidence list previously, the screen will display a ‘Create New List’ button with the list of previously submitted evidence lists.







4. Verify filer screen will display for self-represented litigants. Self-represented litigants will need to verify that the filer information is correct and certify the information is true and accurate.

Pro-se:

