**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

No. 26-3345

KI SAU CHAN, *Plaintiff-Appellant*,
v.
VALLEY HEALTH SYSTEM, INC., et al., *Defendants-Appellees*.
On Appeal from the United States District Court for the District of New Jersey,
No. 2:26-cv-03358-MCA-AME

# APPELLANT'S MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENT TO HER EMERGENCY MOTION (DOC. 8), BEARING ON VALLEY'S OPPOSITION (DOC. 15), HER REPLY (DOC. 18), AND HER MOTION FOR LEAVE TO SUPPLEMENT (DOC. 28), REGARDING THE DISTRICT COURT'S NOVEMBER 24, 2026 ORDERS

Pursuant to Fed. R. App. P. 27, Appellant Ki Sau Chan moves for leave to supplement her pending Emergency Motion for Injunction Pending Appeal (Doc. 8), Valley's Opposition (Doc. 15), her Reply (Doc. 18), and her Motion for Leave to Supplement (Doc. 28), with two orders the District Court issued on November 24, 2026, one day after she filed Doc. 28.

**1. New orders, issued the day after Doc. 28.** On November 23, 2026, Appellant filed Doc. 28, which described, among other things, the District Court's systemic docketing errors in her case and the resulting violations of Appellant's right to due process. (Doc. 28 ¶ 12.) The next day, November 24, 2026, Magistrate Judge André M. Espinosa issued two Letter Orders resolving eight of Appellant's motions, some pending since March and April 2026. (D.N.J. Dkts. 119, 120, **Exs. AF, AG**.) The Orders denied her motion for

electronic filing access (Dkt. 119 ¶ 2), terminated as moot her request for remote participation by Zoom at all future proceedings (Dkt. 119 ¶ 7), and denied nearly all of her requests to correct docketing errors (Dkt. 120 ¶¶ 2, 3, 9–11).

**2. The District Court blamed Appellant for its own scanning.** Paragraph 3 of Dkt. 120 states in full:

> "Plaintiff's request regarding ECF Nos. 67, 68, 71, 73, 78, 80, 81, 89, 90 and 103 for wholesale replacement of image-only PDFs solely to make them text-searchable is DENIED. The Court finds this request entirely without merit, as these documents are Plaintiff's own submissions, and it remains within Plaintiff's own prerogative to make them text-searchable prior to filing. Furthermore, if Plaintiff desires to make these documents searchable for her own records, she remains fully capable of doing so independently by utilizing standard processing commands within widely available document-reading applications. This ruling does not resolve any separately presented request for an accessibility accommodation or any claim that a filed document is incomplete or illegible." (Dkt. 120 ¶ 3, Ex. AG.)

**3. Appellant files by paper.** In April and May 2026, the Clerk's Office rejected Appellant's electronic ADS submissions four times on false grounds (see Dkt. 119 ¶ 3(ii), **Ex. AF**): that her filings lacked a wet signature, contained "security" restrictions, contained a "Fillable Document and/or Hyperlinks," and were "unreadable." Her PDFs had no security restrictions, fillable fields, or hyperlinks. As for the wet signature, the Clerk's Office had already accepted and docketed, without any deficiency notice, Appellant's Amended Complaint,

the operative complaint, bearing her "/s/" electronic signature. (D.N.J. Dkt. 5.) Appellant understood Fed. R. Civ. P. 5(d)(3)(B)(i) and L. Civ. R. 5.2 to permit that signature; the Magistrate Judge has now ruled that "Electronic signatures on documents are reserved for electronic filers." (Dkt. 119 ¶ 3(iii), **Ex. AF**.) The letter the Clerk's Office rejected as "unreadable" on May 18, 2026 was in fact fully readable: when Appellant filed the identical letter on paper the next day, the Clerk's Office docketed it, unchanged and readable, as D.N.J. Dkt. 22. Since May 19, 2026, Appellant's life partner, Johnny Yau, has filed her documents by paper, by handing hard copies to the Clerk's Office. The Clerk's Office manually stamps each paper filing in ink with the word "RECEIVED" and the date. **That manual ink stamp, visible on the docketed filings, shows that the Court received paper documents from Appellant, not electronic PDF files.** It does not appear on electronic ADS or CM/ECF submissions. (E.g., D.N.J. Dkt. 115 at 1, **Ex. AH**.) **This Court can download Dkt. 115 from PACER: its file properties identify the scanner as a "RICOH IM C4510" and show that the PDF was modified by the Administrative Office of the United States Courts, and it has no text search, unlike every document Appellant has filed through CM/ECF in this Court.** These properties can be viewed by opening the downloaded PDF and selecting its document information (for example, the "i" Inspector in macOS Preview, or File > Properties in Adobe Acrobat). A search of that PDF for "Ki Sau Chan" returns "No Results Found." (**Ex. AH** at 2.) By contrast, Appellant's own scan of her court-stamped copy of

the same filing, made on her home computer (its file properties show macOS, not the court), is text-searchable: the same search finds her name on 15 pages. (**Ex. AH** at 3.) Appellant has no reason to lie about how she files or about the clerical errors made by the Clerk's Office's docket clerks, and the ink stamps and the PDF's own file properties confirm her account. Because Appellant files on paper, she has no control over whether the Clerk's Office's scan of her filing is text-searchable. Mr. Yau hands the Clerk's Office two paper copies of each filing; both are stamped, and one is returned to him, which Appellant keeps. Because Appellant files only paper, the only electronic PDF of each filing is the one the Clerk's Office creates by scanning it. On request, Appellant will submit for in camera review the paper copies that Mr. Yau brought back from each in-person filing at the courthouse, stamped "RECEIVED" and dated by the Clerk's Office, along with her original electronic PDF files, which exist only on her home computer and were never filed. ADS, the District's alternative for pro se litigants, is itself screened and docketed manually by Clerk's Office staff, who choose the docket description and links. Clerk's Office staff then scan the paper copies on the Clerk's Office's own scanner and computers and type the docket descriptions themselves. Appellant has no access to the court's scanner or computers. Her own PDF files, which remain on her computer, are text-searchable and bear their correct titles. For months, Appellant also emailed defense counsel courtesy copies of those PDFs, and no defense counsel ever complained that a copy was unreadable, lacked text search, had shifted margins,

or was mislabeled. Those defects appear only in the versions scanned and docketed by the Clerk's Office.

**4. The Magistrate Judge did not check.** Appellant believes that, in his haste to rule the day after Doc. 28, the Magistrate Judge neglected to check the ink "RECEIVED" stamps on the very filings he ruled on, which show on their face that they were filed on paper, and that Appellant therefore has zero control over docket errors such as the loss of OCR text search and the mislabeling of her filings. The Clerk's Office docketed her Amended Complaint as a "Notice (Other)" (Dkt. 5), her two discovery plans as "Letter" entries (Dkts. 73, 89), and her replies as "Letter" or "Notice (Other)" entries (Dkts. 58, 78, 97). Only a computer can strip a PDF of its text-searchable layer, and that occurs on the Clerk's Office's end, in the electronic processing of the scans its staff make of Appellant's paper filings. He did not verify that Appellant and Mr. Yau filed on paper before blaming Appellant for the Clerk's Office's scanning and docketing. He instead accepted the Clerk's Office's account (D.N.J. Dkt. 107, cited throughout Dkts. 119 and 120) over Appellant's.

**5. Corrections must now be litigated.** Dkt. 120 requires Appellant to submit a formal court filing to seek correction of docketing errors made by the Clerk's Office, and bars her from raising them with Clerk's Office staff by telephone or email. (Dkt. 120 ¶ 6, **Ex. AG**.) Appellant, who files by paper, must therefore make a court filing, in person, for each clerical error. Since April 2026, Appellant has filed multiple letters and motions asking the District Court

and Magistrate Judge Espinosa to correct these docketing errors. (E.g., D.N.J. Dkts. 6, 8, 39, 40, 41, 65, 104.) The Court ruled on none of them before Dkt. 120, the Letter Order Magistrate Judge Espinosa issued on November 24, 2026. On October 5, 2026, Appellant also emailed the Clerk of Court, Melissa E. Rhoads, a table identifying each docketing error and the correction requested, including the mislabeling of her Amended Complaint, discovery plans, and replies. (**Ex. AI**.) Although the errors were the Clerk's Office's, Appellant's email did not blame the Clerk's Office; it was respectful and polite, and thanked the Clerk for her help. The Clerk's October 19, 2026 letter made only some corrections and suggested that Appellant caused the problems (D.N.J. Dkt. 107), and the Magistrate Judge then relied on that letter. (Dkts. 119, 120.) Earlier, on October 14, 2026, a Clerk's Office supervisor who identified himself as "Tim Gormon" told Appellant by telephone that every clerical correction, such as adding Appellant as the filer or changing an event type from "Letter" to "Response," requires both a judicial ruling and the agreement of opposing counsel. Appellant recorded the call and reported it to the District Court in a docketed letter. (D.N.J. Dkt. 104 at 1.) The combination of the eight-month delay and the new requirement that each correction be litigated by formal motion burdens Appellant's access to a usable docket.

**6. The contrast with this Court.** In this Court, Appellant files electronically through CM/ECF. **Not one of her filings here has been stripped of text search, mislabeled, or left unlinked.** Yet the District Court denied her

electronic filing access, citing only the District's policy limiting ECF registration to attorneys, without addressing its discretion under Fed. R. Civ. P. 5(d)(3)(B)(i) to grant it by order. (Dkt. 119 ¶ 2, **Ex. AF**.) If Appellant were permitted to file through CM/ECF, as she does without error in this Court, these docketing errors would not occur, because she would upload her own text-searchable filings directly.

**7. Disability accommodations left undecided.** Appellant has permanent physical disabilities and receives SSDI. Her motion for disability accommodations asked for remote participation by Zoom at the Rule 16 conference and all later proceedings. (D.N.J. Dkt. 68.) The Magistrate Judge terminated it as moot because "the Court has not yet required in person proceedings in this matter" (Dkt. 119 ¶ 7, **Ex. AF**), declining to commit to Zoom although nothing about Appellant's permanent disabilities will change. Denying both electronic filing access and a prospective Zoom accommodation leaves a permanently disabled pro se litigant with no efficient means of participating and no assurance that remote access will be available when proceedings are finally scheduled.

**8. Why this matters.** These Orders show that the District Court has blamed Appellant for image-only and mislabeled entries that result from the Clerk's Office's own scans of her paper filings, and has left her disability-accommodation request undecided while no proceedings have been scheduled. These rulings by Magistrate Judge Espinosa continue the pattern of

access and docketing obstacles described in Doc. 28. Appellant believes the District Court has continued to violate her right to due process based on stereotyped assumptions about her, likely arising from the false psychiatric and behavioral flags at the center of this case, and about her as a self-represented, physically disabled litigant. Appellant believes this shows the ongoing, irreparable harm the false flags continue to cause her, not only in her medical care across hospitals but now in the courts as well, because the flags discredit her account of the facts, which bears directly on the irreparable-harm showing in her Emergency Motion (Doc. 8). Appellant offers this evidence so that this Court does not mistakenly conclude that the docketing problems described in Doc. 28 were of her own making. Appellant will file objections to these Orders in the District Court under Fed. R. Civ. P. 72(a) tomorrow, November 25, 2026.

**9.** Nor has the Magistrate Judge scheduled discovery. On July 6, 2026, the District Judge ordered:

> "ORDERED that, to ensure these critical discovery issues are addressed with the utmost efficiency and speed, this matter is hereby referred to the assigned Magistrate Judge, who shall promptly schedule a Rule 16 initial scheduling conference so that the parties may use that conference to discuss the scope, protocol, and targeted timeline for the production of the requested ESI, audit trails, and associated metadata; and it is further" (D.N.J. Dkt. 56 at 2; Doc. 8, Ex. C.)

This case was opened on March 30, 2026, nearly eight months ago, yet the Magistrate Judge has scheduled no conference, hearing, or proceeding of

any kind. More than four months after Dkt. 56, no Rule 16 conference has been scheduled and discovery has not begun. The continued delay, combined with the rulings on electronic filing and accommodations, further burdens Appellant's ability to advance the case.

WHEREFORE, Appellant respectfully requests that the Court grant leave to supplement, consider Exhibits AF through AI in deciding her Emergency Motion (Doc. 8) and her Motion for Leave to Supplement (Doc. 28), and grant such other relief as the Court deems just.

Dated: November 24, 2026
Respectfully submitted,
/s/ Ki Sau Chan
**Ki Sau Chan**
Appellant, pro se
403 McGuigan Place, Harrison, NJ 07029
ki.chan@alumni.stanford.edu

**CERTIFICATE OF COMPLIANCE**

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 2,090 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Ki Sau Chan

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2026, I filed this motion and Exhibits AF through AI with the Clerk of the Court through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Ki Sau Chan

**This filing totals 28 pages:** Motion (9 pages) and Exhibits AF through AI (19 pages).

# EXHIBIT AF

D.N.J. Dkt. 119, Magistrate Judge Espinosa's Letter Order, November 24, 2026 (3 pages)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CHAMBERS OF
ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING JR.
COURTHOUSE
50 WALNUT STREET
ROOM 2037, COURTROOM 2D
NEWARK, NJ 07102
973.645.3827

## LETTER ORDER

November 24, 2026

**Re:** ***Chan v. Valley Health System, Inc., et al.***
**Civil Action No. 26-3358-MCA-AME**

Dear Litigants:

The Court issues this Letter Order to address various motions filed by pro se plaintiff Ki Sau Chan ("Plaintiff") seeking overlapping relief to correct party designations, docket descriptions, filing classifications, Clerk's Office Quality Control notices, and scanned documents [*see* D.E 6, D.E. 8, D.E. 23, D.E. 41, D.E. 65, D.E 104]; requesting leave to file electronically [*see* D.E 9, D.E. 23 D.E. 41, D.E. 65]; seeking disability accommodations [*see* D.E. 6, D.E. 8, D.E. 68]; and requesting an extension of time to complete service of process and/or for leave to effectuate alternate service [*see* D.E. 24]. The Court addresses those requests collectively to the extent stated below.

Accordingly, **IT IS** on this 24th day of November 2026, **ORDERED** that:

1. The Clerk of the Court shall terminate D.E. 6 and D.E. 8 as moot as it relates to Plaintiff's disability accommodation request. Those motions seek, in part, disability accommodations from Communication Access Realtime Translation ("CART") services, which Plaintiff has made arrangements to receive. [*See* D.E. 17 (reporting that "No further action is required from the Court regarding CART.")].

   As to Plaintiff's remaining requests in D.E. 6 and D.E. 8 to correct docket entries, reclassify filings, and "restore proper filing sequence," the Clerk of the Court issued a letter on October 19, 2026, advising Plaintiff the Clerk's Office has "made several corrections as deemed appropriate" regarding Plaintiff's requests for docket modifications. [*See* D.E. 107]. Therefore, based on the foregoing, no further relief in Plaintiff's motions at D.E. 6 and D.E. 8 is warranted.

2. Plaintiff's motion at D.E. 9 for leave to file electronically as a self-represented litigant is **DENIED**. Pursuant to District of New Jersey Electronic Case Filing Policies and Procedures (Oct. 21, 2026), available at PoliciesandProcedures2026.pdf, eligibility to register as an ECF filing user is limited to attorney use only and "[s]elf-represented, or Pro Se, litigants without

privileges may submit documents electronically through Alternate Document Submission (ADS). ADS allows self-represented litigants to electronically submit new cases or documents in existing civil, criminal or miscellaneous cases instead of mailing or bringing them to the courthouse. Use of ADS is optional, and documents may still be submitted by mail, courthouse drop box or in person." (*Id.* at 5-6).

3. Plaintiff's motion at D.E. 23 seeking court intervention as it relates to the Clerk's Office docketing system, quality control notices, and electronical signature approval is **DENIED** for the reasons stated herein:

   i. Plaintiff's request to direct the Clerk's Office to "docket Plaintiff's May 13, 2026 Leave Letter Regarding 28 U.S.C. § 1927 Sanctions and Errata nunc pro tunc to their original ADS submission dates" is **DENIED** as the relief sought is moot in light of the October 19, 2026 letter from the Clerk's Office stating it "made several corrections [to the docket] as deemed appropriate." [*See* D.E. 107].

   ii. Next, plaintiff's request to vacate four ADS Quality Control deficiency notices issued against Plaintiff's filings in April 2026 and May 2026 is **DENIED** as these suggested changes "do not, and will not, impact the pending litigation" because "[w]hile a docket is frequently referred to in determining case status and serves as a source of basic case information, the docket does not take the place of the actual documents that are before the Court for review." [*See* D.E. 107].

   iii. Lastly, plaintiff's request to "confirm" that her use of "s/ Ki Sau Chan" as an electronic signature satisfies Federal Rule of Civil Procedure 5(d)(3)(B)(i) and Local Rule 5.2 is **DENIED** for the reasons stated above. Electronic signatures on documents are reserved for electronic filers. Plaintiff shall sign pleadings and file them through the ADS system or mail pleadings to the Clerk of Court. [*See* D.E. 107].

4. Plaintiff's motion at D.E. 24 seeking an extension of time to effectuate service pursuant to Federal Rule of Civil Procedure 4(m) and/or for leave to effect alternate service of process pursuant to Federal Rule of Civil Procedure 4(e)(1) is moot. All defendants have filed pre-answer motions to dismiss or an answer to Plaintiff's amended complaint without asserting insufficient service of process as a defense. [*See* D.E. 21; D.E. 38; D.E. 45; D.E. 47; D.E. 79].

   Federal Rule of Civil Procedure 12(h)(1) provides that a defendant waives the defenses enumerated in Rule 12(b)(2)-(5), including insufficient of process under Rule 12(b)(5) in two circumstances: (1) under Rule 12(h)(1)(A) when a defendant omits the defense from a pre-answer Rule 12 motion when the defense was available at the time of that motion; and (2) under Rule 12(h)(1)(B) when the defendant fails to raise the defense either in a Rule 12 motion or in its responsive

pleading. Therefore, no relief is warranted in Plaintiff's motion at D.E. 24 as all defendants have waived any potential insufficient service of process defense available under Rule 12(b)(5).

5. Plaintiff's motion at D.E. 41, requesting changes to docket descriptions, filing classifications, and response deadlines, is moot in light of the October 19, 2026 letter from the Clerk's Office stating it "made several corrections [to the docket] as deemed appropriate." [*See* D.E. 107]. In addition, plaintiff's request in D.E. 41 to resolve the pending motion at D.E. 9, to obtain electronic filing access as a pro se litigant, is moot in light of the Court's ruling detailed above.

6. Plaintiff's motion at D.E. 65 requesting various docket corrections and seeking electronic-filing access as a pro-se litigant is moot for the reasons already expressed above in this Letter Order.

7. Plaintiff's motion at D.E. 68 seeks specified disability accommodations for "the anticipated Rule 16 scheduling conference and all subsequent conferences and proceedings, including any oral argument on motions." [D.E. 68 at 1-4]. To the extent the motion at D.E. 68 seeks the same accommodations requested in Plaintiff's earlier motions [*see* D.E. 6; D.E. 8], the motion is moot. [*See* D.E. 17 (Plaintiff reporting that "No further action is required from the Court regarding CART.")]. Moreover, the Court has not yet required in person proceedings in this matter.

Based on the foregoing, the Clerk shall terminate the motions at D.E. 6, D.E. 8, D.E. 9, D.E. 23, D.E. 24, D.E. 41, D.E. 65, and D.E. 68.

**IT IS SO ORDERED.**

*/s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Madeline Cox Arleo, U.S.D.J.

# EXHIBIT AG

D.N.J. Dkt. 120, Magistrate Judge Espinosa's Letter Order, November 24, 2026 (3 pages)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**ANDRÉ M. ESPINOSA**
**UNITED STATES MAGISTRATE JUDGE**

**MARTIN LUTHER KING JR. COURTHOUSE**
**50 WALNUT STREET**
**ROOM 2037, COURTROOM 2D**
**NEWARK, NJ 07102**
**973.645.3827**

**November 24, 2026**

VIA ECF
All Counsel of Record
Ki Sau Chan, pro se
403 Mcguigan Place
Harrison, NJ 07029
ki.chan@alumni.stanford.edu

**LETTER ORDER**

**Re: Chan v. Valley Health System, Inc. et al.**
**Civil Action No. 26-3358-MCA-AME**

Dear Litigants:

Before the Court is pro se Plaintiff Ki Sau Chan's ("Plaintiff") requests to correct party designations, docket descriptions, filing classifications, and scanned documents. See e.g., ECF Nos. 6, 8, 41, 65, 104. The Court addresses those requests collectively to the extent stated below.

Federal Rule of Civil Procedure 79(a)(3) requires docket entries to briefly identify the nature of filed papers. Docket descriptions need not reproduce a filing's complete title or a party's preferred wording. See id. The underlying documents, rather than their abbreviated docket descriptions, establish their contents. See id.

Plaintiff correctly identifies an error in her designation as a cross-defendant. On June 10, 2026, Defendants Valley Health System, The Valley Hospital, Valley Medical Group, Telisha Calasse, RN, Elizabeth Sattely, RN, Gizem Akkus, RN, Julie Zavadenko, APN, and Carl Winkler, MD filed an answer and asserted contribution and indemnification crossclaims against "all other defendants." See ECF No. 38 at 14. Defendants Andrew Elliott, MD and Hospital for Special Surgery likewise filed an answer on June 24, 2026, and asserted contribution and indemnification crossclaims against "all co-defendants." See ECF No. 44 at 18. Neither submission asserts those crossclaims against Plaintiff. The docket designation must therefore be corrected, not replaced with a counter-defendant designation. No withdrawal or dismissal of the crossclaims is necessary because correcting the docket does not alter the pleadings or the claims against other defendants.

Accordingly, **IT IS** on this 24th day of November, 2026, **ORDERED** that:

1. Plaintiff's request to remove her designation as a cross-defendant is **GRANTED**. The Clerk of the Court shall remove both cross-defendant designations for Plaintiff associated with ECF Nos. 38 and 44 and correct the corresponding docket associations and descriptions to reflect the codefendants against whom those pleadings assert crossclaims. Plaintiff shall not be redesignated as a counter-defendant on the basis of those crossclaims. The filed pleadings and the crossclaims against other defendants remain unchanged.

2. Plaintiff's requests for expanded titles, additional cross-references, alternative event labels, and repeated identification of her status as "Plaintiff" are otherwise **DENIED** to the extent they seek only different wording or formatting rather than correction of an inaccurate description. Plaintiff is advised that docket descriptions are intended to identify filings briefly, not to reproduce her preferred wording, and that minor differences in phrasing do not warrant correction. In particular, no further revision of the descriptions of ECF Nos. 4, 5, 73, 89, and 95 is warranted. Plaintiff's individual discovery plans, see ECF Nos. 73 and 89, need not be relabeled as joint plans. Furthermore, Plaintiff's notice of withdrawal at ECF No. 95 is already formally recorded on the docket via the Clerk's entry dated September 24, 2026. Additionally, Plaintiff's requests to expand docket entries identifying submissions as letters from Plaintiff, see ECF Nos. 7, 22, 26, and 28, are **DENIED**. Those descriptions adequately identify the filings; additional language summarizing their contents is unnecessary. See Fed. R. Civ. P. 79(a)(3).

3. Plaintiff's request regarding ECF Nos. 67, 68, 71, 73, 78, 80, 81, 89, 90 and 103 for wholesale replacement of image-only PDFs solely to make them text-searchable is **DENIED**. The Court finds this request entirely without merit, as these documents are Plaintiff's own submissions, and it remains within Plaintiff's own prerogative to make them text-searchable prior to filing. Furthermore, if Plaintiff desires to make these documents searchable for her own records, she remains fully capable of doing so independently by utilizing standard processing commands within widely available document-reading applications. This ruling does not resolve any separately presented request for an accessibility accommodation or any claim that a filed document is incomplete or illegible.

4. As acknowledged in the October 19, 2026 letter from Melissa E. Rhoads, Clerk of the Court to Plaintiff, see ECF No. 107, the Clerk's Office has "made several corrections as deemed appropriate" regarding Plaintiff's requests concerning service classifications and response deadlines at ECF Nos. 31, 33, 34, and 37, and alleged scanning or page-order defects at ECF No. 40. This Order makes no determination concerning service, timeliness, default, or entitlement to service costs.

5. This Order does not amend the August 28, 2026 Order, see ECF No. 86, or direct alteration of the injunction-related filings. It addresses administrative matters distinct from the merits of the preliminary-injunction appeal. See ECF Nos. 93, 98.

6. Any further request for judicial relief or correction of the docket must be submitted through an authorized filing method and served as required. Plaintiff shall not pursue duplicate requests concerning the same alleged errors through telephone calls or emails to individual Clerk's Office employees. The Help Desk remains available for technical filing assistance. This paragraph imposes no prefiling-approval requirement.

7. ECF Nos. 6, 8, 41, and 65, and related submissions, are resolved only to the extent expressly addressed by this Order. Any other relief sought in those submissions remains pending.

8. As referenced in the October 19, 2026 letter from Melissa E. Rhoads, Clerk of the Court to Plaintiff, see ECF No. 107, Plaintiff's request to scan ECF No. 34 separately as three submissions is **GRANTED IN PART** and **DENIED IN PART**. The Clerk's Office has separately scanned two of those three submissions, see ECF Nos. 105, 106, and modified ECF No. 33 to reflect the correct filing deadline. The Clerk shall add a cross-reference linking ECF No. 39 to ECF No. 34.

9. Except for matters expressly reserved or left pending, all remaining requests for docket corrections not specifically addressed in this Order seek non-substantive changes that do not warrant relief and are denied as without merit.

10. Plaintiff's requests to revise ECF Nos. 58, 59, 78, 97, and 99 are **DENIED**, as the existing docket entries already clearly identify Plaintiff as the filer.

11. Plaintiff's request to revise ECF No. 92 is **DENIED**, as the existing docket description already identifies the filing as a notice of filing an affidavit.

12. The Clerk of the Court is **ORDERED** to serve a copy of this Order upon Plaintiff via certified mail at her address of record, and via electronic mail at her email address listed on the docket.

*/s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT AH

D.N.J. Dkt. 115 at 1, downloaded from PACER, with screenshots of file properties (3 pages): first page of Appellant's reply brief. The Clerk's manual ink stamp "RECEIVED NOV 20 2026" shows that Appellant filed this document on paper, in person, not as an electronic PDF. The PDF on PACER is the Clerk's Office's own scan of her paper copy: its file properties identify the scanner as a "RICOH IM C4510," show that it was modified by the Administrative Office of the United States Courts, and show a creation date of November 20, 2026 at 2:17 PM; and it has no text search: a search for "Ki Sau Chan" returns "No Results Found." By contrast, page 3 shows Appellant's own scan of her court-stamped copy of the same filing, made on November 20, 2026 at 12:56 PM on her home computer (its file properties show macOS as the author and producer, with no court involvement), which is text-searchable: a search for "Ki Sau Chan" finds it on 15 pages. Every document Appellant files through CM/ECF in this Court is likewise text-searchable. (Red circle added by Appellant.)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KI SAU CHAN,<br>*Plaintiff,*<br>v.<br>VALLEY HEALTH SYSTEM, INC., et al.,<br>*Defendants.* | Civil Action No. 2:26-cv-03358-MCA-AME<br><br>**REPLY BRIEF IN SUPPORT OF MOTION (DKT. 110)**<br>**Motion Day: December 7, 2026** |

# PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE JULY 6, 2026 ORDER (DKT. 56), FOR AN IMMEDIATE RULE 16 SCHEDULING CONFERENCE AND SCHEDULING ORDER, AND FOR EXPEDITED PRODUCTION OF FLAG AND ALERT ESI (DKT. 110)

**Ki Sau Chan**
*Pro Se Plaintiff*
403 McGuigan Place, Harrison, NJ 07029
(201) 852-5390 | ki.chan@alumni.stanford.edu

RECEIVED
NOV 20 2026
AT 8:30______________M
CLERK, U.S. DISTRICT COURT - DNJ

**This filing totals 56 pages:** cover page (1 page); Table of Contents and Table of Authorities (2 pages); Reply Brief (9 pages); and Exhibits A through R (44 pages).

Screenshot (macOS Preview, Nov. 24, 2026): text search of D.N.J. Dkt. 115 as downloaded from PACER, with its file properties




Case 2:26-cv-03358-MCA-AME Document 115 Filed 11/20/26 Page 1 of 56 PageID: 2618

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KI SAU CHAN,
*Plaintiff,*
v.
VALLEY HEALTH SYSTEM, INC., et al.,
*Defendants.*

Civil Action No. 2:26-cv-03358-MCA-AME

**REPLY BRIEF IN SUPPORT OF MOTION (DKT. 110)**
**Motion Day: December 7, 2026**

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO ENFORCE THE JULY 6, 2026 ORDER (DKT. 56), FOR AN IMMEDIATE RULE 16 SCHEDULING CONFERENCE AND SCHEDULING ORDER, AND FOR EXPEDITED PRODUCTION OF FLAG AND ALERT ESI (DKT. 110)**

RECEIVED
NOV 2 0 2026
AT 8:30 ____M
CLERK, U.S. DISTRICT COURT - DNJ

**Ki Sau Chan**
*Pro Se Plaintiff*
403 McGuigan Place, Harrison, NJ 07029
(201) 852-5390 | ki.chan@alumni.stanford.edu

**This filing totals 56 pages:** cover page (1 page); Table of Contents and Table of Authorities (2 pages); Reply Brief (9 pages); and Exhibits A through R (44 pages).

Screenshot (macOS Preview, Nov. 24, 2026): text search of Appellant's own scan of her court-stamped copy of Dkt. 115, with its file properties



# EXHIBIT AI

Appellant's October 5, 2026 email to the Clerk of Court, Melissa E. Rhoads, requesting docket corrections (6 pages)

**From:** **Ki Chan** ki.chan@alumni.stanford.edu
**Subject:** Docket Corrections Requested – Chan v. Valley Health System, No. 2:26-cv-03358 (D.N.J.) – Priority: Amended Complaint, Responses, Discovery Plans
**Date:** October 5, 2026 at 7:00 AM
**To:** Melissa e. Rhoads Melissa_Rhoads@njd.uscourts.gov

Dear Ms. Rhoads,

Thank you for your help with the earlier docket corrections. I am a pro se plaintiff without CM/ECF access in this Court (Dkt. 9 pending motion for ECF) — although I have it in Appellate Court — so I cannot correct these myself, and genuinely appreciate your assistance. I reviewed the PACER docket report as of October 1, 2026, and the PacerMonitor docket (which displays event types) as of October 4, 2026.

As one of the court orders is undergoing Appellate review by Third Circuit, pls assist in correcting the docket errors so the Court will have access to the correct filings. The filings that matter most to my case are my Amended Complaint and its exhibits, my responses and replies, and my discovery plans. They are the first three groups in the table below, and I ask that they be corrected first. Each row names the filing, the errors in the docket, and my requested corrections.

Docket Corrections Table

| Dkt. | Titles from my filed documents | ERRORS in Docket now | Requested correction |
|---|---|---|---|
| Amended Complaint and exhibits (first priority) | | | |
| 5 | Amended Complaint (filed 4/9/26, entered 4/10/26). My operative pleading and the most important filing in the case. | Event “Notice (Other).” Text: “AMENDED COMPLAINT by KI SAU CHAN. (RECEIVED VIA ADS).” Not linked to Dkt. 1 or to its exhibits (Dkts. 4 and 18). The text of Dkt. 8 also calls it “5 Notice (Other).” | (a) Pls change the event type to “Amended-complaint” or “complaint”, whichever is most apt. (b) Change the text to identify it as the Amended Complaint against all defendants named in it, filed by KI SAU CHAN, in the same form as the text of Dkt. 1. (c) Link to Dkt. 1. |
| 4 | Exhibits E–L to the Amended Complaint, with attachments M–W (filed 4/9/26). | Event “Letter.” Text: “Exhibits E-L from Ki Sau Chan.” Not linked to any entry. | Change to the exhibit event and link to Dkt. 5. Dkt. 18 (Supplemental Exhibits) is entered correctly and linked to Dkt. 5, so it is the model. |
| Responses, replies and supporting papers (first priority) | | | |
| 97 | Response to the HSS Defendants’ 9/15/2026 Letter (filed 9/17/26). | Event “Letter.” NEF “Filer” field is blank (screenshot attached). | Change to the event type “Response”, as at Dkt. 94. Add “Plaintiff” (Ki Sau Chan) as filer. |
| 78 | Reply to Defendant | Event “Letter.” Text: | Change to the event type as |

| | | | |
|---|---|---|---|
| | Cakrani's Opposition (Dkt. 74), in further support of my Motion for Disability Accommodations (Dkt. 68)(filed 8/4/26). | "PLAINTIFF'S REPLY to defendant's opposition." Names no motion or defendant. Not linked. | "RESPONSE", as at Dkt. 71. Use the title at left. Link to Dkts. 68 and 74. |
| 58 | Reply in further support of my Motion for Preliminary Injunction (Dkt. 51) (filed 7/6/26). | Event "Notice (Other)." | Change the event type to "Response." |
| 59 | Reply in Further Support of Motion for Service Costs Under Fed. R. Civ. P. 4(d)(2) (Dkts. 48, 50), in Response to the HSS Defendants' Opposition (Dkt. 55) (filed 7/7/26). | Event "Brief." | Change the event type to "Response." |
| 92 | Notice of Filing of the Affidavit of Johnny Yau (Limited to Hospital for Special Surgery), with Exhibits A–F (filed 9/8/26). Supports my opposition (Dkt. 80) to the HSS motion to dismiss (Dkt. 79). | Event "Notice (Other)." | Change to the "Affidavit" event. |
| Discovery plans (first priority) | | | |
| 73 | Individual Proposed Discovery Plan (filed 7/28/26) re: the Text Order at Dkt. 69. | Event "Letter." The defendants' plans (Dkts. 82, 83, 84, 85 and 87) were appropriately entered as event "DISCOVERY".<br><br>As docketed, the record does not show on its face that I filed the discovery plans Dkt. 69 required. | Change my event type to "DISCOVERY". Add the parenthetical from my title: "(Submitted Pursuant to the Text Order of July 24, 2026, D.E. 69)." |
| 89 | Supplemental Individual Proposed Discovery Plan (filed 8/31/26) re: the Text Order at Dkt. | Event "Letter." As docketed, the record does not show on its face that I filed this | Change to "DISCOVERY" event type. Confirm links to Dkts. 73, 82, 83, 84, 85 and 87. |

| | | | |
|---|---|---|---|
| | 69. | supplemental discovery plan as Dkt. 69 required. | |
| Other filings | | | |
| 7 | Letter to the Clerk, Confirmation of Operative Pleading Status (filed 4/16/26). | Text: “Letter from KI SAU CHAN.” No title. | Add the title. Link to Dkt. 5. |
| 22 | Request for Leave to File Motion for Sanctions Against Eileen M. Kavanagh, Esq. Under 28 U.S.C. § 1927, resubmitted in person, with exhibits (filed 5/19/26). | Text: “Letter from KI SAU CHAN.” No title. | Add the title. |
| 26 | Errata to Plaintiff’s Motion to Extend Time for Service and for Alternate Service (Dkt. 24) (filed 5/20/26). | Text: “Letter re:24 from Ki Sau Chan.” No title. | Add the title. Confirm the link to Dkt. 24. |
| 28 | Errata to my Leave Letter Regarding 28 U.S.C. § 1927 Sanctions (Dkt. 22), filing omitted Exhibit 14. | Text: “Letter from KI SAU CHAN.” No title. | Add the title. Link to Dkt. 22. |
| 31 | Executed waivers of service for the eight Valley Defendants (filed 5/28/26). | Event “Letter.” Text: “Letter from KI SAU CHAN.” No response deadline indexed. | Re-docket as “Waiver of Service Executed,” as at Dkt. 33, naming the eight defendants, waivers sent 4/28/2026, answer due 6/29/2026. |
| 33 | Executed waivers of service for Drs. Bernstein and Owusu-Dapaah (filed 6/1/26). | Now shows the correct 4/28 send date (thank you). Answer due date reads 6/27/2026, a Saturday. | Correct the answer due date to Monday, 6/29/2026, as my errata asked. |
| 34 | Three separate filings merged into one entry at docketing (filed 6/4/26). We hand-delivered them as three separate documents. Each of the three documents had its | Event “Letter.” Text: “Letter to Judge Epsinosa from Ki Sau Chan.” | Separate into three entries, each filed 6/4/2026: (a) Letter to Magistrate Judge Espinosa, Request to Adjourn Motion Days and Stagger Opposition Deadlines (pp. 1–2); (b) Errata, Correction of |

| | | | |
|---|---|---|---|
| | own “Received" court-stamp (3:07 p.m.). The merged 3-in-1 filing was a docketing error, not an error in my submission. | | Response Deadline, and Certificate of Service regarding Dkts. 31 and 33, with Exhibits A–C (pp. 3–7); (c) Affidavit of Service on Hospital for Special Surgery, served 6/2/2026 (pp. 8–9), docketed as “Summons Returned Executed” with the answer due date of 6/23/26, as at Dkt. 43. Please also re-scan them if possible (the images are off-center with enlarged margins), as I asked at Dkt. 39. |
| 37 | Summons returned executed as to Dr. Andrew Elliott, served 6/4/2026 (filed 6/8/26). | Docketed as “CERTIFICATE OF SERVICE.” | Re-docket as “Summons Returned Executed,” with the date of service and answer due date, as at Dkt. 43. |
| 39 | Letter to the Clerk, Request to Separately Docket the Three Documents Filed on June 4, 2026 (Currently Merged as Dkt. 34) and Re-Scan Them (filed 6/8/26) | Text: “Letter to the court from Ki Sau Chan.” No title. | Add the title. Link to Dkt. 34. |
| 40 | Urgent Notice to Judge Arleo of Systemic Docketing Errors and Request for Procedural Rectification Regarding Defendants' Response Deadlines, with Enclosures 1–9 (filed 6/10/26). | Docketed as “CERTIFICATE OF SERVICE.” The pages of the letter and exhibits were entered out of order. | Add the title. Re-scan and re-enter the pages in order. |
| 46 | Notice of Motion and Motion for Entry of Default Against Hospital for Special Surgery (filed 6/24/26). | Event “Default Judgment.” I asked for entry of default, not judgment. | Change the event type to entry of default. Dkt. 46 is withdrawn (Dkt. 57), so terminate it. |
| 57 | Notice of Withdrawal of my Motion for Entry of Default (Dkt. 46) (filed 7/2/26). | Event “Notice (Other).” Dkt. 46 does not appear to be terminated or removed from the 7/20/26 motion | Re-enter under the withdrawal event. Terminate Dkt. 46 as withdrawn. |

| | | | |
|---|---|---|---|
| | | 7/20/26 motion calendar. | |
| 95 | Notice of Withdrawal of my Motion for Reconsideration (Dkt. 90) (filed 9/14/26). | Event “Notice (Other).” Dkt. 90 does not appear to be terminated, and is still noticed for October 5, 2026. The event type may be why neither motion shows as terminated. | Re-enter under the withdrawal event. Terminate Dkt. 90 as withdrawn and remove it from the calendar. |
| 99 | Letter Request for Ruling on Pending Motions, Rule 16 Conference, and Scheduling Order, to Magistrate Judge Espinosa (filed 9/28/26). | NEF “Filer” field is blank (screenshot attached). | Add “Plaintiff” (Ki Sau Chan) as filer. |

Please tell me when each correction is made.

Sincerely,

Ki Sau Chan

Attachments: (1) PACER docket report as of 10/1/2026; (2) PacerMonitor docket as of 10/4/2026 (event types); (3) NEF for Dkt. 97; (4) NEF for Dkt. 99.



Nj District NEF (E-notice Of Filing) NEF September 29, 2026 at 3:03 PM

Activity in Case 2:26-cv-03358-MCA-AME CHAN v. VALLEY HEALTH SYSTEM, INC. et al Letter

To: Nj District NEF (E-notice Of Filing)

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of New Jersey [LIVE]**

**Notice of Electronic Filing**

The following transaction was entered on 9/29/2026 at 3:03 PM EDT and filed on 9/21/2026

**Case Name:** CHAN v. VALLEY HEALTH SYSTEM, INC. et al

**Case Number:** 2:26-cv-03358-MCA-AME

**Filer:**

**Document Number:** 99

**Docket Text:**

**Letter Request for Ruling on Pending Motions, Rule 16 Conference, and Scheduling Order to Magistrate Judge Andre M. Espinosa from KI SAU CHAN. (sks)**

**Nj District NEF (E-notice Of Filing)** NEF September 17, 2026 at 5:17 PM

Activity in Case 2:26-cv-03358-MCA-AME CHAN v. VALLEY HEALTH SYSTEM, INC. et al Letter

To: Nj District NEF (E-notice Of Filing)

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of New Jersey [LIVE]**

**Notice of Electronic Filing**

The following transaction was entered on 9/17/2026 at 5:16 PM EDT and filed on 9/17/2026

**Case Name:** CHAN v. VALLEY HEALTH SYSTEM, INC. et al

**Case Number:** 2:26-cv-03358-MCA-AME

**Filer:**

**Document Number:** 97

**Docket Text:**

**Plaintiff's Response to HSS Defendants' 9/15/2026 Letter [94] from Ki Sau Chan. (sm)**

**10.4.2026 - PACERMONITOR - erroneous event types .pdf**

155 KB

**copy As of 10.1.26 - PACER - CM:ECF LIVE - U.S. District Court...**

398 KB