**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

No. 26-3345

KI SAU CHAN, *Plaintiff-Appellant*,

v.

VALLEY HEALTH SYSTEM, INC., et al., *Defendants-Appellees*.

On Appeal from the United States District Court for the District of New Jersey,
No. 2:26-cv-03358-MCA-AME

**APPELLANT'S MOTION FOR LEAVE TO FILE A THIRD SUPPLEMENT TO HER EMERGENCY MOTION (DOC. 8), REGARDING VALLEY COUNSEL'S NOVEMBER 25, 2026 "NOTICES OF CORRECTION" (D.N.J. DKT. 121; DOC. 30)**

Respectfully, Appellant files this supplement reluctantly, and only because counsel's continuing filings in both courts, which Appellant believes are vexatious, malicious, and fraudulent, including their November 25 notices (D.N.J. Dkt. 121; Doc. 30), made it necessary. At the same time, these notices go to the crux of this case: the credibility of Valley's counsel, Farkas & Donohue, LLC.

Pursuant to Fed. R. App. P. 27, Appellant Ki Sau Chan moves for leave to supplement her Emergency Motion (Doc. 8), Valley's Opposition (Doc. 15), her Reply (Doc. 18), and her Motions for Leave to Supplement (Docs. 28, 29), with two identical notices Valley's counsel filed on November 25, 2026. This is a civil-rights and intentional-tort case: Defendants placed retaliatory false psychiatric and behavioral flags in Appellant's medical records, which drove

nonconsensual bodily invasions, including the administration of an antipsychotic drug while she was unconscious during emergency surgery. It is not a medical-malpractice case.

On November 25, 2026, five days after Appellant served Valley's counsel with a Rule 11 motion, counsel filed a "Notice of Correction of a Professional Designation" in the District Court, signed by Eileen M. Kavanagh, Esq. of Farkas & Donohue, LLC (D.N.J. Dkt. 121, **Ex. AJ**), and an identical notice in this Court, signed by Robert G. Veech, III, Esq. (Doc. 30). Neither notice corrects the record, for the following reasons.

**1. The notices withdraw and correct nothing.** Neither notice withdraws, amends, or refiles any document, and neither identifies a single docket entry. Each asks only that the court "treat this notice as a correction applicable to all prior references to Elizabeth Sattley as an APN in defendants' previously filed submissions. All such references should be understood to refer to her correct designation as a Registered Nurse." (Dkt. 121 at 2; Doc. 30 at 2.) The filings that call Defendant Elizabeth Sattely an "APN" — D.N.J. Dkts. 29, 66, 70, 108, and 111, and Doc. 22 in this Court — remain unchanged.

**2. The notices misname the Defendant they claim to correct.** Each notice spells the Defendant's name "Sattley" three times. (Dkt. 121 at 1–2; Doc. 30 at 1–2.) Counsel had spelled her name correctly in every prior filing. A notice that misidentifies the very person whose title it purports to correct does not correct the record as to Defendant Elizabeth Sattely.

**3. The notices are not text-searchable.** Both notices, filed by attorneys through CM/ECF, are image-only scans with no text-searchable layer. A search of either notice for “Sattely” — or for “Sattley” — returns no results. **Every other filing by Kavanagh and Veech of Farkas & Donohue, LLC, in both courts, was text-searchable — every one except these two so-called “Notice[s] of Correction of a Professional Designation” for Defendant Elizabeth Sattely, RN.** The false “APN” title, by contrast, remains fully searchable in counsel’s prior filings. No reader searching the record for Ms. Sattely will find these notices. Exhibit AJ is reproduced exactly as docketed, without any text-searchable layer, so that the Court can see it for itself. Appellant believes this was deliberate and malicious, and is part of counsel’s continuing deception to defraud the courts. Should the Court wish to verify, a text search of any of counsel’s past filings in either court will return results. In contrast, a text search of these two notices returns no results.

**4. The “typographical error” explanation is contradicted by the record.** The notices state that “Elizabeth Sattley was inadvertently identified as an Advanced Practice Nurse,” that “[t]his was merely a typographical error where the professional designation of Elizabeth Sattley RN, was exchanged with the professional designation of our other client, Julie Zavadenko, APN,” and that “Elizabeth Sattely was identified as an APN and Julie Zavadenko was identified as an RN, purely a typographical error.” (Dkt. 121 at 1–2; Doc. 30 at 1–2.) The record shows otherwise:

(a) Counsel admitted in the Valley Defendants' own Answer that Ms. Sattely is a Registered Nurse. (D.N.J. Dkt. 38 ¶ 32.)

(b) Veech's Notice of Appearance on July 15, 2026 listed "Elizabeth Sattely, RN" and "Julie Zavadenko, APN" correctly. (D.N.J. Dkt. 63.)

(c) The identical swap then appeared in six filings in two courts over six months, from May 27 to November 19, 2026: D.N.J. Dkts. 29, 66, 70, 108, and 111, and Doc. 22 in this Court. (Doc. 28 ¶ 3.)

(d) Appellant gave counsel written notice of the false title on July 29, 2026. (D.N.J. Dkt. 71 at 1–2.) Counsel repeated it three more times after that notice. (D.N.J. Dkts. 108, 111; Doc. 22.)

(e) On October 26, 2026 — the same day counsel filed the false title in both courts — Veech stated both titles correctly to this Court (Doc. 26 at 1), and counsel stated them correctly again on November 11, 2026 (D.N.J. Dkt. 109), before reverting to the false title on November 19, 2026 (D.N.J. Dkt. 111). Veech, who wrote the correct titles himself, now signs a notice calling six identical swaps a "typographical error."

**A one-time keystroke error does not recur, identically, across six filings in two courts, after written notice, by counsel who stated the correct titles in other filings during the same period.**

**5. Why this matters.** The distinction is not cosmetic. An advanced practice nurse may order medications; a registered nurse may not. Ms. Sattely is the nurse who administered haloperidol (Haldol), a first-generation antipsychotic

drug that carries an FDA boxed ("black-box") warning, to Appellant while she was unconscious during emergency surgery and without her consent. (D.N.J. Dkt. 5 ¶ 31.) Appellant believes counsel knowingly and maliciously misrepresented Ms. Sattely's title to both courts to suggest that she had authority she did not have, and that the November 25 notices are designed to look like a correction while leaving every false filing intact, misspelling even Defendant Elizabeth Sattely's last name deliberately, and leaving the correction itself unsearchable. Appellant believes this is the continuing, deceptive fraud that Farkas & Donohue, LLC, through Kavanagh and Veech, perpetrates upon both courts and the public. Appellant further believes counsel filed the notices in this form as vexatious harassment and to multiply these proceedings, forcing a physically disabled, pro se Appellant to object in both courts to a "correction" that corrects nothing. It bears directly on the credibility of Valley's Opposition (Doc. 15) and on the irreparable harm described in her Emergency Motion (Doc. 8). Appellant has no psychiatric history.

**6. These notices must be weighed with counsel's misrepresentations on the central issue: whether the flags exist.** Three of Valley's own representatives acknowledged the flags: its Privacy Officer, Constance Wright (November 2025); its Risk Management Director, Janet M. Zicarelli (February 5, 2026); and Veech himself (February 6, 2026). Yet on February 25, 2026, the day after Kavanagh filed her notice of appearance, Zicarelli reversed herself in a supplemental certification stating that no flags exist. Kavanagh later admitted in

writing that she directed that reversal: "I asked Janet Zicarelli to draft a supplemental Certification to specifically combat plaintiff's statements." (D.N.J. Dkt. 4 at 3; Doc. 8, Ex. S.) Appellant believes Kavanagh suborned perjury from Zicarelli on whether the flags exist, just as she and Veech now file a false "correction" of Ms. Sattely's title. Appellant respectfully asks the Court to weigh these notices together with that history in assessing the credibility of everything Valley's counsel has represented to this Court, including in Valley's Opposition (Doc. 15).

**7. The misrepresentation is spreading to other defense counsel.** Counsel for co-defendants PRISM Vision Group and Dr. Elena Ng, Eric S. Latzer, Esq. of Cole Schotz P.C., who "join in and adopt" Valley's opposition (D.N.J. Dkt. 111), repeated the identical swap on November 23, 2026: "The Valley Defendants are Defendants The Valley Hospital, Valley Health System, Valley Medical Group, Telisha Calasse, RN, Julie Zavadenko, RN, Gizem Akkus, RN, Elizabeth Sattely, APN, and Carl Winkler, MD." (D.N.J. Dkt. 117 at 1 n.1.) The notices do not address it. Counsel for Hospital for Special Surgery, Charles C. Koernig, Esq. (D.N.J. Dkt. 113); counsel for Dr. Juxhesta Cakrani, Ryan T. Gannon, Esq. (D.N.J. Dkt. 114); and counsel for Drs. Kyra Bernstein and Harry Owusu-Dapaah, Samuel A. Youssof, Esq. (D.N.J. Dkt. 118), each joined Valley's opposition (D.N.J. Dkt. 111) — the very filing that calls Ms. Sattely an "APN" — without qualification. Each of those joinders is text-searchable. Every one of these false filings is published on the public

dockets of both this Court and the District Court, and is republished through PACER and commercial docket services such as CourtListener and PacerMonitor, where it is read, copied, and relied upon. Unless each false filing, by Valley's counsel and by every counsel who has repeated it, is withdrawn or corrected with Ms. Sattely's correct name and title in text-searchable form, the misrepresentation will continue to be repeated by other counsel and perpetuated throughout the courts and the public record.

**8. Rule 11.** On November 20, 2026, Appellant served Kavanagh and Veech, by email and certified mail, with a motion for sanctions under Fed. R. Civ. P. 11 concerning the false "APN" title. The notices were filed five days later. For the reasons above, they are not an appropriate correction under Rule 11(c)(2). Appellant is objecting to Dkt. 121 in the District Court, and if counsel do not withdraw or appropriately correct each challenged filing by December 11, 2026, when the 21-day period ends, she will file the Rule 11 motion in the District Court.

WHEREFORE, Appellant respectfully requests that the Court grant leave to supplement; consider Exhibit AJ and Doc. 30 in deciding her Emergency Motion (Doc. 8) and her Motions for Leave to Supplement (Docs. 28, 29); decline to treat Doc. 30 as a correction of Doc. 22 or any other filing; and grant such other relief as the Court deems just, including directing counsel to withdraw or correct, in text-searchable form, every filing that misstates Ms. Sattely's title.

Dated: November 25, 2026

Respectfully submitted,

/s/ Ki Sau Chan
Ki Sau Chan
Appellant, pro se
403 McGuigan Place, Harrison, NJ 07029
ki.chan@alumni.stanford.edu

## CERTIFICATE OF COMPLIANCE

This motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1640 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Ki Sau Chan

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I filed this motion and Exhibit AJ with the Clerk of the Court through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Ki Sau Chan

This filing totals 11 pages: Motion (8 pages) and Exhibit AJ (3 pages).

# EXHIBIT AJ

D.N.J. Dkt. 121, Valley counsel Eileen M. Kavanagh, Esq.’s “Notice of Correction of a Professional Designation,” November 25, 2026 (2 pages), reproduced exactly as docketed: an image-only scan with no text-searchable layer.

**FARKAS & DONOHUE, LLC**
Eileen M. Kavanagh, Esq. – 031901994
25A Hanover Road, Suite 320
Florham Park, New Jersey 07932
(973) 443-9400
(973) 443-4330 Fax
Our File No.: VH 349
Email: efarkas@farkasanddonohue.com
Attorneys for defendants Valley Health System, The Valley Hospital, Valley Medical Group. Telisha Calasse, RN, Elizabeth Sattely, RN, Julie Zavadenko, APN, Gizem Akkus, RN, and Carl Winkler, MD

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KI SAU CHAN,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM, INC. VALLEY HOSPITAL; VALLEY MEDICAL GROUP; HOSPITAL FOR SPECIAL SURGERY; PRISM VISION GROUP; DR. ANDREW ELLIOTT, M.D.; DR. KYRA BERNSTEIN, M.D.; DR. HARRY OWUSU-DAPAAH, M.D.; DR. CARL WINKLER, M.D.; DR. JUXHESTA CAKRANI, M.D.; DR. ELENA NG, M.D.; JULIE ZAVADENKO, APN; ELIZABETH SATTELY, RN; GIZEM AKKUS, RN; TELISHA CALASSE, RN; and JOHN/JANE DOES 1–50.,<br><br>Defendants. | Civil Action<br>Case No.: 2:26-cv-03358-MCA-AME<br><br>**NOTICE OF CORRECTION OF A PROFESSIONAL DESIGNATION** |

-

Defendants respectfully submit this notice to correct an inadvertent statement concerning the professional designation of Elizabeth Sattley. In certain previously filed submissions and motion papers, Elizabeth Sattley was inadvertently identified as an Advanced Practice Nurse.

The correct professional designation is Registered Nurse. This was merely a typographical error where the professional designation of Elizabeth Sattley RN, was exchanged with the professional designation of our other client, Julie Zavadenko, APN. In those submissions, Elizabeth Sattely was identified as an APN and Julie Zavadenko was identified as an RN, purely a typographical error.

Defendants respectfully request that the Court treat this notice as a correction applicable to all prior references to Elizabeth Sattley as an APN in defendants' previously filed submissions. All such references should be understood to refer to her correct designation as a Registered Nurse.

**FARKAS & DONOHUE, LLC**

By: *Eileen M. Kavanagh*
Eileen M. Kavanagh, Esq.
Attorneys for Valley Health System, The Valley Hospital, Valley Medical Group. Telisha Calasse, RN, Elizabeth Sattely, RN, Julie Zavadenko, APN, Gizem Akkus, RN, and Carl Winkler, MD